1  David M. Arbogast (SBN 167571)
   David@SpiroMoss.com
2  Ira Spiro (SBN 67641)
   Ira@SpiroMoss.com
3  SPIRO MOSS BARNESS LLP
   11377 W. Olympic Boulevard, Fifth Floor
4  Los Angeles, CA 90064-1683
   Phone: (310) 235-2468; Fax: (310) 235-2456
5  *Attorneys for Plaintiffs*

6  Jack R. Nelson (SBN 111863)
   jnelson@reedsmith.com
7  Keith Yandell (SBN 233146)
   KYandell@ReedSmith.com
8  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
9  San Francisco, CA 94120-7936
   Phone:  (415) 543-8700; Fax: (415) 391-8269
10 *Attorneys for Defendants*

11 [*additional counsel listed on signature pages*]

12                 UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| 14  DOLORES MANDRIGUES,, on behalf of herself and others similarly situated, | Case No.:  CV 07-3454 AHS (FMOx) |
| 15 | CLASS ACTION |
| 16        Plaintiff, | |
| 17   vs. | **JOINT RULE 26(f) REPORT** |
| 18  WORLD SAVINGS, INC., WORLD SAVINGS BANK, FSB, WACHOVIA | Action Filed: August 30, 2007 |
| 19  MORTGAGE CORPORATION, and DOES 1 through 10 inclusive.; | |
| 20        Defendants. | |

24     Following a conference of counsel on November 21, 2007, Plaintiffs Dolores Mandrigues ("Plaintiff") and defendants World Savings, Inc., World Savings Bank, FSB, and Wachovia Mortgage Corporation (collectively, "Defendants" or "World") submit this written report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

**INTRODUCTORY STATEMENT**

This is a putative statewide class action. Plaintiffs filed their First Amended Complaint ("FAC") on October 11, 2007. The FAC asserts six causes of action and seeks a variety of legal remedies. There are two contract causes of action: breach of contract (Count 4) and breach of the implied covenant (Count 5). The Unfair Competition Law, Business and Professions Code § 17200 *et seq.*, is the basis for three causes of action (Counts 2, 3 and 6). The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, is the basis for an additional cause of action (Count 1). And, the final cause of action is for declaratory judgment (Count 7).

On November 6, 2007, Defendants filed a Motion to Dismiss directed to all causes of action in the FAC. Defendants believe that the Motion to Dismiss demonstrates that the bulk of Plaintiffs' claims fail as a matter of law, and thus must be dismissed. Plaintiffs, on the other hand, believe that this Motion will not result in the dismissal of their claims, but will be denied by the Court.

The Motion to Dismiss is currently scheduled for hearing on January 4, 2008 at 9:00 a.m.

**I.  FACTUAL SUMMARY OR ANALYSIS OF THE CASE**

   **A.     PLAINTIFF'S STATEMENT.**

Plaintiffs, individually and on behalf of class members, allege Defendants failed to make adequate disclosures in violation of TILA in connection with the Option ARM home loan Defendants sold to Plaintiffs and other California consumers. Plaintiffs allege that these Option ARM loans and the documents Defendants used to sell them violate TILA. Plaintiffs contend that TILA requires all lenders, including Defendants, to make certain disclosures to borrowers concerning the terms and conditions of their home loans in a clear and conspicuous manner. Plaintiffs allege that Defendants failed to clearly and conspicuously disclose, in their loan documents and in the federally required TILA disclosure statements: (i) the actual interest rate Defendants charged Plaintiffs and consumers on their loans; (ii) the payments on the notes at the initial low interest rate absolutely would result in negative amortization and that the principal balance absolutely would increase as a result; and (iii) that the initial interest rate provided was discounted and does not reflect the actual interest that Plaintiff, and others, were paying on the

1  loans. Plaintiffs seek the right of rescission, individually and on behalf of the Class, under TILA,
2  as well as damages.

3  Plaintiffs further allege that Defendants violated California's UCL. Plaintiffs have
4  alleged three separate causes of action for violations of the UCL (Cal. Bus. & Prof. Code
5  §17200, *et seq.*) One UCL cause of action is premised on the "unlawful" prong of the UCL and
6  is predicated solely on Defendants' failure to comply with TILA. Another UCL cause of action
7  is premised on the "unfair" and "fraudulent" prongs of Plaintiffs' UCL; it is based on allegations
8  that Defendants sold deceptive financial products to consumers. The final UCL cause of action
9  is based on contract law principles. Plaintiffs allege that the loan agreements, which are the
10 subject of this action, are unconscionable and are therefore in violation of Financial Code §
11 22302 and the UCL. Plaintiffs seek restitution and equitable relief on these claims.

