Jack R. Nelson (SBN 111863)
David S. Reidy (SBN 225904)
Keith D. Yandell (SBN 233146)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendants World Savings Bank,
FSB and Wachovia Mortgage Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLORES MANDRIGUES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD SAVINGS, INC., WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE CORPORATION, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C07 04497<br><br>**DEFENDANTS WORLD SAVINGS BANK FSB'S AND WACHOVIA MORTGAGE CORPORATION'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES, BASED ON NEWLY ISSUED AUTHORITY, IN SUPPORT OF PENDING MOTION TO DISMISS PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT**<br><br>Date:         February 29, 2008<br>Time:        9:00 a.m.<br>Place:       Courtroom 3, 5th Floor<br><br>Compl. Filed:    August 30, 2007<br><br>The Honorable Jeremy Fogel |

Defendant World Savings Bank, FSB ("World") respectfully submits the attached recently published decision as supplemental authority in support of Defendants' Motion to Dismiss. In Silvas v. E*Trade Mortg. Corp., 2008 U.S. App. LEXIS 1944 (9th Cir. January 30, 2008), attached hereto as Exhibit 1, the Ninth Circuit affirmed and clarified the District Court's holding in Silvas v. E*Trade Mortgage Corporation, 421 F. Supp. 2d 1315, 1317 (S.D. Cal. 2006), which is

No. C07 04497                                – 1 –                                DOCSOAK-9897858.1

Defendant World and WMC 's Supplemental Memorandum of Points and Authorities, Based on Newly Issued
Authority, In Support Of Pending Motion To Dismiss Plaintiffs' Corrected Second Amended Complaint

cited in Defendants' moving papers for the proposition that dismissal of claims for relief under California Business and Professions Code § 17500 & 17200 ("UCL"), is appropriate when those state laws, *as applied*, are used in an attempt to regulate the bank's disclosures and advertisements because the Home Owners' Loan Act of 1933, 48 Stat. 129, as amended, 12 U.S.C. Section 1461, *et seq.* ("HOLA") preempts any such application of the UCL.

In Silvas, like the present case, plaintiffs alleged defendants' "practice of misrepresenting consumers' legal rights in advertisement and other documents [was] contrary to the policy of California and thus violate[d] UCL § 17200." Silvas, 2008 U.S. App. LEXIS 1944 at *11. After noting that no presumption against preemption exists in the HOLA context and that the Office of Thrift Supervision Regulation occupies the entire field of lending regulation for federal savings associations, the Court found that HOLA preempted the UCL as plaintiffs sought to apply it. Id. at *11-12. Specifically, **the Court held that plaintiffs' Section 17200 claim "fits within § 560.2(b)(9) because the alleged misrepresentation is contained in advertising and disclosure documents**." Id. at *11 (emph. added). "Therefore, the preemption analysis ends." Id.

Like the plaintiffs in the present case, plaintiffs in Silvas sought to salvage their preempted claims by arguing that HOLA did not preempt the UCL as applied because plaintiffs intended to fit their claims under 12 C.F.R. § 560.2(c)(1) and (4)'s exceptions to preemption. In particular, plaintiffs alleged that their state law claims were grounded in generally applicable California contract, commercial and tort law. Id. at *12. The court rejected this argument, stating that "Appellants' claims are based on types of law listed in paragraph (b) of § 560.2, specifically (b)(9) and (b)(5)." Id. at *12. Thus, the court again stated, no further analysis was necessary; the UCL was preempted.[1]  In short, the Ninth Circuit determined that preemption analysis initially focuses not on whether a state law on its face regulates the lending activities outlined in § 560.2(b), but whether it regulates lending activities *as applied*.

---

[1] The Court went on to note, "If we did reach the issue [of whether plaintiffs' claims more than incidentally affect lending operations under § 560.2(c)'s analysis], we would reach the same result. When federal law preempts a field, it leaves 'no room for the States to supplement it.'" Id. at *12, fn 3, citing Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

In the instant case, Plaintiffs seek to use state statutory and common law claims to state a private right of action for Defendant's allegedly deficient loan disclosures and advertisements. <u>Silvas</u> now definitively holds that, in the Ninth Circuit, HOLA preempts all such state law claims as to a federally chartered bank.

DATED: February 4, 2008

REED SMITH LLP

By ___/s/ Keith D. Yandell___
Keith D. Yandell (SBN 233146)
Attorneys for Defendants World Saving Bank, FSB and Wachovia Mortgage Corporation

No. C07 04497 — 3 — DOCSOAK-9897858.1

Defendant World and WMC 's Supplemental Memorandum of Points and Authorities, Based on Newly Issued Authority, In Support Of Pending Motion To Dismiss Plaintiffs' Corrected Second Amended Complaint