1  David M. Arbogast (SBN 167571)
   David@SpiroMoss.com
2  Ira Spiro (SBN 67641)
   Ira@SpiroMoss.com
3  SPIRO MOSS BARNESS LLP
   11377 W. Olympic Boulevard, Fifth Floor
4  Los Angeles, CA 90064-1683
   Phone: (310) 235-2468; Fax: (310) 235-2456
5  *Attorneys for Plaintiffs*

6  Jack R. Nelson (SBN 111863)
   jnelson@reedsmith.com
7  Keith Yandell (SBN 233146)
   KYandell@ReedSmith.com
8  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
9  San Francisco, CA 94120-7936
   Phone:  (415) 543-8700; Fax: (415) 391-8269
10 *Attorneys for Defendants*

11 [*additional counsel listed on signature pages*]

12              UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

14 | DOLORES MANDRIGUES,, on behalf of | Case No.:  CV 07-04497 - JF |
   | herself and others similarly situated, | |
15 | | CLASS ACTION |
   | | |
16 |              Plaintiff, | |
   | | **SUPPLEMENTAL JOINT RULE 26(f)** |
17 |       vs. | **REPORT** |
   | | |
18 | WORLD SAVINGS, INC., WORLD | |
   | SAVINGS BANK, FSB, WACHOVIA | Action Filed: August 30, 2007 |
19 | MORTGAGE CORPORATION, and DOES 1 | |
   | through 10 inclusive.; | |
20 | | |
   | | |
21 |              Defendants. | |

22

23

24         Following a conference of counsel on November 21, 2007 and again on February 27,

25 2008, Plaintiffs Dolores Mandrigues, Juanita Jones, Al F. Minyen and Wilma R. Mineyn  and

26 Mark and Christina Clauson (collectively, "Plaintiffs") and defendants World Savings, Inc.,

27 World Savings Bank, FSB, and Wachovia Mortgage Corporation (collectively, "Defendants" or

28 "World") submit this written report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

**INTRODUCTORY STATEMENT**

This is a putative statewide class action. Plaintiffs filed their First Amended Complaint on October 11, 2007. In response to World's Motion to Dismiss, Plaintiffs filed their Corrected Second Amended Complaint on December 31, 2007 ("CSAC"). The CASAC asserts five causes of action and seeks a variety of legal remedies. There are two contract causes of action: breach of contract (Count 4) and breach of the implied covenant (Count 5). The Unfair Competition Law, Business and Professions Code § 17200 *et seq*., is the basis for Count 3. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, is the basis for an additional cause of action (Count 1). Plaintiffs also base one of their claims on a common law fraud (Count 2).

On January 22, 2008, Defendants filed a Motion to Dismiss directed to all causes of action in the CSAC. Defendants believe that the Motion to Dismiss demonstrates that the bulk of Plaintiffs' claims fail as a matter of law, and thus must be dismissed. Plaintiffs, on the other hand, believe that this Motion will not result in the dismissal of their claims, but will be denied by the Court.

The Motion to Dismiss is currently scheduled for hearing on February 29, 2008 at 9:00 a.m.

I.   **FACTUAL SUMMARY OR ANALYSIS OF THE CASE**

A.   **PLAINTIFF'S STATEMENT.**

Plaintiffs, individually and on behalf of class members, allege Defendants failed to make adequate disclosures in violation of TILA in connection with the Option ARM home loan Defendants sold to Plaintiffs and other California consumers. Plaintiffs allege that these Option ARM loans and the documents Defendants used to sell them violate TILA. Plaintiffs contend that TILA requires all lenders, including Defendants, to make certain disclosures to borrowers concerning the terms and conditions of their home loans in a clear and conspicuous manner. Plaintiffs allege that Defendants failed to clearly and conspicuously disclose, in their loan documents and in the federally required TILA disclosure statements: (i) the actual interest rate Defendants charged Plaintiffs and consumers on their loans; (ii) the payments on the notes at the initial low interest rate absolutely would result in negative amortization and that the principal

- 2 -

1  balance absolutely would increase as a result; and (iii) that the initial interest rate provided was

2  discounted and does not reflect the actual interest that Plaintiff, and others, were paying on the

3  loans.  Plaintiffs seek the right of rescission, individually and on behalf of the Class, under TILA,

4  as well as damages.

5       Plaintiffs further allege that Defendants violated "unfair" and "fraudulent" prongs of the

6  UCL which is based upon the generally applicable duty of any contracting party to disclose

7  important material facts, and on the duty to refrain from unfair and deceptive business practices.

