**E-Filed 04/09/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DOLORES MANDRIGUES, JUANITA JONES,
AL F. MINYEN and WILMA R. MINYEN,
MARK CLAUSON and CHRISTINA CLAUSON,
individually and on behalf of all others similarly
situated,

               Plaintiffs,

      v.

WORLD SAVINGS, INC., WORLD SAVINGS
BANK FSB, WACHOVIA MORTGAGE
CORPORATION, and DOES 1 through 10,
inclusive,

               Defendants.

Case Number C 07-04497 JF

ORDER[1] DENYING MOTION TO
DISMISS

[re: docket no. 25]

Defendants World Savings, Inc., World Savings Bank FSB, Wachovia Mortgage

Corporation, and DOES 1-10 (collectively "Defendants"), move to dismiss Plaintiffs' Second

Amended Complaint ("SAC").  For reasons set forth below, the motion will be denied.

**I.  BACKGROUND**

The instant action arises out of residential mortgage loan transactions between

---

[1] This disposition is not designated for publication and may not be cited.

1    Defendants and Plaintiffs Dolores Mandrigues, Juanita Jones, Al F. Minyen, Wilma R. Minyen,

2    Mark Clauson and Christina Clauson  ("Plaintiffs").  Plaintiffs allege that Defendants failed to

3    disclose important material information in a clear and conspicuous manner, in writing, as

4    required by law.

5            Plaintiffs allege the following in the SAC.  Plaintiffs are consumers who applied for a

6    primary residence mortgage loan through Defendants.  The loan documents promised a low,

7    fixed interest rate, and Plaintiffs relied upon that promise.  Defendants' loan documents also

8    promised that Plaintiffs' monthly payments would be applied to "principal and interest."

9    Defendants never applied Plaintiffs' payments to principal.  Defendants further informed

10   Plaintiffs that if Plaintiffs made payments based on the promised low interest rate, no negative

11   amortization would occur.  However, Plaintiffs in fact were subject to negative amortization.

12   Finally, Plaintiffs could not escape from the loans because of harsh exit penalties.  Plaintiffs

13   assert claims pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C.A. § 1601, *et. seq.*,

14   California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et. seq.*, and other

15   statutory and common law in effect.

16                                    **II.  LEGAL STANDARD**

17           For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

18   Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

19   *McKeithen*, 395 U.S. 411, 421 (1969).  On a motion to dismiss, the Court's review is limited to

20   the face of the complaint and matters judicially noticeable.  *North Star International v. Arizona*

21   *Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v.*

22   *Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D.

23   Cal. 1995).

24                                       **III.  DISCUSSION**

25   **1.  TILA Claims**

26           Plaintiffs allege that Defendants failed to comply with the requirements of 12 C.F.R. §

27   226.17 and 12 C.F.R. § 226.19(b)(2)(vii) by not disclosing clearly and conspicuously the interest

28   rate upon which the payments listed in their truth-in-lending disclosure statement ('TILDS") are

                                                    2

1   based.  12 C.F.R. § 226.17 provides that "the creditor shall make the disclosures required by this

2   subpart clearly and conspicuously in writing, in a form that the consumer may keep."  In

3   addition, in a variable rate transaction (adjustable rate mortgage) the lender must disclose "any

4   rules relating to changes in the index, interest rate, payment amount, and outstanding loan

5   balance including, for example, an explanation of interest rate or payment limitations, negative

6   amortization, and interest rate carryover."  12 C.F.R. § 226.19(b)(2)(vii).  "For the program that

7   gives the borrower an option to cap monthly payments the creditor must fully disclose the rules

8   relating to the payment cap option, including the effects of exercising it (such as negative

9   amortization occurs and that the principal balance will increase). . ."  Federal Reserve Board

10  Official Staff Commentary to 12 C.F.R. § 226.19(b), April 3, 1995, ¶ 10, 21.

11          Plaintiffs allege that the payment amounts listed in the TILDS at issue here were not

12  based upon the disclosed interest rate but rather upon an undisclosed, lower rate of interest.   For

13  example, Plaintiffs contend that on one of the subject TILDS, the interest rate listed is 6.853%

14  and the monthly payment for the first year of the loan is set at $628.36, resulting in an

15  undisclosed true rate of approximately 2%.  Plaintiffs further allege that the promissory notes

16  issued in connection with the subject loans state that negative amortization is a mere possibility:

17  "From time to time my monthly payments may be insufficient to pay the total amount of the

18  monthly interest that is due.  If this occurs, the amount of interest that is not paid each month,

19  called deferred interest, will be added to my principal and will incur interest at the same rate as

20  the principal."  SAC ¶ 84.  Plaintiffs allege that this statement is false and misleading because in

21  reality the loans were designed to *guarantee* that negative amortization would occur.  SAC ¶ 85.

