1  David M. Arbogast - State Bar No. 167571
   darbogast@law111.com
2  Jeffrey K. Berns - State Bar No. 131351
   jberns@law111.com
3  **ARBOGAST & BERNS LLP**
   19510 Ventura Boulevard, Suite 200
4  Tarzana, California 91356
   Phone: (818) 961-2000; Fax: (310) 861-1775
5
   Paul R. Kiesel, Esq. (SBN 119854)
6  kiesel@kbla.com
   Patrick DeBlase, Esq. (SBN 167138)
7  deblase@kbla.com
   Michael C. Eyerly, Esq. (SBN 178693)
8  eyerly@kbla.com
   **KIESEL BOUCHER LARSON LLP**
9  8648 Wilshire Boulevard
   Beverly Hills, California 90211
10 Phone:  (310) 854-4444; Fax:  (310) 854-0812

11 [*Additional counsel listed on signature page*]
   Attorneys for Plaintiffs and all others Similarly
12

13
                    **UNITED STATES DISTRICT COURT**
14
          **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**
15

16 DOLORES MANDRIGUES, JUANITA          )   **CASE NO. C-07-04497 - JF**
   JONES, AL F. MINYEN and WILMA R.     )
17 MINYEN, MARK CLAUSON and             )   [*Assigned to the Hon. Jeremy Fogel*]
   CHRISTINA CLAUSON, individually and on )
18 behalf of all others similarly situated, )  CLASS ACTION
                                          )
19              Plaintiffs,               )
                                          )
20                                        )   **PLAINTIFF'S MEMORANDUM OF POINTS**
                                          )   **AND AUTHORITIES IN SUPPORT OF**
21        v.                              )   **MOTION TO COMPEL NAMES,**
                                          )   **ADDRESSES AND TELEPHONE NUMBERS**
                                          )   **OF THE PUTATIVE CLASS MEMBERS**
22 WORLD SAVINGS, INC., WORLD SAVINGS )
   BANK, FSB, WACHOVIA MORTGAGE        )
23 CORPORATION, and DOES 1 through 10   )   Hearing Date: June 13, 2008
   inclusive,                            )   Time:        9:00 a.m.
24                                       )   Place:       Courtroom 3
                Defendants.              )   Judge:       Hon. Jeremy Fogel
25                                       )
                                         )
26 ─────────────────────────────────────)

27                                           Complaint Filed: August 29, 2007
                                             Trial Date: Not set yet.
28

─────────────────────────────────────────────────────────────────────────

1

## TABLE OF CONTENTS

2

**Page**

3  I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  II.   STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5  III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6        A.    The Legal Standards  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7        B.    The Discovery Request and Response at Issue  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8              Interrogatory No. 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9              World's Inadequate and *Unverified* Response to Interrogatory No. 5  . . . . . . . . . . . . . . 4

10       C.    Discussion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11             1.    Plaintiffs Are Entitled to Pre-certification Discovery of the Identity of Putative
                     Class Members and Other Witnesses in Order to Establish the Basis for Class
12                   Certification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

13             2.    Denial of Equal Access Conflicts with Pioneer, Valley Bank and its Progeny . . . 8

14             3.    Given the Nature of the Consumer Information Sought, the Expectation and
                     Invasion of Privacy Is Minimal, At Best . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
15

16             4.    Percipient Witness Information Must Be Disclosed  . . . . . . . . . . . . . . . . . . . . . . 10

17  IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18

19

20

21

22

23

24

25

26

27

28

2

Plts. Mem. P&A's I.S.O. Motion to Compel - C-07-04497 - JF

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

<u>**CASES**</u>

4

<u>Am. Acad. of Pediatrics v. Lungren,</u>
   (1977) 16 Cal.4th 307 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5

6

<u>Atari, Inc. v. Superior Court,</u>
   (1985) 166 Cal. App. 3d 867 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

7

<u>Bartold v. Glendale Federal Bank,</u>
   (2000) 81 Cal.App.4th 816 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

8

9

<u>Binder v. Gillespie,</u>
   (9th Cir.1999) 184 F.3d 1059 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

10

<u>Britt v. Superior Court,</u>
   (1978) 20 Cal.3d 844 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

11

12

<u>Budget Finance Plan v. Superior Court,</u>
   (1973) 34 Cal.App.3d 794 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

