1  David M. Arbogast - State Bar No. 167571
   darbogast@law111.com
2  Jeffrey K. Berns - State Bar No. 131351
   jberns@law111.com
3  **ARBOGAST & BERNS LLP**
   19510 Ventura Boulevard, Suite 200
4  Tarzana, California 91356
   Phone: (818) 961-2000; Fax: (310) 861-1775
5
   Paul R. Kiesel, Esq. (SBN 119854)
6  kiesel@kbla.com
   Patrick DeBlase, Esq. (SBN 167138)
7  deblase@kbla.com
   Michael C. Eyerly, Esq. (SBN 178693)
8  eyerly@kbla.com
   **KIESEL BOUCHER LARSON LLP**
9  8648 Wilshire Boulevard
   Beverly Hills, California 90211
10 Phone:  (310) 854-4444; Fax:  (310) 854-0812

11 [*Additional counsel listed on signature page*]
   Attorneys for Plaintiff and all others Similarly Situated
12

13

14                    **UNITED STATES DISTRICT COURT**

15      **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

16

17 DOLORES MANDRIGUES, JUANITA          )   **CASE NO. C-07-04497 - JF**
   JONES, AL F. MINYEN and WILMA R.     )
18 MINYEN, MARK CLAUSON and             )   [*Assigned to the Hon. Jeremy Fogel*]
   CHRISTINA CLAUSON, individually and on )
19 behalf of all others similarly situated, )   CLASS ACTION
                                         )
20                                       )
                      Plaintiff,         )   **DECLARATION OF DAVID M. ARBOGAST**
21                                       )   **IN SUPPORT OF MOTION TO COMPEL**
            v.                           )   **NAMES, ADDRESSES AND TELEPHONE**
22                                       )   **NUMBERS OF THE PUTATIVE CLASS**
                                         )   **MEMBERS**
23 WORLD SAVINGS, INC., WORLD SAVINGS )
   BANK, FSB, WACHOVIA MORTGAGE         )   Hearing Date: June 13, 2008
24 CORPORATION, and DOES 1 through 10   )   Time:        9:00 a.m.
   inclusive,                           )   Place:       Courtroom 3
25                                       )   Judge:       Hon. Jeremy Fogel
                                         )
26                    Defendants.        )   Complaint Filed: August 29, 2007
                                         )   Trial Date: Not set yet.
27 _____ )

28

Declaration of David M. Arbogast - C-O7-04497- JF

1    I, David M. Arbogast, declare as follows:

2    1.    I am the attorney of record for Plaintiffs DOLORES MANDRIGUES, JUANITA JONES,

3    AL F. MINYEN and WILMA R. MINYEN, MARK CLAUSON and CHRISTINA CLAUSON in the

4    above-entitled action.

5    2.    Exhibit 1, attached hereto is a true and correct copy of the March 28, 2008 Foreclosure

6    Notice sent by Wachovia Mortgage concerning Plaintiffs Mark Clauson and Christina Clauson's World

7    "Pick-A-Payment" loan.

8    3.    On March 3, 2008, I caused to be served on Defendant World Savings Bank, FSB,

9    Plaintiffs' First Set of Special Interrogatories, a true and correct copy of which is attached hereto as

10    Exhibit 2.

11    4.    On April 7, 2008, I received Defendant's unverified responses to said discovery requests,

12    true and correct copies of the relevant portions of which are attached hereto as Exhibit 3.

13    5.    On April 15, 2008, I prepared and sent a letter to counsel for Defendant which outlined

14    the numerous deficiencies and inadequacies of Defendant's responses to Plaintiff's First Set of

15    Interrogatories, true and correct copies of the relevant portions of which are attached hereto as Exhibit 4.

16    5.    On April 18, 2008, I telephoned counsel for Defendant and discussed the responses

17    indicated in Exhibit 4.

18    6.    On April 30, 2008, I prepared and sent a follow-up "meet and confer" letter confirming

19    Defendant's refusal to voluntarily provide the putative class members contact information, true and

20    correct relevant portions of which are attached as Exhibit 5.

21    7.    On May 7, 2008, I received Defendant's letter response stating "World will not agree to

22    produce any non-represented putative class member's personal identifying information, including home

23    addresses or telephone numbers."  True and correct relevant portions of which are attached hereto as

24    Exhibit 6.

25    8.    I attempted to meet and confer in good faith to resolve the disputes identified in the

26    exhibits and conferred on the subject of Defendant's objections thereto.  I was unable to resolve such

27    disputes and advised counsel that I would be required to make a motion to compel.

28    / / /

Declaration of David M. Arbogast - C-O7-04497- JF

1       9.    The responses described above are improper and inadequate for reasons set forth in the

2   Memorandum of Points and Authorities attached hereto.

3       I declare under penalty of perjury that the foregoing is true and correct.  Executed within the

4   United States on May 7, 2008.

5                          */s/ David M. Arbogast*

                            David M. Arbogast

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of David M. Arbogast - C-O7-04497- JF

**Exhibit 1**

Wachovia Mortgage
P.O. Box 659558
San Antonio, TX 78265-9558

 March 24, 2008                          Loan Number: 0040509770

**WACHOVIA**

Mark Clauson
Christina Clauson
9342 Kaschube Way
Santee CA 92071 2227

Borrower:        Mark Clauson
Borrower:        Christina Clauson
Property Address: 9342 Kaschube Way, Santee CA 92071-2227

Dear Mark Clauson and Christina Clauson :

We regret to inform you that your loan has been referred to an
Attorney or Trustee to commence foreclosure action.  You may
consider the property referenced above to be under legal action.
The Attorney or Trustee office handling the foreclosure action on
the loan is:

    Golden West Savings
    Association Service Co.
    PO Box 34957
    San Antonio TX 78265

Do not remit any funds without first contacting the Foreclosure
Department as there are legal costs and fees as a result of
the foreclosure action that must be included in your payment.