12 Lastly, Plaintiffs allege that the Defendants breached the express terms of the written
13 contract entered by and between Plaintiffs and Defendants by failing to apply any portion of
14 Plaintiffs' loan payments, which were based on the initial low interest rate, to reduce the
15 principal balance on the loan. Defendants also failed to provide the low interest rate to
16 Plaintiffs' loan in the manner agreed by the Parties. Plaintiffs seek damages and/or other
17 equitable relief on these causes of action.

18 **B.    DEFENDANTS' STATEMENT.**

19 Plaintiff Dolores Mandrigues ("Plaintiff"), on behalf of herself and putative class
20 members, has sued her lender, World Savings Bank FSB, erroneously sued as "World Savings,
21 Inc." ("World"), and a separate entity with which Plaintiff has no relationship whatsoever,
22 Wachovia Mortgage Corporation ("WMC"). As the loan documents that Plaintiff attached to her
23 complaint establish, Plaintiff took out an adjustable rate mortgage loan from World that is
24 referred to as a "Pick-A-Payment" loan because it allowed her to self-select an initial payment
25 amount to suit her financial needs. Plaintiff now alleges, however, that World represented to her,
26 and then contracted with her, that she would receive a loan with an interest rate "fixed" at less
27 than 3%, but supposedly then switching her to a higher rate that caused her self-selected initial
28

- 3 -

JOINT RULE 26(f) REPORT
CASE NO.: CV 07-3454 AHS (FMOx)

payment level to be insufficient to fully amortize her loan. But the World loan documents that Plaintiff attached to her complaint do not support these allegations.

Plaintiff's First Amended Complaint ("FAC") alleges: (1) that World's Truth In Lending Act ("TILA") disclosures were inadequate; (2) that these alleged TILA violations give rise to claims under California's Unfair Competition Law; and 3) that World breached Plaintiff's promissory note ("Note") by not applying Plaintiff's payments under the Note to principal and interest.[1] These claims are both without merit and, in many cases, preempted by federal law.

## II. REPORT ON FED. R. CIV. P. 26(F) ISSUES.

### A. INITIAL DISCLOSURES.

The parties have agreed that initial disclosures will be exchanged pursuant to Fed. R. Civ. P. 26(a)(1) within the time prescribed in the Rule.

### B. DISCOVERY NEEDED.

The parties are in agreement that discovery should proceed forthwith. Plaintiffs will be seeking discovery related to Defendants' conduct in connection with the formulation, development, implementation and marketing of adjustable rate mortgages and home equity loans. World will be seeking discovery related to Plaintiff's financial history and the circumstances surrounding the subject loan(s), Plaintiff's ability to serve as a representative of the putative class alleged and the likely non-existence of a certifiable class. The parties further agree that initial discovery should be directed to class certification issues, but acknowledge the potential for overlap between discovery related to class certification and that related to the merits.

### C. COMPLETION OF INITIAL DISCOVERY AND PROPOSED CLASS CERTIFICATION BRIEFING SCHEDULE.

#### 1. PLAINTIFFS' POSITION REGARDING THE COMPLETION OF INITIAL DISCOVERY.

Plaintiffs' position is that initial discovery should close not earlier than 240 days from January 4, 2008, which is the date currently set for hearing on the Motion to Dismiss and Motion

---

[1] With respect to WMC, Plaintiff alleges essentially nothing.

- 4 -

JOINT RULE 26(f) REPORT
CASE NO.: CV 07-3454 AHS (FMOx)

to Strike.

### 2. DEFENDANTS' POSITION REGARDING THE COMPLETION OF INITIAL DISCOVERY INTO CLASS CERTIFICATION ISSUES.

Defendants agree that class certification discovery should close on approximately September 5, 2008, with merits discovery left open for approximately six (6) months thereafter, or until March 5, 2009.

### 3. CLASS CERTIFICATION BRIEFING SCHEDULE.

Plaintiffs intend to file a motion for class certification. With respect to the briefing of that motion, the parties are in agreement that Plaintiffs shall file their motion, brief in support, class trial plan and all arguments and evidence relied upon by Plaintiffs in support of their request for class certification within 30 days of the close of initial discovery. Within 30 days after Plaintiffs file their motion for class certification and accompanying submissions, Defendants will file their opposition thereto, together with all arguments and evidence relied upon by Defendants in opposition to Plaintiffs' request for class treatment. Within 30 days after Defendants file their opposition to Plaintiffs' motion for class certification, Plaintiffs will file their reply thereto responding to the arguments and evidence advanced by Defendants in their class certification opposition submissions.

Defendants request 45 days from the date Plaintiffs files the motion for class certification to file their opposition.

### D. DISCOVERY OF ELECTRONICALLY STORED INFORMATION.

The parties have agreed that to meet and confer on a protocol that will govern the production of Electronically Stored Information in accordance with the Federal Rules of Civil Procedure. The parties intend to submit such a protocol in the form of a case management order.