8       Lastly, Plaintiffs allege that the Defendants breached the express terms of the written

9  contract entered by and between Plaintiffs and Defendants by failing to apply any portion of

10 Plaintiffs' loan payments, which were based on the initial low interest rate, to reduce the

11 principal balance on the loan.  Defendants also failed to provide the low interest rate to

12 Plaintiffs' loan in the manner agreed by the Parties.  Plaintiffs seek damages and/or other

13 equitable relief on these causes of action.

14      **B.    DEFENDANTS' STATEMENT.**

15      Plaintiffs, on behalf of themselves and putative class members, have sued their

16 lender, World Savings Bank FSB, erroneously sued as "World Savings, Inc." ("World"), and a

17 separate entity with which Plaintiff has no relationship whatsoever, Wachovia Mortgage

18 Corporation ("WMC").  As the loan documents that Plaintiff attached to their CSAC establish,

19 Plaintiffs took out an adjustable rate mortgage loan from World that is referred to as a "Pick-A-

20 Payment" loan because it allowed them to self-select an initial payment amount to suit their

21 financial needs.  Plaintiffs now contend, however, that World's disclosures based on Plaintiffs'

22 initially selected payment amount violated federal and state law.

23      Plaintiff's First Amended Complaint ("FAC") alleges: (1) that World's Truth In

24 Lending Act ("TILA") disclosures were inadequate; (2) that these alleged TILA violations give

25 rise to claims under California's Unfair Competition Law; and 3) that World breached Plaintiff's

26 promissory note ("Note") by not applying Plaintiff's payments under the Note to principal and

27 interest.[1]  These claims are both without merit and, in many cases, preempted by federal law.

28

---

[1] With respect to WMC, Plaintiff alleges essentially nothing.

JOINT RULE 26(f) REPORT
CASE NO.: CV 07-04497-JF

II.    **REPORT ON FED. R. CIV. P. 26(F) ISSUES.**

A.    **INITIAL DISCLOSURES.**

The parties have agreed that initial disclosures will be exchanged pursuant to Fed. R. Civ. P. 26(a)(1) within the time prescribed in the Rule.

B.    **DISCOVERY NEEDED**.

The parties are in agreement that discovery should proceed forthwith. Plaintiffs will be seeking discovery related to Defendants' conduct in connection with the formulation, development, implementation and marketing of adjustable rate mortgages and home equity loans. World will be seeking discovery related to Plaintiff's financial history and the circumstances surrounding the subject loan(s), Plaintiff's ability to serve as a representative of the putative class alleged and the likely non-existence of a certifiable class. The parties further agree that initial discovery should be directed to class certification issues, but acknowledge the potential for overlap between discovery related to class certification and that related to the merits.

C.    **COMPLETION OF INITIAL DISCOVERY AND PROPOSED CLASS CERTIFICATION BRIEFING SCHEDULE**.

1.    **PLAINTIFFS' POSITION REGARDING THE COMPLETION OF INITIAL DISCOVERY.**

Plaintiffs' position is that initial discovery should close not earlier than 240 days from February 29, 2008, which is the date currently set for hearing on the Motion to Dismiss and Motion to Strike.

2.    **DEFENDANTS' POSITION REGARDING THE COMPLETION OF INITIAL DISCOVERY INTO CLASS CERTIFICATION ISSUES.**

Defendants agree that class certification discovery should close on approximately November 2, 2008, with merits discovery left open for approximately six (6) months thereafter, or until May 1, 2009.

3.    **CLASS CERTIFICATION BRIEFING SCHEDULE.**

Plaintiffs intend to file a motion for class certification. With respect to the briefing of that motion, the parties are in agreement that Plaintiffs shall file their motion, brief in support,

- 4 -

class trial plan and all arguments and evidence relied upon by Plaintiffs in support of their request for class certification within 30 days of the close of initial discovery. Within 30 days after Plaintiffs file their motion for class certification and accompanying submissions, Defendants will file their opposition thereto, together with all arguments and evidence relied upon by Defendants in opposition to Plaintiffs' request for class treatment. Within 30 days after Defendants file their opposition to Plaintiffs' motion for class certification, Plaintiffs will file their reply thereto responding to the arguments and evidence advanced by Defendants in their class certification opposition submissions.

Defendants request 45 days from the date Plaintiffs files the motion for class certification to file their opposition.

### D.   DISCOVERY OF ELECTRONICALLY STORED INFORMATION.

The parties have agreed that to meet and confer on a protocol that will govern the production of Electronically Stored Information in accordance with the Federal Rules of Civil Procedure. The parties intend to submit such a protocol in the form of a case management order.