22  Plaintiffs also allege that Defendants failed to disclose the effect that the payment cap would

23  have on the loan.

24          Defendants argue that because the TILDS identify the creditor, the amount financed and

25  the APR, they meet the disclosure requirements of TILA.  Plaintiffs respond that under the terms

26  of the promissory notes, when the increase in the interest rate exceeded the increase in the

27  payment amounts that were kept at or below the payment cap, the deficiency allegedly resulted in

28  further negative amortization being added to the principal.  Plaintiffs claim that Defendants

3

1 completely failed to disclose the *effect* that the payment cap would have on the loans. The Court

2 concludes that at least at the pleading stage, Plaintiffs adequately have alleged a claim under 12

3 C.F.R. § 226.17 and 12 C.F.R. § 226.19.

4 **2. State Law Claims**

5      Plaintiffs also claim that Defendants violated California Business and Professional Code

6 § 17200 ("UCL") and other California statutory and case law. Defendants argue that these state

7 law claims are preempted pursuant to the Home Owners Loan Act (HOLA). 12 U.S.C. § 1461, *et*

8 *seq*. Under 12 C.F.R. § 560.2, the Office of Thrift Supervision ("OTS") expressly provides for

9 federal preemption of state law which regulates federal savings associations:

10      [The] OTS is authorized to promulgate regulations that preempt state laws
affecting the operations of federal savings associations when deemed appropriate
11      to facilitate the safe and sound operation of federal savings associations, to enable
federal savings associations to conduct their operations in accordance with the
12      best practices of thrift institutions in the United States, or to further other purposes
of the HOLA.

13 Defendant claims that 12 C.F.R. § 560.2(b)(9) preempts state laws that attempt to

14 regulate:

15      Disclosures and advertising, including laws requiring specific statements,
16      information or other content be included in credit application forms, credit
solicitations, billing statements, credit contracts, or other credit-related documents
17      and laws requiring creditors to supply copies of credit reports to borrowers or
applicant.

18 However, § 560.2(c) also describes state laws that are not preempted by HOLA. 12

19 C.F.R. § 560.2(c). These include contract and commercial and tort law "to the extent that they

20 only incidentally affect the lending operations of Federal savings associations." *Id.* Here,

21 Plaintiffs allege claims based upon the "generally applicable duty to refrain from unfair and

22 deceptive business practices." SAC, ¶ 108 (p. 27). As set forth above, the interpretation of §

23 560.2 by the OTS recognizes that HOLA preserves the rights of states to regulate, for the

24 protection of consumers and others, the regular contract and commercial practices of lenders.

25 *See* OTS Opinion Ltr., December 24, 1996 (Arbogast Decl. Ex. 5).

26      In *Silvas v. E*Trade Mortg. Corp.*, 2008 U.S. App. LEXIS 1944 (9th Cir. January 30,

27 2008), the Ninth Circuit held that HOLA preempted claims for relief under the UCL where the

28

4

plaintiffs sought to employ the UCL to challenge the adequacy of a federal savings bank's loan

disclosures. However, *Silvas* also recognizes that HOLA does not preempt UCL claims in which

the "predicated acts were violations of the general legal duties with which every business must

comply." *Silvas*, 421 F.Supp.2d at 1320, citing *Gibson v. World Sav. & Loan Ass'n*, 103 Cal.

App. 4th 1291 (2002).  Only claims that are specific to a defendant's lending activities, as

distinguished from legal duties applicable to all businesses, are preempted under HOLA.

Accordingly, at least for pleading purposes, Plaintiffs' state law claims are not subject to HOLA

preemption.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is

DENIED.  Defendants shall file an answer within thirty (30) days of the date of this order.


DATED: April 9, 2008

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-04497
ORDER DENYING MOTION TO DISMISS
(JFEX3)

1    This Order has been served upon the following persons:

2    David M. Arbogast
     david@spiromoss.com
3
     Ira Spiro
4    Ira@SpiroMoss.com

5    Jeffrey K. Berns
     jberns@jeffbernslaw.com
6
     Jonathan Shub
7    jshub@seegerweiss.com

8    Michael C. Eyerly
     eyerly@kbla.com
9
     Patrick DeBlase
10   deblase@kbla.com

11   Paul R. Kiesel
     Kiesel@kbla.com
12
     James Mark Moore
13   mark@spiromoss.com

14   Jack R. Nelson
     jnelson@reedsmith.com
15
     Keith David Yandell
16   kyandell@reedsmith.com

17

18

19

20

21

22

23

24

25

26

27

28

                                    6