13

<u>City of Long Beach v. Superior Court,</u>
   (1976) 64 Cal.App.3d 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

14

15

<u>Coles v. Marsh,</u>
   (3rd Cir. 1977) 560 F.2d 186 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16

<u>Deyo v. Kilbourne,</u>
   (1978) 84 Cal.App.3d 771 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17

18

<u>Gonzalez v. Superior Court,</u>
   (1995) 33 Cal.App.4th. 1539 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19

<u>Gulf Oil Co. v. Bernard,</u>
   (1981) 452 U.S. 89 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20

21

<u>Hill v. National Collegiate Athletic Ass'n,</u>
   (1994) 7 Cal.4th 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

22

<u>Pioneer Electronics (USA), Inc. v. Superior Court,</u>
   (2007) 40 Cal.4th 360 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

23

<u>Parris v. Superior Court,</u>
   (2003) 109 Cal.App.4th 285 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

24

25

<u>Planned Parenthood Golden Gate v. Superior Court,</u>
   (2000) 83 Cal.App.4th 347 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26

<u>Poulos v. Caesars World, Inc.,</u>
   (9th Cir.2004) 379 F.3d 654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

27

28

1

Puerto v. Superior Court (Wild Oats Markets, Inc.),
        (2008) 158 Cal.App.4th 1242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

2

Salazar v. Avis Budget Group, Inc.,
        (S.D. Cal. Oct. 10 2007) 2007 WL 2990281 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

3

4

## STATUTES

5

Federal Rules of Civil Procedure,
        Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6

        Rule 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

7

        Rule 33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8

        Rule 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9

California Civil Code,
        § 2941 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10

11

California Code of Civil Procedure,
        § 2017(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plts. Mem. P&A's I.S.O. Motion to Compel - C-07-04497 - JF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

Plaintiffs and thousands of consumers are in imminent threat of losing their homes due to Defendants' misleading and deceptive Adjustable Rate Mortgages (hereafter "ARM loans.")  <u>See</u> Notice of Forclosure, attached to the Declaration of David M. Arbogast ("Arbogast Decl."), as Ex. 1; <u>see</u> <u>also</u> Corrected Second Amended Complaint ("SAC"), ¶ 45.

This consumer fraud class action has been brought against Defendants World Savings, Inc., World Savings Bank, FSB and Wachovia Mortgage Corporation ("Defendants") for their deceptive and unfair practices in connection with the sale and servicing of Defendants' adjustable rate mortgages or "ARM loans."  In particular, Plaintiffs' class claims seek to redress Defendants' failure to disclose important material facts concerning the ARM loans they sold to Plaintiffs.  As such, this consumer fraud class action is primarily based on Defendants' failures to disclose important material facts relating to the ARM loans Defendants sold to Plaintiffs and all others.  <u>Poulos v. Caesars World, Inc.</u> (9th Cir.2004) 379 F.3d 654, 667; <u>Binder v. Gillespie</u> (9th Cir.1999) 184 F.3d 1059, 1064.

On March 3, 2008, Plaintiff Dolores Mandrigues propounded discovery which sought the disclosure of the names, addresses and telephone numbers of the putative class members.  <u>See</u> Declaration of David M. Arbogast ("Arbogast Dec."), <u>Exhibit 1</u>.  All of the class members in this case are homeowners who entered into the subject ARM or "World Pick-A-Payment" loans who can verify or rebut Plaintiffs' allegations about Defendants' unlawful, fraudulent or unfair practices.  Although Defendant knows the identity and location of its customers who entered into the loans at issue, and thus has unfettered access to these material witnesses, Defendant has sought to deny Plaintiffs equal access to these material witnesses, by invoking their right to privacy.

As will be discussed in greater detail below, any perceived privacy interest as to the names, addresses and telephone numbers of the putative class members is minimal, at best, and given that the parties have already entered into a Stipulated Protective Order in this case, which provides significant protective measures and safe guards to carefully shield from disclosure except to Plaintiffs, who have a legitimate need to know this information, any residual privacy interest has been "assuaged."  <u>Pioneer Electronics (USA), Inc. v. Superior Court</u> (2007) 40 Cal.4th 360, 371.  Indeed, no court has ever held

---

1

1  that a witness may avoid disclosure of his or her identity or location merely by invoking a right to

2  privacy.  That is because witnesses do not have the right to avoid questioning by parties to a lawsuit

3  absent a strong showing that the consequences of the disclosure pose serious risks of harm to the

4  witnesses e.g. coercion to stop constitutionally protected associational activities, the infliction of threats,

5  force and violence against these persons, or the threat of commercial exploitation.  Absent such as

6  strong showing, the participation of witnesses may be compelled by judicial process to serve the

7  paramount values of truth and justice.