While your property is in foreclosure, you are required by your
Note and Security Instrument to continue to pay other obligations
such as insurance, property taxes and other assessments.  If you
fail to do so, the beneficiary or mortgagee may insist that you
do so in order to reinstate your account in good standing.
Property tax and insurance must be paid current at all times.

Please contact us to obtain a reinstatement quote.  Payments
to reinstate the loan may be taken into any Wachovia Financial
Center or mailed to the address below.  To locate the Financial Center
nearest to you, please visit us at wachovia.com.
For wiring instructions, please contact us at the number below.
Only certified funds (cashier's check, certified check or money
order) will be accepted to reinstate this loan.  Any personal
and/or business checks will be returned.

XF607 034 AVR

F-11740 Rev01 (10/07)



Wachovia Mortgage
P.O. Box 659558
San Antonio, TX 78265-9558

Mark Clauson
Christina Clauson
0040509770                                          **WACHOVIA**
March 24, 2008
Page 2

Funds received that are not for the full amount due will also be
returned. Please do not send cash as it will not be accepted.

        Wachovia Mortgage,
        Attn: Cashiering Department, TX1361
        P.O. Box 659568
        San Antonio, Texas 78265-9568

While the loan is in foreclosure, the property will be inspected
monthly to ensure it is being maintained. If the property is
found to be vacant, we may take appropriate measures to protect
the property, which may include securing and winterizing. All
costs incurred will be charged to you.

This matter is extremely serious and requires your immediate
attention. Should you have any questions or need additional
information, please contact us at 800-282-3458. A representative
is available to assist you Monday through Friday, 9:00 a.m. to
6:00 p.m., Eastern Time.

Foreclosure Department

XF607 034 AVR

NOTICE REQUIRED BY FEDERAL LAW:
*Please be advised that Wachovia Mortgage may be attempting to collect
a debt. If you are currently in bankruptcy or your debt has been
discharged in bankruptcy, Wachovia Mortgage is only exercising its
rights against the property and is not attempting to hold you
personally liable on the Note.

L-1 1740 Rev01 (10/07)

# Exhibit 2

1  David M. Arbogast (SBN 167571)
   David@SpiroMoss.com
2  Ira Spiro (SBN 67641)
   Ira@SpiroMoss.com
3  **SPIRO MOSS BARNESS LLP**
   11377 W. Olympic Boulevard, Fifth Floor
4  Los Angeles, CA 90064-1683
   Phone: (310) 235-2468; Fax: (310) 235-2456
5

6  Paul R. Kiesel, Esq. (SBN 119854)
   kiesel@kbla.com
7  Patrick DeBlase, Esq. (SBN 167138)
   deblase@kbla.com
8  Michael C. Eyerly, Esq. (SBN 178693)
   eyerly@kbla.com
9  **KIESEL BOUCHER LARSON LLP**
   8648 Wilshire Boulevard
10 Beverly Hills, California 90211
   Phone: (310) 854-4444; Fax: (310) 854-0812
11

12

Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Phone: (215) 564-2300; Fax (215) 851-8029

Jeffrey K. Berns, Esq. (SBN 131351)
jberns@jeffbernslaw.com
**LAW OFFICES OF JEFFREY K. BERNS**
19510 Ventura Boulevard, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000; Fax: (818) 867-4820

Attorneys for Plaintiff and all others Similarly Situated

13

14                    **UNITED STATES DISTRICT COURT**

15        **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

16

17

| | |
|---|---|
| 18  DOLORES MANDRIGUES, JUANITA JONES, AL F. MINYEN and WILMA R. MINYEN, MARK CLAUSON and CHRISTINA CLAUSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WORLD SAVINGS, INC., WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE CORPORATION, and DOES 1 through 10 inclusive, <br><br> Defendants. | **CASE NO. C-07-04497 - JF** <br><br> Judge: Hon. Jeremy Fogel <br> Ctrm: 3 <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFF DOLORES MANDRIGUES' FIRST SET OF INTERROGATORIES TO DEFENDANT WORLD SAVINGS BANK, FSB** <br><br> **[SET ONE]** <br><br> Complaint Filed: August 29, 2007 <br> Trial Date: Not set yet. |

28

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff, DOLORES MANDRIGUES |
| 2 | RESPONDING PARTY: | Defendant, WORLD SAVINGS BANK, FSB |
| 3 | SET NUMBER: | ONE |

Pursuant to Federal Rules of Civil Procedure, rule 33, Plaintiff DOLORES MANDRIGUES hereby requests Defendant WORLD SAVINGS BANK, FSB to answer the following interrogatories fully and separately in writing and under oath within 30 days of service.

## DEFINITIONS

1.      "You" and "your" refer to Defendant WORLD SAVINGS BANK, FSB and each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on its behalf.

2.      "Document" shall include electronic mail, tapes, disks, diskettes, data cells, tape back-ups, drums, printouts and all other data compilations from which information can be obtain (translated, if necessary, by you through detection services into usable form).  The backs of pages thereto, and each non identical copy is a separate document.

3.      "Report(s)" shall include the above definition "documents" and include any such writing that reflects or refers to to any oral, verbal, spoken or written conveyance of any information to any "person" as defined above.

4.      "Person" includes, without limitation, any natural person, proprietorship, corporation, partnership, trust, joint venture, association, organization, business entity or governmental agency.