### E. PRIVILEGE OR WORK PRODUCT ISSUES.

At present, the parties are not aware of any issues relating to claims of privilege or work product. To the extent such issues arise in the future, the parties will confer to address them and, if necessary, bring them to the attention of the Court.

**F.    LIMITATIONS ON DISCOVERY.**

Plaintiffs request permission to take a maximum of 20 fact witness deposition pursuant to Fed. R. Civ. P. 30(a)(2). Plaintiffs request that the parties be permitted to serve _75_ interrogatories.

Defendants request a maximum of 30 depositions including the depositions of plaintiffs, the mortgage brokers involved with plaintiffs' loans and other potential witnesses. Defendants request that the parties be permitted to serve 50 interrogatories.

**G.    OTHER DISCOVERY DEADLINES**

The parties propose the following pre-trial schedule:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Deadline to Amend Pleadings | May 23, 2008 | May 23, 2008 |
| Motion For Class Certification | August 6, 2008 | August 6, 2008 |
| Non-Expert Discovery Cut-Off Date | March 5, 2008 | March 5, 2009 |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | April 6, 2008 | April 6, 2009 |
| Rebuttal Expert Witness Disclosure | May 21, 2008 | May 21, 2009 |
| Expert Discovery Cut-Off Date | June 22, 2008 | June 22, 2009 |
| Dispositive Motions Due | July 22, 2008 | July 22, 2009 |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties meet and confer following resolution of class certification motion | |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties meet and confer following resolution of class certification motion | |
| Lodging exhibits and other trial materials | Parties meet and confer following resolution of class certification motion | |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties meet and confer following resolution of class certification motion | |
| Serve and file requested *voir dire*, jury instructions and forms of verdict | Parties meet and confer following resolution of class certification motion | |

- 6 -

JOINT RULE 26(f) REPORT
CASE NO.: CV 07-3454 AHS (FMOx)

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties meet and confer following resolution of class certification motion | |
| Last day to meet and confer regarding objections to evidence | Parties meet and confer following resolution of class certification motion | |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties meet and confer following resolution of class certification motion | |
| Trial Date | Parties meet and confer following resolution of class certification motion | |

**H.    OTHER ORDERS.**

At present, the parties do not propose that this Court enter any other orders under Fed. R. Civ. P. 16 or 26(c). The parties expect that a confidentiality order may be appropriate. If the need for a confidentiality order arises, the parties intend to file an appropriate motion seeking its entry.

DATED:  December 5, 2007

Respectfully submitted,

DOLORES MANDRIGUES
By her attorneys,


/s/ Jonathan Shub
SEEGER WEISS LLP
Jonathan Shub (SBN 237708)
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: 215.564.2300
Fascimile: 215.851.8029

KIESEL BOUCHER LARSON LLP
Paul R. Kiesel (SBN 119854)
Patrick De Blasé (SBN 167138)
Michael C. Eyerly (SBN 178693)
8648 Wilshire Blvd.
Beverly Hills, CA  90211
Telephone: 310.854.4444
Facsimile: 310.854.0812

- 7 -

JOINT RULE 26(f) REPORT
CASE NO.: CV 07-3454 AHS (FMOx)

|   |   |
|---|---|
| 1 |   |
| 2 | David M. Arbogast (SBN 167571)<br>David@SpiroMoss.com |
| 3 | Ira Spiro (SBN 67641)<br>Ira@SpiroMoss.com |
|   | SPIRO MOSS BARNESS LLP |
| 4 | 11377 W. Olympic Boulevard, Fifth Floor<br>Los Angeles, CA 90064-1683 |
| 5 | Phone: (310) 235-2468; Fax: (310) 235-2456 |
| 6 |   |
| 7 | LAW OFFICES OF JEFFREY K. BERNS<br>Jeffrey K. Berns (SBN 131351) |
|   | 19510 Ventura Blvd., Suite 200 |
| 8 | Tarzana, CA  91356<br>Telephone: 818.961.2000 |
| 9 | Facsimile: 818.867.4820 |
| 10 | DATED:  December 5, 2007  WORLD SAVINGS, INC., WORLD SAVINGS |
|   | BANK, FSB, WACHOVIA MORTGAGE |
| 11 | CORPORATION. |
| 12 | By their attorneys, |

/s/ Keith Yandell

Jack R. Nelson (SBN 111863)
jnelson@reedsmith.com
Keith Yandell (SBN 233146)
KYandell@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94120-7936
Phone:  (415) 543-8700; Fax: (415) 391-8269
***Attorneys for Defendants***

- 8 -

JOINT RULE 26(f) REPORT
CASE NO.: CV 07-3454 AHS (FMOx)