### E.   PRIVILEGE OR WORK PRODUCT ISSUES.

At present, the parties are not aware of any issues relating to claims of privilege or work product. To the extent such issues arise in the future, the parties will confer to address them and, if necessary, bring them to the attention of the Court.

### F.   LIMITATIONS ON DISCOVERY.

Plaintiffs request permission to take a maximum of 20 fact witness deposition pursuant to Fed. R. Civ. P. 30(a)(2). Plaintiffs request that the parties be permitted to serve _75_ interrogatories.

Defendants request a maximum of 30 depositions including the depositions of plaintiffs, the mortgage brokers involved with plaintiffs' loans and other potential witnesses. Defendants request that the parties be permitted to serve 50 interrogatories.

G.     **OTHER DISCOVERY DEADLINES**

The parties propose the following pre-trial schedule:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Deadline to Amend Pleadings | July 23, 2008 | July 23, 2008 |
| Motion For Class Certification | December 6, 2008 | December 6, 2008 |
| Non-Expert Discovery Cut-Off Date | May 1, 2009 | May 1, 2009 |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | June 5, 2009 | June 5, 2009 |
| Rebuttal Expert Witness Disclosure | July 20, 2009 | July 20, 2009 |
| Expert Discovery Cut-Off Date | August 21, 2009 | August 21, 2009 |
| Dispositive Motions Due | September 21, 2009 | September 21, 2009 |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties meet and confer following resolution of class certification motion | |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties meet and confer following resolution of class certification motion | |
| Lodging exhibits and other trial materials | Parties meet and confer following resolution of class certification motion | |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties meet and confer following resolution of class certification motion | |
| Serve and file requested *voir dire*, jury instructions and forms of verdict | Parties meet and confer following resolution of class certification motion | |
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties meet and confer following resolution of class certification motion | |
| Last day to meet and confer regarding objections to evidence | Parties meet and confer following resolution of class certification motion | |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties meet and confer following resolution of class certification motion | |
| Trial Date | Parties meet and confer following resolution of class certification motion | |

1

**H.    OTHER ORDERS.**

2       At present, the parties do not propose that this Court enter any other orders under Fed. R.

3  Civ. P. 16 or 26(c).  The parties expect that a confidentiality order may be appropriate.  If the

4  need for a confidentiality order arises, the parties intend to file an appropriate motion seeking its

5  entry.

6

7  DATED:  February 27, 2008          Respectfully submitted,

8                                     DOLORES MANDRIGUES
                                      By her attorneys,

9

10                                    */s/ David M. Arbogast*
                                      SPIRO MOSS BARNESS LLP
11                                    11377 W. Olympic Boulevard, Fifth Floor
                                      Los Angeles, CA 90064-1683
12                                    Phone: (310) 235-2468; Fax: (310) 235-2456

13                                    SEEGER WEISS LLP
                                      Jonathan Shub (SBN 237708)
14                                    1515 Market Street, Suite 1380
                                      Philadelphia, PA 19102
15                                    Telephone: 215.564.2300
                                      Fascimile: 215.851.8029
16
                                      KIESEL BOUCHER LARSON LLP
17                                    Paul R. Kiesel (SBN 119854)
                                      Patrick De Blasé(SBN 167138)
18                                    Michael C. Eyerly (SBN 178693)
                                      8648 Wilshire Blvd.
19                                    Beverly Hills, CA  90211
                                      Telephone: 310.854.4444
20                                    Facsimile: 310.854.0812

21
                                      LAW OFFICES OF JEFFREY K. BERNS
22                                    Jeffrey K. Berns (SBN 131351)
                                      19510 Ventura Blvd., Suite 200
23                                    Tarzana, CA  91356
                                      Telephone: 818.961.2000
24                                    Facsimile: 818.867.4820

25 DATED:  February 27, 2008          WORLD SAVINGS, INC., WORLD SAVINGS
                                      BANK, FSB, WACHOVIA MORTGAGE
26                                    CORPORATION**.**

27                                    By their attorneys,

28

- 7 -

JOINT RULE 26(f) REPORT
CASE NO.: CV 07-04497-JF

1

2

3          /s/ Keith Yandell
           Jack R. Nelson (SBN 111863)
4          jnelson@reedsmith.com
           Keith Yandell (SBN 233146)
5          KYandell@ReedSmith.com
           REED SMITH LLP
6          Two Embarcadero Center, Suite 2000
           San Francisco, CA 94120-7936
7          Phone:  (415) 543-8700; Fax: (415) 391-8269
           ***Attorneys for Defendants***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(f) REPORT
CASE NO.: CV 07-04497-JF