8       Here, Plaintiffs merely seek equal access to the these material witnesses according to the

9  Stipulated Protective Order that has been filed in this case. See Stipulated Protective Order at p. 2, ¶¶

10  2.4, 7.3.  Plaintiffs do not seek disclosure of sensitive information regarding the intimate details of these

11  witnesses private life, like medical or sexual histories.  However, Defendant seeks to deprive Plaintiffs

12  access to these material witnesses based solely on their bald claim that the right of privacy of the class

13  members should prevent the disclosure despite the fact that the parties have stipulated to and entered

14  into the Stipulated Protective Order which protects against improper use and public disclosure.  Neither

15  case law nor fundamental fairness allows Defendant to unilateral discovery.

16       This Court has already entered the stipulated Protective Order which prevents public disclosure

17  and improper use of the information other than "for the purposes of this litigation." See Stipulated

18  Protective Order, at p. 9, ¶ 7.3.  Thus, the competing interests involved have already been weighed and a

19  balance struck between the compelling need for the information and the illusory reasons which

20  Defendant has raised against the disclosure.

21       Accordingly, the Court should require full and complete disclosure of the names, addresses and

22  telephone numbers of the putative class members so that Plaintiffs may contact these customers and

23  learn of their experiences thereby greatly improving their chances of marshalling a successful class

24  action against Defendants.  See Pioneer, 40 Cal.4th at 374.

25  **III.    STATEMENT OF THE FACTS**

26       Plaintiffs are consumers who applied for a primary residence mortgage through Defendants.

27  SAC, ¶ 2-5.  Defendants sold Plaintiffs Option Arm Loans.  SAC, ¶ 25.  In selling these loans,

28  Defendants' loan documents promised a low, fixed interest rate, and Plaintiffs relied upon that promise.

1   SAC, ¶ 27.  In reality, the interest rate increased almost immediately after signing.

2           Defendants' loan documents also promised that Plaintiffs' monthly payments would be applied

3   to "Principal and interest."  SAC, ¶ 71.  Defendants breached that agreement and never applied

4   Plaintiffs' payments to principal.  Id.  Defendants further informed Plaintiffs that if they made payments

5   based on the promised low interest rate, no negative amortization would occur.  SAC, ¶ 73.  This,

6   however, was not true, because Plaintiffs experienced negative amortization.  SAC, ¶ 77.  Finally,

7   Plaintiffs could not escape from the loans, because of harsh exit penalties.  SAC, ¶ 25.  Plaintiffs have

8   brought this civil action seeking compensatory, consequential, statutory, and punitive damages.

9   **IV.    ARGUMENT**

10          **A.    Legal Standards**

11          Federal Rules of Civil Procedure, Rule 33(a)(2), provides that "[a]n interrogatory may relate to

12  any matter that may be inquired into under Rule 26(b).

13          Rule 26(b)(1) provides that the:

14              Parties may obtain discovery regarding any nonprivileged matter that is
                relevant to any party's claim or defense--including the existence,
15              description, nature, custody, condition, and location of any documents or
                other tangible things and **the identity and location of persons who know**
16              **of any discoverable matter**.  For good cause, the court may order
                discovery of any matter relevant to the subject matter involved in the
17              action.  Relevant information need not be admissible at the trial if the
                discovery appears reasonably calculated to lead to the discovery of
18              admissible evidence.

19          In responding to interrogatories, each question must be answered "under oath" and signed by the

20  answering party and, any ground not stated the response is waived unless excused by the Court for

21  "good cause."  Rule 33(b)(3), (4), and (5).

22          If responses have been served but they contain objections or evasive or incomplete answers, the

23  proper procedure is a motion to compel under Rule 37(a).

24          **B.    The Discovery Request and Response at Issue**

25              **Interrogatory No. 5:**

26          For each ARM Loan that you sold during the Liability Period,[1] state the borrowers name,

27  address, telephone number, the loan number you assigned to the loan and date of the loan (as reflected in

28  _____
[1]  "'Liability Period' means from August 29, 2003 to the date notice is mailed to the Class."