5.      "Relating to" and "relates to" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

6.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

/ / /

-2-

1    7.    "Reflect or refer to" as used herein shall mean constituting, consisting of, or pertaining to,
2    evidencing, supporting, contradicting, reflecting, or resulting from the matter specified, including in each
3    instance, documents now, or previously attached or appended to or used in the preparation of any
4    document called for by each request.

5    8.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to
6    bring within the scope of the discovery request all responses that might otherwise be construed outside
7    of the request.

8    9.    The use of singular includes the plural, and vice versa.

9    10.    "Identify" means and requires you to state:

10        (a)    With respect to a person, his or her name, address, telephone number, employer
11              and job title;

12        (b)    With respect to a document, the name and address of its author or maker, the
13              names and addresses of all person who were addressees, the date on which it was
14              created or made, the nature of the document and the substance of the information
15              or communication set forth in the document;

16        (c)    With respect to a tangible or demonstrative thing, a sufficiently graphic
17              description to distinguish it from other tangible or demonstrative things of the
18              same class or type; and

19        (d)    With respect to conversations and written or oral communications:

20              (i)    The date on which each conversation or communication occurred;

21              (ii)    The persons making such conversation or communication;

22              (iii)    The substance of the conversation or communication;

23              (iv)    The names and addresses of every person present when the conversation or
24                    communication occurred; and

25              (v)    The place where the conversation took place.

26    11.    "ARM Loan(s)" means the "Adjustable Rate" mortgages or "Pick-A-Payment" loans you
27    sold to borrowers during the liability which have or contain the following characteristics: (a) There is
28    an initial low interest rate or "teaser" rate offered typically 1%-3%; (b) Borrowers are provided a

-3-

1 | payment schedule which is based on this low "teaser" interest rate; and (c) when the payment schedule is
2 | followed negative amortization occurs.

3 |     12.    "Liability Period" means from August 29, 2003 to the date notice is mailed to the Class.

4 |     13.    "Communication" means the transmittal of information and includes original and all non-
5 | identical copies of all documents, as defined herein, sent by you or received by you from any person, as
6 | well as any documents reflecting or recording the content of any oral, written or other communication in
7 | any other form that is denominated by a different name, and includes without limitation to any meeting,
8 | conference, face-to-face conversation, telephone conversation, or conference or communication used by
9 | any media, as well as any written, taped, or recorded communication of any kind.

10 |     14.    "TILDS" means the Reg. Z required Truth-in-Lending Disclosure Statement that has the
11 | payment schedule and APR included on it which you provided to borrowers.

12 | **INSTRUCTIONS**

13 |     1.    If you discover new information, you are obligated to supplement your responses to these
14 | interrogatories no later than 30 days after the discovery of the further information and in no event later
15 | than 15 days before the first day of trial.

16 |     2.    If you object to furnishing any information requested by these interrogatories on the
17 | grounds of privilege, work product or otherwise, your response should state the existence of the
18 | information, document or communication, identify the specific grounds on which your objection is based
19 | and identify the information objected to by furnishing its date, participants (e.g. names of speakers,
20 | authors, addresses) and a general description of the nature, rather than the substance, of the purportedly
21 | privileged information. If the objected to information contains relevant non-objectionable matter, you
22 | should disclose it.

23 |     3.    The relevant time period is from August 29, 2003 to the date notice is mailed to the class
24 | and shall include all information which relates or refers to this period, unless another time or period of
25 | time is specifically referred to in an interrogatory.

26 |     4.    If you cannot furnish exact data, such as dates, periods or amounts, supply estimated data
27 | to the extent possible and indicate that the data is estimated.

28 | ///

-4-

1

**INTERROGATORIES**

2 **Interrogatory No. 1:**

3      Identify each person making or assisting with your Interrogatory responses, including each

4 person's name, address, occupation, current title and relationship to you.

5 **Interrogatory No. 2:**

6      Please state the total number of ARM Loan(s) that you sold or otherwise made concerning real

7 properly located in the State of California during the Liability Period.

8 **Interrogatory No. 3:**

9      Please state the total number of ARM Loan(s) that you sold or otherwise made concerning real

10 properly located outside of the State of California (and within the United States), by state, during the

11 Liability Period (e.g. Nevada 100, Utah 200, Colorado 300, etc...)

12 **Interrogatory No. 4:**

13      Identify each subsequent purchaser or assignee for each ARM loan you sold during Liability

14 Period, by the loan number you assigned to each loan, the date the loan was made (as reflected in the

15 Note(s), the name and address of the subsequent purchaser and/or assignee of the loan, and the date of

16 the sale or assignment of the loans as follows:

17
18

| Loan No. | Date of Loan | Purchaser/Assignee | Date of Sale |
|----------|--------------|--------------------|--------------|
| A123456 | August 29, 2003 | XYZ Bank | August 29, 2003 |

19

20 **Interrogatory No. 5:**

21      For each ARM Loan that you sold during the Liability Period, state the borrowers name, address,

22 telephone number, the loan number you assigned to the loan and date of the loan (as reflected in the

23 Note(s) as follows:

24
25
26

| Name | Address | Telephone No. | Loan No. | Date of Loan |
|------|---------|---------------|----------|--------------|
| Jane Doe | 123 State Street San Francisco, CA 94101 | (415) 431-1234 | A123456 | August 29, 2003 |

27 / / /

28 / / /

1  **Interrogatory No. 6:**

2      Identify the computer program(s), including the version(s) (e.g. XYZ Mortgage Document

3  Creater 5.1), that you used to create the ARM Loan documents (Note(s), TILDS, and disclosure

4  statements) that you sold to Plaintiff and the Class members during the Liability Period.