Plaintiffs' Opposition to Motion to Dismiss - C07-04497 JF (RSx)

the Note(s) as follows:

| Name | Address | Telephone No. | Loan No. | Date of Loan |
|------|---------|---------------|----------|--------------|
| Jane Doe | 123 State Street<br>San Francisco, CA 94101 | (415) 431-1234 | A123456 | August 29, 2003 |

**World's Inadequate and *Unverified* Response to Interrogatory No. 5:**

World incorporates its General Objections by reference.  World further objects to this Request as overlybroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  World further objects to this Interrogatory to the extent it seeks private, confidential or trade secret information including, but not limited to, private consumer information as described in the General Objections, and specifically private identifying information about borrowers who are not parties to this action.  Subject to and without waiving these objections, World answers as follows: World never offered "ARM loans" as specifically defined by Plaintiffs during the time period in question.  Specifically, as evidenced by World's Truth in Lending Disclosure Statements, Loan Program Disclosures, Notes and related materials, World's adjustable rate mortgage product ("Pick-A-Payment" loans) did not use or reference to consumers any kind of "low initial 'teaser rates.'"

C.    **Discussion**

1.    **Plaintiffs Are Entitled to Pre-certification Discovery of the Identity of Putative Class Members and Other Witnesses in Order to Establish the Basis for Class Certification**

"Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case. [Citations.]" Pioneer, 40 Cal.4th at 373.  As the California Supreme Court emphasized, "[s]uch disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." Id.

Given that the parties have already put in place a Stipulated Protective Order which specifically prohibits any improper use of the putative class members contact information, the disclosure of the putative class members' contact information does not involve a "serious invasion of privacy" and

4

1  therefore does not need any further protection other than the Stipulated Protective Order that has already

2  been entered in this case.  Id.

3       Because it is Plaintiffs' burden on the motion for class certification to establish the basis for

4  certification as a matter of fact, the matters considered on such a motion typically include extrinsic

5  evidence in the form of discovery responses and declarations, including declarations from proposed

6  class members.  While a plaintiff seeking to represent a class may be able to make the requisite showing

7  for class certification without evidence from other proposed unnamed class members, it is entirely

8  proper for Plaintiffs to submit such declarations or other evidence obtained from such putative class

9  members in support of the motion for class certification.   Such declarations often provide important

10 information and evidence in support of required factual findings, for class certification, including, for

11 example, the following:

12      A.     Evidence that the named Plaintiffs' experiences with the Defendants are not isolated
13             occurrences, i.e. that other individuals were allegedly victims of the same unlawful
             practice and suffered harm similar to the harm suffered by the named Plaintiffs;

14      B.     Evidence that the claims of the named Plaintiffs are typical of those of other proposed
15             class members, e.g. that the putative class members were subjected to the same or similar
             unlawful policies, practices or procedures; and

16      C.     Evidence of the existence of other victims of the alleged unlawful practices who might
17             initiate separate actions if the case is not certified as a class action, providing a basis for
             concluding that class treatment is superior to an individual action.

18      Thus, it is of no surprise that the California Supreme Court recognizes a class action plaintiff's

19 need for and entitlement to pre-certification discovery from proposed class members.  Pioneer, 40

20 Cal.4th at 206.

21      Further, as another court explained: "*plaintiffs are entitled to have discovery directed towards*

22 *appropriate parties in order to learn the names of other proper plaintiffs who may be of assistance in*

23 *the presentation of the case and who may share the burdens of its prosecution*."  Budget Finance Plan

24 v. Superior Court (1973) 34 Cal.App.3d 794, 799; see also Pioneer, 40 Cal.4th at 373-74.

25      In Bartold v. Glendale Federal Bank (2000) 81 Cal.App.4th 816, 820-21, the Court of Appeal

26 affirmed that class action plaintiffs are entitled to learn the names of potential class members for the

27 purpose of obtaining evidentiary support for class certification.  In Bartold, the plaintiffs filed suit on

28 behalf of themselves and a proposed class of mortgagees, alleging that defendants had failed to reconvey

1    their deeds of trust within the time set forth in Civil Code section 2941.  Before moving to certify the

2    class, plaintiffs requested that defendants produce the identification of the class members.  Id. at 823.