5  **Interrogatory No. 7:**

6      Identify all persons or entities who designed, created and/or approved the ARM Loan documents

7  (Note(s), TILDS, and disclosure statements) you used for the ARM Loans you sold to Plaintiff and the

8  Class members during the Liability Period.

9  **Interrogatory No. 8:**

10     Identify all persons or entities who have serviced the ARM Loans you sold to Plaintiffs and the

11 Class members during the Liability Period.

12 **Interrogatory No. 9:**

13     Identify each office or branch location of yours in the United States where you sold, approved,

14 serviced or otherwise made the ARM Loans you sold to Plaintiffs and the Class members during the

15 Liability Period.

16 **Interrogatory No. 10:**

17     Identify all persons at World Savings Bank FSB who approved the forms (applications, Notes,

18 TILDS, and other documents) used by you for the sale of the ARM Loans you sold to Plaintiffs and the

19 Class Members during the Liability Period.

20 DATED: March 3, 2008                          **SPIRO MOSS BARNESS LLP**

21

22                                              By
23                                                 David M. Arbogast, Esq.
                                                   11377 W. Olympic Boulevard, Fifth Floor
                                                   Los Angeles, CA 90064-1683
24                                                 Phone: (310) 235-2468; Fax: (310) 235-2456

25                                                 Jonathan Shub (SBN 237708)
                                                   **SEEGER WEISS LLP**
26                                                 1515 Market Street, Suite 1380
                                                   Philadelphia, PA 19107
27                                                 Phone: (215) 564-2300; Fax (215) 851-8029

28 / / /

-6-

1

2

3

4

Paul R. Kiesel, Esq.
Patrick Deblase, Esq.
Michael C. Eyerly, Esq.
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90210
Phone: (310) 854-4444; Fax: (310) 854-0812

5

6

7

Jeffrey K. Berns, Esq.
**LAW OFFICES OF JEFFREY K. BERNS**
19510 Ventura Blvd, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000; Fax: (818) 867-4820

8

Attorneys for Plaintiff and all others Similarly Situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

1

## PROOF OF SERVICE

2

Dolores Mandrigues et. al. v. World Savings, Inc. et al. USDC Case No. C-07-04497 - JF

3      I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064-1683. I am employed at that address at

4    the firm of Spiro Moss Barness LLP. On the date set forth below I served the document(s) described as **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT WORLD SAVINGS**

5    **BANK, FSB.** on all the interested parties in this action, by placing: [ ] the original [xx] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given

6    by the respective addressees on any document filed in the above case and served on Spiro Moss Barness LLP:

7

Jack R. Nelson

8    jnelson@reedsmith.com (cahunt@reedsmith.com)
David S. Reidy

9    dreidy@reedsmith.com
Keith D. Yandell

10    kyandell@reedsmith.com (dkelly@reedsmith.com)
REED SMITH LLP

11    Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

12    Phone: (415) 543-8700
Fax:    (415) 391-8269

13

14    [ X ]    BY E-MAIL: On the date set forth below I attached such document(s), in an email to the addressees email addresses listed above.

15

[ X ]    BY MAIL: On the date set forth below I deposited such envelope(s), in a mailbox regularly

16    maintained by the U.S. Postal Service in Los Angeles County, California. The envelope(s) was/were deposited with postage thereon fully prepaid.

17

[ ]      BY METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY On the date set

18    forth below I deposited such envelope(s) in a box or other facility regularly maintained by the express service carrier, or delivered such envelope(s) to an authorized courier or driver authorized by the express

19    service carrier to receive documents, with delivery fees paid or provided for. The envelope was an envelope or package designated by the express service carrier.

20

[ ]      (BY FACSIMILE) On the date set forth below, at approximately 5:30 p.m., I transmitted the

21    above document(s) from fax machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the

22    attached Service List, along with the names of recipients and the interested parties. The fax machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and

23    without error by the machine, which properly issued the transmission report.

24      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

Executed at Los Angeles, California on March 3, 2008.

26

27                                                      *Emily Moss*
EMILY MOSS

28

-8-

# Exhibit 3

1   Jack R. Nelson (SBN 111863)
    David S. Reidy (SBN 225904)
2   Keith D. Yandell (SBN 233146)
    REED SMITH LLP
3   Two Embarcadero Center, Suite 2000
    San Francisco, CA 94111-3922
4
    **Mailing Address:**
5   P.O. Box 7936
    San Francisco, CA 94120-7936
6
    Telephone:    +1 415 543 8700
7   Facsimile:    +1 415 391 8269

8   Attorneys for Defendants World Savings Bank,
    FSB and Wachovia Mortgage Corporation
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN JOSE DIVISION
12
13  DOLORES MANDRIGUES, individually and on    Case No. C07 04497
    behalf of all others similarly situated,
14                                              **RESPONSES TO PLAINTIFFS' FIRST
                        Plaintiff,              SET OF INTERROGATORIES TO
15                                              DEFENDANT WORLD SAVINGS
              vs.                               BANK, FSB**
16
    WORLD SAVINGS, INC., WORLD SAVINGS
17  BANK, FSB, WACHOVIA MORTGAGE
    CORPORATION, and DOES 1 through 10,
18  inclusive,

19                      Defendants.

20          PROPOUNDING PARTY:    Plaintiff, DOLORES MANDRIGUES

21          RESPONDING PARTY:     Defendant, WORLD SAVINGS BANK, FSB

22          SET NUMBER:           ONE (Interrogatories 1-10)

23          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant World Savings Bank,

24  FSB ("World") responds to Plaintiff's First Set of Interrogatories as follows:

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Loans" as specifically defined by Plaintiffs during the time period in question. Specifically, as

2    evidenced by World's Truth in Lending Disclosure Statements, Loan Program Disclosures, Notes

3    and related materials, World's adjustable rate mortgage product ("Pick-A-Payment" loans) did not

4    use or reference to consumers any kind of "low initial 'teaser rates.'"