3    Defendant refused and the trial court denied plaintiffs' motion to compel the identifying information.

4    Id.  On appeal, the court held that the trial court had abused its discretion "by denying them discovery

5    necessary to support class certification." Id. at 836.  As the Court of Appeal explained, "whether the

6    common questions are sufficiently pervasive to permit adjudication in a class action rather than in a

7    multiplicity of suits cannot realistically be made until the parties have had a chance to conduct

8    reasonable investigation." Id. (internal quotation marks omitted).

9         Indeed, unless there is evidence that a party is seeking the identity and location of witnesses to

10   engage in harassment or abuse, parties are entitled to communicate with potential class members.  In

11   Atari, Inc. v. Superior Court (1985) 166 Cal.App.3d  867, for example, the trial court  issued a

12   discovery order that permitted plaintiffs to communicate with potential class members, while prohibiting

13   the defendant from communicating with the same individuals unless the defendant received the court's

14   consent and plaintiff's counsel was present during the communication. Id. at 869-70.   On appeal, the

15   Court of Appeal reversed the order, explaining that "[a]bsent a showing of actual or threatened abuse,

16   ***both sides should be permitted to investigate the case fully***." Id. at 872.[2]

17        Defendant's refusal to allow equal access to material witnesses would effectively deprive

18   Plaintiffs of valuable evidence in support of their motion for class certification. Without access to the

19   identity and contact information for proposed class members, the named Plaintiffs stand alone, unable to

20   present evidence from other victims of the alleged unlawful practices tending to establish the

21   prerequisites for class certification.  Thus, failure to allow Plaintiffs with the identity and location of

22   other similarly situated borrowers would severely frustrate the policy of the courts in this state favoring

23   class actions in California.

24   / / /

25

26   [2]  This Court has already entered a protective order in this case which will prevent harassment, abuse or
     excessive intrusiveness.  Moreover, in class actions where the named plaintiff is attempting to acquire
27   contact information for individuals he or she is seeking to represent, there is the additional protection
     against such conduct arising from the alignment of interests of the plaintiff and proposed class members
28   and from the plaintiffs desire to obtain the support of those individuals in the litigation.

6

1    Putative class counsel has an ethical obligation to investigate the case, which ordinarily requires

2    that they seek the identity of witnesses and potential class members. Denying Plaintiffs equal access to

3    the putative class members will hamper the ability of class counsel to investigate the action and

4    communicate with class members, but offers *no* similar restriction on the access of defense counsel to

5    class members. Since a company like World – already has the names, addresses and telephone numbers

6    of its consumers, it therefore enjoys unfettered access to those individuals from the outset of the

7    litigation. Thus, the one-sided advantage advocated by World is at odds with the level playing field

8    contemplated by long-standing state and federal class action case precedent.

9        In <u>Gulf Oil Co. v. Bernard</u> (1981) 452 U.S. 89, the United States Supreme Court addressed the

10    scope of a federal court's authority to limit communications from named plaintiffs to prospective class

11    members. The district court had imposed a complete ban on such communications by plaintiffs or their

12    counsel, unless they obtained prior approval for any communication by the court. The Supreme Court

13    concluded that the district court's order exceeded its authority under Fed. R. Civ. Proc. Rule 23.  The

14    high court held that a federal court could only impose a prior restraint on pre-certification

15    communications with class members if the moving party presented "a specific record of the particular

16    abuses" that would threaten the underlying purposes of Rule 23. Even where the moving party did make

17    this showing, any restriction on speech had to be "consistent with the policies of Rule 23 giving explicit

18    consideration to the narrowest possible relief which would protect the respective parties." <u>Gulf Oil</u>, 452

19    U.S. at 102, <u>quoting</u> <u>Coles v. Marsh</u> (3rd Cir. 1977) 560 F.2d 186, 189.

20        The California courts soon followed the U.S. Supreme Court's lead. In <u>Atari, Inc. v. Superior</u>

21    <u>Court</u> (1985) 166 Cal. App. 3d 867, the California Court of Appeal reviewed a lower court order, which

22    permitted plaintiffs' counsel to communicate with potential class members, but prohibited all such

23    communications by defense counsel. The <u>Atari</u> court recognized, as the Supreme Court had in <u>Gulf Oil</u>,

24    the "importance of permitting named plaintiffs to communicate with persons for whose benefit their

25    action was ostensibly filed." <u>Atari</u>, 166 Cal. App. at 872. It approved the order to the extent it permitted

26    communications by plaintiffs' counsel but vacated the restrictions on pre-certification communications

27    by the defendant. It concluded that neither side's communications would be restricted unless the

28    moving party made the showing required by <u>Gulf Oil</u>.