5    **INTERROGATORY NO. 4:**

6        Identify each subsequent purchaser or assignee for each ARM loan you sold during Liability

7    Period, by the loan number you assigned to each loan, the date the loan was made (as reflected in the

8    Note(s), the name and address of the subsequent purchaser and/or assignee of the loan, and the date

9    of the sale or assignment of the loans as follows:

10

| Loan No. | Date of Loan | Purchaser/Assignee | Date of Sale |
|---|---|---|---|
| A123456 | August 29, 2003 | XYZ Bank | August 29, 2003 |

12    **RESPONSE TO INTERROGATORY NO. 4:**

13

14        World incorporates its General Objections by reference. World further objects to this

15    Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery

16    of admissible evidence. World further objects to this Interrogatory to the extent it seeks private,

17    confidential or trade secret information including, but not limited to, private customer information as

18    described in the General Objections. Subject to and without waiving these objections, World

19    answers as follows: World never offered "ARM Loans" as specifically defined by Plaintiffs during

20    the time period in question. Specifically, as evidenced by World's Truth in Lending Disclosure

21    Statements, Loan Program Disclosures, Notes and related materials, World's adjustable rate

22    mortgage product ("Pick-A-Payment" loans) did not use or reference to consumers any kind of "low

23    initial 'teaser rates.'" Further World is a portfolio lender and typically does not sell or assign loans

24    that it makes to any other entity.

25    **INTERROGATORY NO. 5:**

26        For each ARM Loan that you sold during the Liability Period, state the borrowers

27    name, address, telephone number, the loan number you assigned to the loan and date of the loan (as

28    reflected in the Note(s) as follows:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Name | Address | Telephone No. | Loan No. | Date of Loan |
|------|---------|---------------|----------|--------------|
| Jane Doe | 123 State Street San Francisco, CA 94101 | (415) 431-1234 | A123456 | August 29, 2003 |

**RESPONSE TO INTERROGATORY NO. 5:**

World incorporates its General Objections by reference.  World further objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  World further objects to this Interrogatory to the extent it seeks private, confidential or trade secret information including, but not limited to, private customer information as described in the General Objections, and specifically private identifying information about borrowers who are not parties to this action.  Subject to and without waiving these objections, World answers as follows: World never offered "ARM Loans" as specifically defined by Plaintiffs during the time period in question.  Specifically, as evidenced by World's Truth in Lending Disclosure Statements, Loan Program Disclosures, Notes and related materials, World's adjustable rate mortgage product ("Pick-A-Payment" loans) did not use or reference to consumers any kind of "low initial 'teaser rates.'"

**INTERROGATORY NO. 6:**

Identify the computer program(s), including the version(s) (e.g. XYZ Mortgage Document Creater 5.1), that you used to create the ARM Loan documents (Note(s), TILDS, and disclosure statements) that you sold to Plaintiff and the Class members during the Liability Period.

**RESPONSE TO INTERROGATORY NO. 6:**

World incorporates its General Objections by reference.  World further objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.  World further objects to this Interrogatory to the extent it seeks private, confidential or trade secret information as described in the General Objections.  Subject to and without waiving these objections, World

RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO WORLD SAVINGS BANK

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **RESPONSE TO INTERROGATORY NO. 10**:

2

3    World incorporates its General Objections and its response to Interrogatory No. 7 by
4  reference here.  World further objects to this Request as overly broad, unduly burdensome and not
5  reasonably calculated to lead to the discovery of admissible evidence.  Moreover, World objects to
6  this request to the extent it seeks information protected by the attorney-client privilege or work
7  product doctrine.  Subject to and without waiving these objections, World answers as follows: World
8  never offered "ARM Loans" as specifically defined by Plaintiffs during the time period in question.
9  Specifically, as evidenced by World's Truth in Lending Disclosure Statements, Loan Program
10  Disclosures, Notes and related materials, World's adjustable rate mortgage product ("Pick-A-
11  Payment" loans) did not use or reference to consumers any kind of "low initial 'teaser rates.'"

12

13

14    DATED:  April 7, 2008

15    REED SMITH LLP

16    By_____
17    Keith D. Yandell (SBN 233146)
      Attorneys for Defendants World Saving Bank, FSB
18    and Wachovia Mortgage Corporation

19

20

21

22

23

24

25

26

27

28

# Exhibit 4

# ARBOGAST & BERNS LLP

**Attorneys at Law**

19510 Ventura Boulevard, Suite 200• Tarzana, California 91356

Telephone (818) 961-2000 • Fax (310) 861-1775

April 15, 2008

Jack R. Nelson                                          *Via Email & U.S. Mail*
Keith D. Yandell                                        Jnelson@ReedSmith.com
REED SMITH LLP                                          Kyandell@ReedSmith.com
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

      Re:   Mandrigues, et. al.  v. World Savings, Inc., et. al.,
             U.S.D.C. Case No. C-07-04497

Dear Jack and Keith:

     I write concerning World Savings Bank, FSB's ("World") inadequate responses to Plaintiff's First Set of Special Interrogatories and First Set of Requests for Production of Documents. Therefore, please consider this letter to be an attempt to "meet and confer" pursuant to Fed. R. Civ. Proc., rule 37(a)(2)(B).