7

1
2
3

> We do not mean to foreclose either party's right to seek any protective
> order which probable circumstances may make appropriate. We only
> conclude, consistent with fundamental fairness, that in the absence of such
> circumstances neither party should be precluded from, investigating and
> preparing the case which [the named plaintiffs] have initiated.

4   Atari, 166 Cal. App. 3d at 873.  Atari explicitly endorsed "equal access" - a level playing field - for

5   pre-certification communications.  Id. at 869; see also Pioneer, 40 Cal.4th at 373-74.

6        Thus, under California law, pre-certification communications with class members are to be

7   equally available to both parties.  A decision that ignores this settled principle and saddles Plaintiffs

8   with severe restrictions on its access to class members would be contrary to well established State and

9   Federal jurisprudence on this issue.   Defendant, on the other hand, would have no similar constraint.

10

11        **D.     Denial of Equal Access Conflicts with Pioneer, Valley Bank and its Progeny**

12        As the Pioneer Court correctly observed, "the right of privacy protects the individual's

13   *reasonable* expectation of privacy against a *serious* invasion."  Id. (italics in original), citing Hill v.

14   National Collegiate Athletic Ass'n (1994) 7 Cal.4th 1, 36-37.

15        "Hill sets forth in detail the analytical framework for assessing claims of invasion under the state

16   Constitution."  Pioneer, 40 Cal.4th at 370 citing Hill, 7 Cal.4th at 35.  Those criterial are: (1) the

17   claimant must posses a legally protected privacy interest; (2) the privacy claimant must possess a

18   reasonable expectation of privacy under the particular circumstances; and (3) the invasion of privacy

19   complained of must be "'serious' in nature scope, and actual or potential impact to constitute an

20   "egregious" breach of social norms, for trivial invasions afford no cause of action."  Id.

21        After the privacy claimant [Defendant] has met the Hill criteria for invasion of privacy, "that

22   interest must be measured against other competing or countervailing interests in a 'balancing test.'" Id.

23   citing Hill, 7 Cal.4th at 37; Parris v. Superior Court (2003) 109 Cal.App.4th 285, 300-301 [balancing

24   privacy rights of putative class members against discovery rights of civil litigants]; Britt v. Superior

25   Court (1978) 20 Cal.3d 844, 855-856 [balancing right of associational privacy with discovery rights of

26   litigants]; Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657 [balancing test in bank

27   customer privacy case]; Planned Parenthood Golden Gate v. Superior Court (2000) 83 Cal.App.4th 347,

28   358-369 [balancing associational privacy rights].)

1    As a result, the Supreme Court in <u>Pioneer</u> teaches that the "[c]onduct alleged to be an invasion of

2    privacy is to be evaluated based on the extent to which it furthers legitimate and important competing

3    interests." <u>Pioneer</u>, 40 Cal.4th at at 372 citing <u>Hill</u>, supra, at 38.  And that "[p]rotective measures,

4    safeguards and other alternatives may minimize the [alleged] privacy intrusion. 'For example, *if*

5    *intrusion is limited and confidential information is carefully shielded from disclosure except to those*

6    *who have a legitimate need to know, privacy concerns are assuaged*.'" <u>Id</u>.

7    Here, no *serious* invasion of privacy is presented.   The information sought, the names and

8    addresses of the putative class members, raises minimal privacy concerns at best.  Plaintiffs do not seek

9    medical or financial records and, because the Protective Order that is already in place in this case has

10   already weighed the competing interests, whatever privacy concerns remaining have been "assuaged."

11   <u>Pioneer</u>, supra at 374

12   Providing Defendants with a blanket constitutional protection for non-confidential, percipient

13   witness information which has never been judicially recognized nor statutorily protected, while

14   confidential ***financial*** information of bank customers who have a "reasonable expectation of privacy"

15   warranted less protection under <u>Valley Bank</u>, brings this conflict into sharp focus. <u>Valley Bank</u>, 15

16   Cal.3d at p. 656.

17   This Court should not ignore the California Supreme Court's warning and should recognize the

18   real purpose and motivations behind Defendant's assertion of its customers claimed privacy rights,

19   which is neither to further their interests or to protect their rights but, quite the opposite, to frustrate and

20   prevent Plaintiffs from increasing their chances of marshaling evidence to support class certification

21   which ultimately will bring the putative class members closer to being paid the monies that they are

22   owed as a result of Defendants' unlawful, unfair and fraudulent conduct.