     This letter is also being sent in advance of our meet & confer conference set for Friday, April 18, 2008 at 1:00 p.m. It is Plaintiffs' desire to either resolve or substantially reduce the number of issues that may have to be resolved by the Court. However, Plaintiffs are informed and believe that Defendants are currently in the process of instituting and pursuing foreclosure proceedings against Plaintiffs and the putative Class members. Thus, Plaintiffs will be seeking an expedited discovery processes in this action to prevent consumers from losing their homes as a result of Defendants improper loan practices.

     Therefore, we hope that your client is prepared to resolve all outstanding discovery issues on or before Friday, April 18, 2008 or Plaintiffs will be left with no other option but to seek an expedited hearing to resolve these issues.

As discussed above, World's failure to respond to this interrogatory because of its claimed inability to understand the meaning of the term "ARM loans" as defined and used in this interrogatory is neither reasonable nor justified. The "ARM loans" at issue are loans identified by Defendant as "World's adjustable rate mortgage product ('Pick-A-Payment' loan)."

Moreover, Defendant's response that World "typically does not sell or assign loans" is evasive and non-responsive. If World sold or assigned any of the ARM loans at issue, it should provide the loan number, date of the loan, purchaser/assignee and date that it sold any such "Pick-A-Payment" ARM loans.

## Interrogatory No. 5:

This interrogatory seeks the name, address, telephone number, loan number and date of the loan for each of the putative Class members who were sold one of "World's adjustable rate mortgage product ('Pick-A-Payment' loan)" during the Liability Period.

"Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case. [Citations] Such disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." Pioneer Electronics (USA), Inc. v. Superior Court (2007) 40 Cal.4th 360, 373; see also Puerto v. Superior Court (Wild Oats Markets, Inc.) (2008) 158 Cal.App.4th 1242, 1254 ("This is basic civil discovery. ... Nothing could be more ordinary in discovery than finding out the location of identified witnesses so that they may be contacted and additional investigation performed.")

"[T]he minimal information Plaintiff requests is indeed contemplated under the Federal Rules of Civil Procedure ... as basic to the discovery process." Salazar v. Avis Budget Group, Inc. (SD Cal. 2007), 2007 WL 2990281 at *2.

Moreover, the Stipulated Protective Order proposed by Plaintiffs limits the use of the putative Class members contact information so that it will be "shielded from disclosure except to those who have a legitimate need to know." Pioneer, 40 Cal.4th at 521.

A full and complete response to this interrogatory should be forthcoming.

## IV.    CONCLUSION

We look forward to resolving, or at least attempting to resolve, all of these issues during our telephone conference on Friday, April 18, 2008 at 1 p.m.

Very truly yours,

**ARBOGAST & BERNS LLP**

By: _____

David M. Arbogast

Attorneys for Plaintiffs and all others
Similarly Situated

Enclosures

**Exhibit 5**

# ARBOGAST & BERNS LLP
### Attorneys at Law
19510 Ventura Boulevard, Suite 200• Tarzana, California 91356
Telephone (818) 961-2000 • Fax (310) 861-1775

April 30, 2008

Jack R. Nelson
Keith D. Yandell
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

*Via Facsimile & Email*
(415) 391-8269
Jnelson@ReedSmith.com
Kyandell@ReedSmith.com

> Re:  Mandrigues, et. al.  v. World Savings, Inc., et. al.,
> U.S.D.C. Case No. C-07-04497

Dear Jack and Keith:

I write to follow-up on our meet and confer discussion we had last Monday, April 21, 2008 concerning World Savings Bank, FSB's ("World") inadequate responses to Plaintiff's First Set of Special Interrogatories and First Set of Requests for Production of Documents.  Therefore, please consider this letter to be a further attempt to "meet and confer" pursuant to Fed. R. Civ. Proc., rule 37(a)(2)(B).

My notes reflect that you were going to send me an email last Friday (or at the very least, by this past Monday), as to what your client is willing to voluntarily respond to and/or produce. Below is a summary of where I believe we stand on the outstanding discovery issues.

## I.    PLAINTIFF'S FIRST SET OF INTERROGATORIES

**Interrogatory Nos. 2 and 3:**  These interrogatories seek the number of Adjustable Rate Mortgage's or so-called "Pick-A-Payment" loans that were sold by World during the Liability Period ( from August 29, 2003 to the date notice is mailed to the Class.)  My understanding is that your client has agreed to provide the number of "World's adjustable rate mortgage product ('Pick-A-Payment' loans)" for both "monthly" and "bi-weekly" ARM loans sold during the relevant period.

**Interrogatory No. 4:**  This interrogatory seeks the identity of any subsequent purchasers and/or assignees of the ARM loan's World sold during the Liability Period. My understanding is that you were going to get back to us as to whether your client will respond to this request.

**Interrogatory No. 5:**  This interrogatory seeks the name, address, telephone number, loan number and date of the loan for each of the putative Class members who were sold one of "World's adjustable rate mortgage product ('Pick-A-Payment' loan)" during the Liability Period. My understanding is that your client is going to stand on its objections and not voluntarily respond to this request.

**Interrogatory No. 6:**  This interrogatory seeks to have World identify the computer program or programs it used to create "World's adjustable rate mortgage product ('Pick-A-Payment' loan)" that it sold during the Liability Period. My understanding is that you were going to confer with your client about responding to this request and get back to me with a response by the end of last week.

**Interrogatory No. 7**:  This interrogatory seeks the identity of the persons or entities who designed, created and/or approved the loan documents for the "World's adjustable rate mortgage product ('Pick-A-Payment' loans)" it sold during the Liability Period. My understanding is that your client is going to respond by providing a process flow chart identifying the key personnel who approved the loan documents used by World.