23

24   **E.    Given the Nature of the Consumer Information Sought, the Expectation and Invasion of Privacy Is Minimal, At Best**

25   Privacy interest fall into two categories: "'informational privacy,' protecting the disclosure and

26   misuse of sensitive and confidential information, and 'autonomy privacy," preventing interference with

27   one's personal activities and decisions." <u>Pioneer</u>, 40 Cal.4th at 373.

28

9

1    As the Supreme Court observed, "*mere contact information regarding possible class action*

2    *members would not appear to unduly interfere with either form of privacy*." <u>Pioneer</u>, 40 Cal.4th at

3    374. The names and contact information of the putative class members cannot be said to be "sensitive

4    and confidential" or in any way involve "intimate personal decisions" or "personal activities." <u>Am.</u>

5    <u>Acad. of Pediatrics v. Lungren</u> (1977) 16 Cal.4th 307 (mandating parental consent for minor's abortion

6    violates right to personal autonomy and violates Constitution's enumerated right to privacy). Indeed,

7    the contact information sought in no way implicates personal autonomy.

8    Lastly, there is no threat of any significant incursion of privacy since the information only

9    provides a means to investigate the borrowers experiences with Defendants. The mere contact

10   information sought does not involve any personal financial, medical or trade secret information.

11   Yet another layer of privacy protection is provided by the Stipulated Protective Order already

12   entered in this matter precluding dissemination of information properly designated as "Private

13   Consumer Information." <u>See</u> Stipulated Protective Order, p. 3, ¶ 2.4. This provides further assurance

14   against any concern of dissemination beyond those involved in this action, absent court oversight.

15   <u>Pioneer</u>, 40 Cal.4th at 374.

16   For all these reasons, there are, at best, "minimal privacy interests" at stake here. Indeed,

17   "[w]ere

18   plaintiff also able to contact these customers and learn of their experiences, [they] could improve [their]

19   chances of marshalling a successful class action against [Defendants], thus perhaps ultimately

20   benefitting some, if not all, those customers." <u>Id</u>.

21

22   **F.    Percipient Witness Information Must Be Disclosed.**

23   A blanket constitutional protection against the disclosure of witness information cannot be

24   reconciled with the Legislature's discovery statutes which requires sharing of information about those

25   who have knowledge of relevant facts. "[T]he identity of witnesses must be disclosed, if the witness has

26   'knowledge of any discoverable matter,' including fact, opinion and any information regarding the

27   credibility of a witness (including bias and other grounds for impeachment)." <u>Gonzalez v. Superior</u>

28   <u>Court</u> (1995) 33 Cal.App.4th. 1539, 1546, quoting C.C.P. § 2017(a). <u>See</u> <u>also</u> <u>Deyo v. Kilbourne</u> (1978)

1  84 Cal.App.3d 771, 782 (a person may be forced to disclose the identity and location of persons having

2  knowledge of particular relevant facts).

3       In <u>City of Long Beach v. Superior Court</u> (1976) 64 Cal.App.3d 65, the court found that list of

4  persons with knowledge of relevant facts is discoverable and explained the rational as follows:

5

6            The legitimate interests and purposes of discovery generally are amply
          protected by the requirement that an adverse party is entitled to the

7            identity and location of persons with knowledge of the relevant facts....  Its
          basis is that persons who have relevant knowledge are not to be

8            considered the witnesses of any particular party to the litigation.  Ensuring
          the availability to all parties of the right to contact and to take depositions

9            of these witnesses provides adequate safeguards against surprise or false
          testimony.  Furthermore, knowledge of the identity of these possible

10            witnesses permits investigation into the facts while encouraging diligence
          on the part of both attorneys.

11  <u>Id</u>. at 76-77.

12       Discovery into the identity of witnesses is also permitted in the context of class action litigation

13  before class certification is ruled upon.  <u>Pioneer</u>, 40 Cal.4th at 373; <u>see</u> <u>also</u> <u>Budget Finance</u>, 34 Cal.