**Interrogatory No. 8:**  This interrogatory seeks to have World identify the persons or entities who have serviced the "World's adjustable rate mortgage product ('Pick-A-Payment' loan[s])" that it sold during the Liability Period. Based on our conversation, my understanding is that World serviced approximately 99% of the loans and your client claims that responding to this request would be extremely difficult. However, as I pointed out, since the third-party servicers were collecting money for World, it is inconceivable that they would not have this information readily available to it, either on its computer system or in its accounting department. Nevertheless, my understanding was that you were going to discuss this with your client and let us know where it stands by last Friday.

**Interrogatory No. 9:**  This interrogatory seeks to have World identify each branch location in the United States where it sold, approved, serviced or otherwise made the World "Pick-A-Payment" ARM loans at issue. My understanding is that your client was going to provide a list of all its branch offices or "physical World locations."

**Request No. 11:**  This request seeks a complete copy of Defendant's document retention and/or document destruction, document organizing, and document archiving policies and procedures.  My understanding is that your client was going to produce a copy or copies of their retention program.

## III.    VERIFICATIONS

While the responses World provided on April 7, 2008 to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents included a sheet which stated: "Verification To Follow," we have yet to receive your client's verifications for its responses to these requests.  Please provide these verifications no later that the close of business on Friday.

## IV.    STIPULATED PROTECTIVE ORDER

Plaintiffs provided you with a revised Protective Order on April 23, 2008.  Another copy is attached to the email accompanying this email letter.  Please let us know if it is acceptable and if so, please execute and return your signed portion by the close of business on Friday.

## V.    CONCLUSION

Please let me know by the close of business on Friday, May 2, 2008 as to whether your client will voluntarily agree to provide responses or produce documents in response to the above mentioned requests.  If I do not hear from you by the close of business on Friday, I will assume that your client is standing on all of its objections and respond accordingly.

Very truly yours,

**ARBOGAST & BERNS LLP**

By:

David M. Arbogast

Attorneys for Plaintiffs and all others
Similarly Situated

`

# Exhibit 6

# ReedSmith

Reed Smith LLP
1999 Harrison Street
Suite 2400
Oakland, CA 94612-3572
+1 510 763 2000
Fax +1 510 273 8832
reedsmith.com

Keith D. Yandell
Direct Phone: +1 510 466 6820
Email: kyandell@reedsmith.com

May 7, 2008

**By Electronic Mail**

David Arbogast
Arbogast & Berns
19510 Ventura Boulevard, Suite 200
Tarzana, CA 91356

**Mandrigues, et al. v. World Savings, Inc., et al.**

Dear David:

I write in response to your April 30, 2008 letter regarding our meet and confer of April 21.

First, as indicated in my previous correspondence, we understood that you were going to contact us last Tuesday morning at 10:00 a.m. to further meet and confer. We arranged the call for Tuesday morning because, as we told you, Jack was leaving for the east coast later that day for the remainder of the week. We were surprised not to hear from you on Tuesday.

Given the foregoing, obviously we take issue with your persistent assertion that we "agreed" to provide you with written decisions on outstanding discovery issues by last Friday.

We have spent a significant amount of time discussing the issues raised during the April 21 meet and conferring with our client. Below please find an updated summary of World's stance on those issues.

## **INTERROGATORIES**

Interrogatories Nos. 2 and 3:

You requested in our meeting that World provide you with the number of Pick-A-Pay ("PAP") ARM loans, split out by state and between monthly and bi-weekly payment programs, that World Savings Bank, FSB ("World") made in the United States. You are correct that we have agreed to do so for the period from August of 2003 through December 31, 2007. We are not averse to updating those summary numbers periodically for PAP ARM originations after January 1, 2008, but we would need to pick a fixed "as of" date before providing any updated information and we will do so only a reasonable number of times.

Interrogatory No. 4:

We would like to discuss this further with you in our scheduled call on Wednesday. There are three issues here that are triggered by the question posed. One is that when World securitizes loans but

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

DOCSOAK-9907419 4-KYANDELL

David Arbogast
May 7, 2008
Page 2

**ReedSmith**

nonetheless is the only purchaser of the securities, and thus remains at all time the beneficial owner, custodian and servicer of the loans (World has not securitized any of its PAP ARMs for sale in the secondary market), there appears to be no probative value in the identity of the corporate trustee(s) that World uses to facilitate that arrangement. World nonetheless will identify the entities that World has used for any such transaction involving PAP ARMs originated after mid-August of 2003. World is also willing to produce, under protective order, a sample set of such documentation so that you will be able to see that no representations are made about PAP ARM disclosures or the like in connection with such transactions. (This was the main argument that you raised in our conversation for "needing" this information.) Beyond that, however, at least pre-certification, there certainly is no probative value in breaking this information down by individual loan as you request. World will not agree to undertake that needless burden.

The third issue is the small number of situations in which a borrower's title to the secured property is clouded and the title insurer is unable to resolve the cloud. Under the standard form ALTA policy, World, like any other lender, is entitled to transfer the compromised loan to the title insurer, without recourse, if the insurer does not wish to immediately pay the title claim under its policy. Whether the title insurer collects on the loan, releases it or takes other action, however, is no longer subject to World's control or influence and, moreover, the covenants of the promissory note (to deliver a valid security interest) have already been breached. World therefore removes those loans from its books when it transfers them to the title insurer.