14  App. 3d at 799 (holding that although demurrer  to putative class action complaint was sustained, it was

15  proper for trial court to compel defendant to respond to discovery as "plaintiffs are entitled to have

16  discovery directed towards appropriate parties in order to learn the names of other proper plaintiffs who

17  may be of assistance in the presentation of the case and who may share the burdens of its prosecution.")

18       Discovery into the identity of witnesses is likewise required at the federal level.  <u>See</u> Federal.

19  Rules of Civil Procedure, Rule 26(a) which *requires* disclosure of names and contact information for

20  witnesses *likely* to have certain discoverable information without the need for a formal discovery

21  request.

22       As discussed above, the constitutional right to privacy does not automatically trump the

23  discovery statutes.  Even if privacy is implicated, an invasion of privacy is permitted if narrowly drawn

24  and only to the extent necessary for a fair resolution of the lawsuit. <u>See</u> <u>Britt</u>, 20 Cal.3d at 859.  In this

25  instance, Plaintiffs only seek indisputably non-confidential, non-sensitive information about the other

26  customers of Defendants who definitely have knowledge of relevant facts that they may want to share.

27  The practical consequence of denying Plaintiffs' equal access to these material witnesses would thus

28  render the majority of percipient witnesses in this case, known only to one side (Defendants), to be

Plaintiffs' Opposition to Motion to Dismiss - C07-04497 JF (RSx)

1  undiscoverable.

2       As the Court of Appeal in <u>Puerto v. Superior Court (Wild Oats Markets, Inc.)</u> (2008) 158

3  Cal.App.4th 1242 observed, "[t]his is basic civil discovery. ....  Nothing could be more ordinary in

4  discovery than finding out the location of identified witnesses so that they may be contacted and

5  additional investigation performed."  <u>Id</u>. at 1254.

6       "Witnesses may be compelled to appear and testify whether they want to or not."  <u>Id</u>; <u>Salazar v.</u>

7  <u>Avis Budget Group, Inc.</u> (S.D. Cal. Oct. 10 2007) 2007 WL 2990281 ("[T]he minimal information

8  Plaintiff requests is indeed contemplated under the Federal Rules of Civil Procedure ... as basic to the

9  discovery process."); <u>see</u> <u>also</u> <u>Belaire-West Landscape, Inc. v. Superior Court (Rodriguez)</u> (2007) 149

10 Cal.App.4th 554 ("Current and former ... employees [can] reasonably be expected to want their

11 information disclosed to a class action plaintiff who may ultimately recover for them unpaid wages that

12 they are owed.")   The same is true here, borrowers who have been duped into entering into the ARM

13 loans at issue, and have experienced negative amortization as a result of these loans can also be

14 reasonably expected to want their contact information disclosed to Plaintiffs who may ultimately

15 recover the negative amortization and other costs as a result of the loans.

16 **V.    CONCLUSION**

17       For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to

18 compel Defendant World Savings Bank, FSB to provide a full and complete, *verified*, response to

19 Plaintiff's Interrogatory No. 5 seeking identity and contact information of the putative class members.

20 DATED:  May 7, 2008                    **ARBOGAST & BERNS LLP**

21

22                          By:  ___*/s/ David M. Arbogast*___
                              19510 Ventura Boulevard, Suite 200
23                              Tarzana, California 91356.
                              Phone:  (818) 961-2000; Fax: (310) 861-1775
24
                              Paul R. Kiesel, Esq.
25                              Patrick Deblase, Esq.
                              Michael C. Eyerly, Esq.
26                              **KIESEL BOUCHER LARSON LLP**
                              8648 Wilshire Boulevard
27                              Beverly Hills, California 90210
                              Phone:  (310) 854-4444; Fax:  (310) 854-0812

28 / / /

Plaintiffs' Opposition to Motion to Dismiss - C07-04497 JF (RSx)

/ / /

Jonathan Shub (SBN 237708)
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Phone: (215) 564-2300; Fax (215) 851-8029

Attorney for Plaintiffs DOLORES MANDRIGUES,
JUANITA JONES, AL F. MINYEN and WILMA R.
MINYEN, MARK CLAUSON and CHRISTINA
CLAUSON and all others Similarly Situated

Plaintiffs' Opposition to Motion to Dismiss - C07-04497 JF (RSx)