Despite the lack of relevance to this action, as a courtesy World is willing to produce, under protective order, a sample agreement for such a situation so that you will be able to see that no representations are made about PAP ARM disclosures or the like in connection with such transactions. (Again, this was the main argument that you raised in our conversation for "needing" this information.) Between the burden of identifying such loans, their small number and the clearly disparate position that they occupy, however, World does not believe that the burden of identifying the specific title companies involved in such situations over a 5-year period is of any material probative value in this case.

Interrogatory No. 5:

World will not agree to produce any non-represented putative class member's personal identifying information, including home addresses or telephone numbers. Plaintiffs are not entitled to this information because 1) California and federal privacy laws protect such information and obligate World to take all steps necessary to protect that privacy, 2) the information sought is not probative enough to justify violation of those privacy rights, and 3) the burdens production would generate vastly outweigh any possible limited probative value that the sensitive information might carry.

*Right To Privacy*

Banks have an affirmative, continuing obligation to protect their customers' private financial information. Gramm-Leach-Bliley Act, 15 U.S.C. § 6801. A customer's financial information is separately protected by the California Constitution and its right to privacy. *Valley Bank of Nev. v. Sup. Ct.*, 15 Cal. 3d 652, 656 (1975). Statutory and case law mandate that a bank may not produce a customer's private financial information unless ordered to do so. *Pioneer Electronics (USA), Inc. v.*

David Arbogast
May 7, 2008
Page 3

**ReedSmith**

*Sup. Ct.*, 40 Cal. 4th 360, 368 (2007); *Valley Bank of Nev. v. Sup. Ct.*, 15 Cal. 3d 652, 657 (1975) ("*absent compulsion by legal process*, the matters he reveals to the bank will be utilized by the bank only for internal banking purposes" (emphasis in original)).

*Lack of Relevance*

Judicial economy concerns mandate limiting the scope, duration and permissible methods of pre-certification discovery. *Cram v. Elec. Data Sys. Corp.*, 2007 U.S. Dist. LEXIS 91294, 11-12 (S.D. Cal. Dec. 12, 2007); *see also Welch v. Eli Lilly*, 2008 U.S. Dist. LEXIS 32812 (2008) (refusing to allow precertification discovery of thousands of personnel records). Based on this maxim, courts do not allow plaintiffs to discover identifying information of putative class members absent a showing that the information is absolutely necessary in order to file a motion for class certification. *Palmer v. Stassinos*, 2005 U.S. Dist. LEXIS 41270, *13 (N.D. Cal. May 18, 2005) (denying motion to compel pre-certification discovery seeking the identities of putative class members because plaintiffs did not require such information to file a motion for class certification). This rule is buttressed by the truism that plaintiffs' lawyers often seek identifying information of putative class members in order to identify potential new clients rather than establish whether certification is appropriate. *Hatch v. Reliance Ins. Co.*, 758 F. 2d 409, 416 (9th Cir. 1985) (denying pre-certification motion to compel response to request seeking identifying information of putative class members).

At this stage of the litigation, Plaintiffs are simply not entitled to identifying information about putative class members. Relevant evidence is limited to evidence having any tendency to make the existence of a fact more or less probable. Fed. R. Evid. 401. Plaintiffs have not offered *any* explanation as to how the list of names addresses and telephone numbers, loan numbers and funding dates sought are probative of any of the four class certification inquiries: numerosity, commonality, typicality, and class representation. Fed. R. Evid. 23. The named plaintiffs purport to be representative of the putative class – there is no need for you to now discover and contact individual, non-represented, putative class members. Under your own Rule 11-based allegations, they are not "witnesses" in the case who have information that differ from that which your clients already possess. Further, even if the files or records at World that relate to individual putative class members might reflect information of probative value, disclosure of the identity of the borrowers is not necessary to discover this information – and certainly not disclosure of the identity of every borrower.

*Burden*

Finally, even if Plaintiffs could show some tangential relevance of putative class members' identities, the relevance of such information is outweighed by the burden World would endure in compiling a list of names, addresses, funding dates, etc. for over 500,000 borrowers. And besides the burden of production, the added burden on World of the *in terrorem* effect of identification and presumable pre-certification solicitation of the vast majority of its customer base to become involved in this action in some fashion is needless and presents serious risk of irrevocable harmful effect.

David Arbogast
May 7, 2008
Page 9

**ReedSmith**

Again, the problem is that there is no real ability to confidently pose that negative amortization is a cause of foreclosure as a general proposition.  Second, whether a loan ultimately goes into foreclosure – even if the loan carries a principal balance in part due to negative amortization at the time – has nothing whatsoever to do with what the borrower believed, understood, signed or was told at the time of the loan transaction.  Indeed, it would be ludicrous to argue that either a borrower or a federally chartered and regulated savings bank enters into a any secured loan fully expecting ultimate foreclosure. Finally and separately, and as we said in our discussion, identifying and producing all internals reports regarding foreclosures or projections of foreclosures on PAP ARMs (and /or the entire World portfolio, which includes PAP ARMs) is simply too broad a task.  It presents needless burden and, at least at the portfolio-wide level, some such material is highly sensitive.

We invite you to re-examine this request and explain why a general review of foreclosure rates or even the balances of delinquent or foreclosed loans, would be properly subject to discovery in a case aimed at class relief relative to the loan formation process.

## VERIFICATION

We can certainly provide a verification of World's Interrogatory answers, but wonder if it would not make more sense to provide a single verification when we supplement the responses as discussed above or as we may yet agree.  That is up to you.  Also, this will confirm that we will supplement World's response to Interrogatory No. 1 when we supplement the other Interrogatory responses as agreed.

Very truly yours,

Keith D. Yandell

KDY:dk