Jack R. Nelson (SBN 111863)
Keith D. Yandell (SBN 233146)
Alicia A. Adornato (SBN 254228)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant Wachovia Mortgage,
FSB, f/k/a and sued as "World Savings Bank,
FSB"

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLORES MANDRIGUES, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>     vs.<br><br>WORLD SAVINGS, INC., WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE CORPORATION, and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. C07 04497<br><br>**ANSWER OF DEFENDANT WACHOVIA MORTGAGE, FSB (FORMERLY KNOWN AS, AND SUED AS, "WORLD SAVINGS BANK, FSB") TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT**<br><br>Corrected Second Amended Complaint<br>Filed:              December 31, 2007<br><br>Honorable Jeremy Fogel |

Defendant Wachovia Mortgage, FSB, sued herein under its former name of "World Savings Bank, FSB" ("Defendant"), answers the Corrected Second Amended Complaint for Violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*; Fraudulent Omissions; Violations of the Bus. & Prof. Code § 17200, *et seq.* – "Unfair" and "Fraudulent" Business Practices; Breach of Contract; and Breach of Covenant of Good Faith and Fair Dealings ("CSAC") filed by Plaintiffs Dolores Mandrigues, Juanita Jones, Al F. Minyen and Wilma R. Minyen, Mark Clauson and Christina Clauson ("collectively, Plaintiffs") as follows:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## PRELIMINARY STATEMENT

To the extent the titles and headings inserted by Plaintiffs at various points in the CSAC are intended to make or infer claims or allegations against Defendant, they are denied.

To the extent Plaintiffs at various points refer to "Class Members," Defendant denies the existence of any class.

## NATURE OF THE CASE

1.  Answering Paragraph 1 of the CSAC, Defendant admits only that Plaintiffs seek the relief specified, but denies that Plaintiffs have any valid claim against Defendant, denies that Defendant violated or is violating the Truth in Lending Act ("TILA"), California's Unfair Competition Law ("UCL") and/or any other statutory and common law, denies failing to disclose any matters to the named Plaintiffs or any member of the putative class and denies that Plaintiffs are entitled to any relief against Defendant.  Defendant denies the remaining allegations of Paragraph 1 of the CSAC.

## PARTIES

2.  Answering Paragraph 2 of the CSAC, Defendant admits only that on or about August 4, 2006, Plaintiff Dolores Mandrigues ("Mandrigues") refinanced her home and entered into a financing agreement with Defendant, that Exhibit 1 is a copy of the form of promissory note that Mandrigues executed and that Exhibit 1 is a copy of the form of Truth in Lending Act Disclosure Statement ("TILDS") that Mandrigues executed, but denies that Exhibit 1 includes the final executed copy of either the note or the TILDS.  Defendant can neither admit nor deny the remaining allegations of Paragraph 2 because it lacks sufficient knowledge and information on

which to base a responsive pleading as to where Mandrigues presently maintains her primary residence.

3.    Answering Paragraph 3 of the CSAC, Defendant admits only that on or about January 7, 2006, Plaintiff Juanita Jones ("Jones") refinanced her home and entered into a financing agreement with Defendant, that Exhibit 1 contains a copy of the form of promissory note that Jones executed and that Exhibit 1 contains a copy of the form of TILDS that Jones executed, but denies that Exhibit 2 includes the final executed copy of either the note or the TILDS.    Defendant can neither admit nor deny the remaining allegations of Paragraph 3 because it lacks sufficient knowledge and information on which to base a responsive pleading as to where Jones presently maintains her primary residence.

4.    Answering Paragraph 4 of the CSAC, Defendant admits only that Plaintiffs Al F. and Wilma Minyen ("the Minyens") entered into a financing agreement with Defendant, alleges that Exhibit 3 contains a copy of the promissory note, the TILDS and the "Loan Program Disclosure" that the Minyens executed, but denies that a "Mildred R. Minyen" obtained financing from Defendant.    Defendant can neither admit nor deny the remaining allegations of Paragraph 4 because it lacks sufficient knowledge and information on which to base a responsive pleading as to where the Minyens presently maintain their primary residence.

5.    Answering Paragraph 5 of the CSAC, Defendant admits only that on or about June 24, 2005, Plaintiffs Mark Clauson and Christina Clauson ("the Clausons") entered into a financing agreement with Defendant and that Exhibit 4 contains a copy of the form of promissory note that the Clausons executed, alleges that Exhibit 4 also contains a TILDS that Mark Clauson executed and which is identical to a TILDS that Christina Clauson executed, but denies that Exhibit 4 includes the final executed copy of the Clausons' promissory note.    Defendant can neither admit nor deny the remaining allegations of Paragraph 5 because it lacks sufficient knowledge and information on

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

which to base a responsive pleading as to where the Clausons presently maintain their primary residence

6.   Answering Paragraph 6 of the CSAC, Defendant denies the existence of any class.

7.   Answering Paragraph 7 of the CSAC, Defendant admits that World Savings, Inc. is a California corporation and denies the remaining allegations.

8.   Answering Paragraph 8 of the CSAC, Defendant denies the allegations.

9.   Answering Paragraph 9 of the CSAC, Defendant admits that Wachovia Mortgage Corporation is a North Carolina corporation and denies the remaining allegations.

10. Answering Paragraph 10 of the CSAC, Defendant neither admits nor denies the allegations because they lack knowledge and information on which to base a responsive pleading.

11. Answering Paragraph 11 of the CSAC, Defendant admits that it has marketed and sold adjustable rate mortgages with a payment option feature in various parts of the United States, including Santa Clara County, California, but denies the remaining allegations.

12. Answering Paragraph 12 of the CSAC, Defendant denies the allegations and denies that Plaintiffs and/or the putative class members were injured in any way or at all.

13. Answering Paragraph 13 of the CSAC, Defendant denies the allegations.

14. Answering Paragraph 14 of the CSAC, Defendant denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

15. Answering Paragraph 15 of the CSAC, Defendant admits that it has conducted business in California, and denies the remaining allegations.

16. Answering Paragraph 16 of the CSAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the co-defendants and, on that ground, denies them.

17. Answering Paragraph 17 of the CSAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against the co-defendants and, on that ground, denies them.

18. Answering Paragraph 18 of the CSAC, Defendant denies the allegations.

## JURISDICTIONAL ALLEGATIONS

19. Answering Paragraph 19 of the CSAC, Defendant admits only that Plaintiffs purport to invoke the jurisdiction of the Court.  Defendant denies any substantive claims implied by the allegations of Paragraph 19 of the CSAC.

20. Answering Paragraph 20 of the CSAC, Defendant admits only that Plaintiffs purport to invoke the jurisdiction of the Court.  Defendant denies any substantive claims implied by the allegations of Paragraph 20 of the CSAC.

21. Answering Paragraph 21 of the CSAC, Defendant admits only that Plaintiffs purport to lay proper venue for this suit with the Court.  Defendant denies any substantive claims implied by the remaining allegations of Paragraph 21 of the CSAC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REED SMITH LLP**
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GENERAL ALLEGATIONS

22. Answering Paragraph 22 of the CSAC, Defendant denies the allegations.

23. Answering Paragraph 23 of the CSAC, Defendant denies the allegations and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

24. Answering Paragraph 24 of the CSAC, Defendant denies the allegations and further denies that it engaged in any improper conduct towards Plaintiffs and/or any member of the putative class.

25. Answering Paragraph 25 of the CSAC, Defendant admits only that it offers a variable rate home loan product with payment change protection provisions and that Plaintiffs each obtained such a loan from Defendant, but denies the remaining allegations and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

26. Answering Paragraph 26 of the CSAC, to the extent it states conclusions of law, no response is required. Defendant denies all remaining factual allegations of Paragraph 26 of the CSAC, and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

27. Answering Paragraph 27 of the CSAC, Defendant denies the allegations.

28. Answering Paragraph 28 of the CSAC, Defendant admits only that Plaintiffs each applied for and obtained one or more loans from Defendant and that one feature of the loans obtained was the flexibility to choose to make payments at certain levels at certain times, but denies the remaining allegations and further denies that it made any misrepresentations to Plaintiffs and/or any member of the putative class.

29. Answering Paragraph 29 of the CSAC, Defendant alleges that the various sets of loan contract documents and disclosures, including the TILDS, provided to each Plaintiff and members of the putative class each speak for themselves, and Defendant denies the allegations of Paragraph 29 of the CSAC.

30. Answering Paragraph 30 of the CSAC, Defendant denies the allegations.

31. Answering Paragraph 31 of the CSAC, Defendant denies the allegations.

32. Answering Paragraph 32 of the CSAC, Defendant denies the allegations.

33. Answering Paragraph 33 of the CSAC, Defendant denies the allegations.

34. Answering Paragraph 34 of the CSAC, Defendant denies the allegations and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

35. Answering Paragraph 35 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant denies the allegations of Paragraph 35 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

36. Answering Paragraph 36 of the CSAC, Defendant denies the allegations.

37. Answering Paragraph 37 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of Paragraph 35 of the CSAC, including each of its subparts, and further denies that Defendant misled Plaintiffs and/or any member of the putative class.

38. Answering Paragraph 38 of the CSAC, Defendant denies the allegations and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

39. Answering Paragraph 39 of the CSAC, Defendant denies the allegations and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

40. Answering Paragraph 40 of the CSAC, Defendant denies the allegations and further denies that it failed to disclose any information, including information consumers might wish to know about the existence, effect or possibility of negative amortization, or about any other matter, to Plaintiffs and/or any member of the putative class.

41. Answering Paragraph 41 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 41 of the CSAC and further denies that it failed to disclose any information, including information consumers might wish to know about the existence, effect or possibility of negative amortization, or about any other matter, to Plaintiffs and/or any member of the putative class.

42. Answering Paragraph 42 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 42 of the CSAC and further denies that it failed to disclose any information, including information consumers might wish to know about the existence, effect or possibility of negative amortization, or about any other matter, to Plaintiffs and/or any member of the putative class.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    43. Answering Paragraph 43 of the CSAC, Defendant denies the allegations.

2

3    44. Answering Paragraph 44 of the CSAC, Defendant denies the allegations and further

4    denies that it failed to disclose any information, including information consumers might wish to

5    know about the existence, effect or possibility of negative amortization, or about any other matter,

6    to Plaintiffs and/or any member of the putative class.

7

8    45. Answering Paragraph 45 of the CSAC, Defendant denies the allegations and further

9    denies that it failed to disclose any information, including information consumers might wish to

10   know about the existence, effect or possibility of negative amortization, or about any other matter,

11   to Plaintiffs and/or any member of the putative class.

12

13   46. Answering Paragraph 46 of the CSAC, Defendant denies the allegations and denies

14   that Plaintiffs were injured in any way or at all.

15

16   47. Answering Paragraph 47 of the CSAC, Defendant denies the allegations and further

17   denies that it misled or deceived Plaintiffs and/or any member of the putative class in any way or at

18   all.

19

20   48. Answering Paragraph 48 of the CSAC, Defendant denies the allegations and denies

21   that Plaintiffs were injured in any way or at all.

22

23   49. Answering Paragraph 49 of the CSAC, Defendant denies the allegations and further

24   denies that it misled or deceived Plaintiffs and/or any member of the putative class in any way or at

25   all.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

50. Answering Paragraph 50 of the CSAC, Defendant denies the allegations and further denies that it misled or deceived Plaintiffs and/or any member of the putative class in any way or at all.

51. Answering Paragraph 51 of the CSAC, Defendant denies the allegations and further denies that it misled or deceived Plaintiffs and/or any member of the putative class in any way or at all.

52. Answering Paragraph 52 of the CSAC, Defendant admits only that it has and sold adjustable rate mortgages with a payment option feature in various parts of the United States, including California, and denies the remaining allegations and further denies that it misled or deceived Plaintiffs and/or any member of the putative class in any way or at all.

## CLASS ACTION ALLEGATIONS

53. Answering Paragraph 53 of the CSAC, to the extent it states conclusions of law, no response is required. Defendant denies all remaining substantive factual allegations of Paragraph 53 of the CSAC and further denies the existence of any class.

54. Answering Paragraph 54 of the CSAC, Defendant denies the allegations and further denies the existence of any class.

55. Answering Paragraph 55 of the CSAC, Defendant denies the allegations of Paragraph 55 of the CSAC, including subparagraphs (1) – (18), and further denies the existence of any class.

56. Answering Paragraph 56 of the CSAC, Defendant denies the allegations, denies the existence of any class and further denies that it engaged in any unlawful conduct.

1    57. Answering Paragraph 57 of the CSAC, Defendant denies the allegations and further

2    denies the existence of any class.

3

4    58. Answering Paragraph 58 of the CSAC, Defendant denies the allegations.

5

6    59. Answering Paragraph 59 of the CSAC, to the extent it states conclusions of law, no

7    response is required.  Defendant denies all remaining allegations of Paragraph 59 of the CSAC:

8

9    **FIRST CAUSE OF ACTION**

10    60. Answering Paragraph 60 of the CSAC, Defendant re-alleges and reasserts its

11    foregoing responses to Paragraphs 1 through 59.

12

13    61. Answering Paragraph 61 of the CSAC, Defendant alleges that the statute, regulations

14    and Federal Reserve Board's Official Staff Commentary ("Commentary") cited each speak for

15    themselves.  Defendant denies any remaining substantive factual allegations of Paragraph 61 of the

16    CSAC.

17

18    62. Answering Paragraph 62 of the CSAC, Defendant alleges that the regulation cited

19    speaks for itself.  Defendant denies any remaining substantive factual allegations of Paragraph 62 of

20    the CSAC.

21

22    63. Answering Paragraph 63 of the CSAC, Defendant alleges that the regulation cited

23    speaks for itself.  Defendant denies any remaining substantive factual allegations of Paragraph 63 of

24    the CSAC.

25

26    64. Answering Paragraph 64 of the CSAC, Defendant alleges that the statute cited speaks

27    for itself.  Defendant denies any remaining substantive factual allegations of Paragraph 64 of the

28    CSAC.

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

65. Answering Paragraph 65 of the CSAC, Defendant denies the allegations, denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class and further denies that its loan documents or disclosures violated TILA in any way or at all.

66. Answering Paragraph 66 of the CSAC, Defendant denies the allegations and further denies that it violated TILA in any way or at all.

67. Answering Paragraph 67 of the CSAC, Defendant alleges that the TILA statute speaks for itself. Defendant denies any remaining substantive factual allegations of Paragraph 67 of the CSAC.

68. Answering Paragraph 68 of the CSAC, Defendant alleges that the TILA statute speaks for itself. Defendant denies any remaining substantive factual allegations of Paragraph 68 of the CSAC, denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class and further denies that its loan documents or disclosures violated TILA in any way or at all.

69. Answering Paragraph 69 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 69 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class and further denies that its loan documents or disclosures violated TILA in any way or at all.

70. Answering Paragraph 70 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  of Paragraph 70 of the CSAC and further denies that it failed to disclose any information to

2  Plaintiffs and/or any member of the putative class.

3

4        71. Answering Paragraph 71 of the CSAC, Defendant alleges that the various sets of

5  contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the

6  members of the putative class each speak for themselves, and Defendant thus denies the allegations

7  of Paragraph 71 of the CSAC and further denies that it failed to disclose any information to

8  Plaintiffs and/or any member of the putative class.

9

10        72. Answering Paragraph 72 of the CSAC, Defendant alleges that the various sets of

11  contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the

12  members of the putative class each speak for themselves, and Defendant thus denies the allegations

13  of Paragraph 72 of the CSAC and further denies that it failed to disclose any information to

14  Plaintiffs and/or any member of the putative class.

15

16        73. Answering Paragraph 73 of the CSAC, Defendant alleges that the various sets of

17  contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the

18  members of the putative class each speak for themselves, and Defendant thus denies the allegations

19  of Paragraph 73 of the CSAC and further denies that it misled Plaintiffs and/or any member of the

20  putative class.

21

22        74. Answering Paragraph 74 of the CSAC, Defendant alleges that the various sets of

23  contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the

24  members of the putative class each speak for themselves, and Defendant thus denies the allegations

25  of Paragraph 74 of the CSAC and further denies that it misled Plaintiffs and/or any member of the

26  putative class.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

75. Answering Paragraph 75 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 75 of the CSAC and further denies that it misled Plaintiffs and/or any member of the putative class.

76. Answering Paragraph 76 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 76 of the CSAC and further denies that its TILDS are deceptive in any manner or at all.

77. Answering Paragraph 77 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 77 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

78. Answering Paragraph 78 of the CSAC, Defendant alleges that the regulation cited speaks for itself. Defendant denies any remaining substantive factual allegations of Paragraph 78 of the CSAC.

79. Answering Paragraph 79 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 79 of the CSAC.

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

80. Answering Paragraph 80 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 80 of the CSAC.

81. Answering Paragraph 81 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 81 of the CSAC.

82. Answering Paragraph 82 of the CSAC, Defendant admits only that it sold adjustable rate mortgages with a payment change protection feature in various parts of the United States, alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and denies the allegations of Paragraph 77 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

83. Answering Paragraph 83 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, denies the allegations of Paragraph 83 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

84. Answering Paragraph 84 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, denies the allegations of Paragraph 84 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

85. Answering Paragraph 85 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, denies the allegations of Paragraph 85 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

86. Answering Paragraph 86 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 86 of the CSAC.

87. Answering Paragraph 87 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 87 of the CSAC.

88. Answering Paragraph 88 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 69 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class and further denies that its loan documents or disclosures violated TILA in any way or at all.

89. Answering Paragraph 89 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 89 of the CSAC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

90. Answering Paragraph 90 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 90 of the CSAC.

91. Answering Paragraph 91 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 91 of the CSAC.

92. Answering Paragraph 92 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly. Defendant denies any remaining implied substantive factual allegations of Paragraph 92 of the CSAC.

93. Answering Paragraph 93 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 92 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class and further denies that its loan documents or disclosures violated TILA in any way or at all.

94. Answering Paragraph 94 of the CSAC, Defendant alleges that the various sets of contract documents and disclosures, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 94 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

95. Answering Paragraph 95 of the CSAC, Defendant admits that it has sold some adjustable rate mortgages with a payment change protection feature, alleges that the payment change limitation most often was a maximum 7.5% rise annually for a set period, subject to certain exceptions, and denies all remaining allegations of Paragraph 95 of the CSAC.

96. Answering Paragraph 96 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, alleges that Plaintiffs interpret them incorrectly and thus denies all remaining allegations of Paragraph 96 of the CSAC.

97. Answering Paragraph 97 of the CSAC, Defendant denies the allegations and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

98. Answering Paragraph 98 of the CSAC, Defendant denies the allegations and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class and further denies that it violated TILA in any way or at all.

99. Answering Paragraph 99 of the CSAC, Defendant denies that Plaintiffs or any member(s) of a putative class have any valid claim against Defendant, for relief or damages of any kind, individual, class or otherwise.

## SECOND CAUSE OF ACTION

100.    Answering Plaintiffs' *second* Paragraph 90 on page 24 of the CSAC,[1] Defendant re-alleges and reasserts its foregoing responses to Paragraphs 1 through 99.

---

[1] Plaintiffs' CSAC goes from paragraph 99 to paragraph 90 and then again through paragraph 99. Defendant will refer to the second set of numbered paragraphs as such.

101.    Answering Plaintiffs' second Paragraph 91 on page 24 of the CSAC, Defendant alleges that TILA and its implementing regulations speak for themselves, and alleges that Plaintiffs interpret them incorrectly.  Defendant denies any remaining implied substantive factual allegations of Plaintiffs' second Paragraph 91 of the CSAC.

102.    Answering Plaintiffs' second Paragraph 92 on page 24 of the CSAC, Defendant denies the allegations and further denies that it made any misrepresentation or incomplete representation to Plaintiffs or any member of the putative class.

103.    Answering Plaintiffs' second Paragraph 93 on page 24 of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant denies the remaining allegations of Plaintiffs' second Paragraph 93 of the CSAC.

104.    Answering Plaintiffs' second Paragraph 94 on page 25 of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant denies the remaining allegations of Plaintiffs' second Paragraph 94 of the CSAC and further denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any member of the putative class.

105.    Answering Plaintiffs' second Paragraph 95 on page 25 of the CSAC, Defendant denies the allegations and further denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any member of the putative class.

106.    Answering Plaintiffs' second Paragraph 96 on page 25 of the CSAC, Defendant alleges that the various sets of contract documents, including the TILDS, provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    denies the remaining allegations of Plaintiffs' second Paragraph 96 of the CSAC and further denies

2    that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

3

4        107.        Answering Plaintiffs' second Paragraph 97 on page 25 of the CSAC,

5    Defendant alleges that the various sets of contract documents, including the TILDS, provided to

6    each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant

7    denies the remaining allegations of Plaintiffs' second Paragraph 97 of the CSAC and further denies

8    that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any

9    member of the putative class.

10

11        108.        Answering Plaintiffs' second Paragraph 98 on pages 25 and 26 of the CSAC,

12    Defendant alleges that the various sets of contract documents, including the TILDS, provided to

13    each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant

14    denies the remaining allegations of Plaintiffs' second Paragraph 98 of the CSAC and further denies

15    that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any

16    member of the putative class.

17

18        109.        Answering Plaintiffs' second Paragraph 99 on page 26 of the CSAC,

19    Defendant alleges that the various sets of contract documents, including the TILDS, provided to

20    each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant

21    denies the remaining allegations of Plaintiffs' second Paragraph 99 of the CSAC and further denies

22    that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any

23    member of the putative class.

24

25        110.        Answering Paragraph 100 of the CSAC, Defendant alleges that the various

26    sets of contract documents, including the TILDS, provided to each Plaintiff and/or the members of

27    the putative class each speak for themselves, and Defendant denies the remaining allegations of

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

1  Paragraph 100 of the CSAC and further denies that it made any false statement, or failed to disclose

2  any information, to Plaintiffs and/or any member of the putative class.

3

4      111.    Answering Paragraph 101 of the CSAC, Defendant alleges that the various

5  sets of contract documents, including the TILDS, provided to each Plaintiff and/or the members of

6  the putative class each speak for themselves, and Defendant denies the remaining allegations of

7  Paragraph 101 of the CSAC and further denies that it made any false statement, or failed to disclose

8  any information, to Plaintiffs and/or any member of the putative class.

9

10      112.    Answering Paragraph 102 of the CSAC, Defendant denies all the allegations,

11  denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any

12  member of the putative class and further denies that Plaintiffs and/or any member of the putative

13  class have been injured in any way or at all.

14

15      113.    Answering Paragraph 103 of the CSAC, Defendant denies all the allegations,

16  denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any

17  member of the putative class and further denies that Plaintiffs and/or any member of the putative

18  class have been injured in any way or at all, or that Plaintiffs and/or any member of the putative

19  class are entitled to punitive damages.

20

21      114.    Answering Paragraph 104 of the CSAC, Defendant denies that Plaintiffs or

22  any member(s) of a putative class have any valid claim against Defendant, for relief or damages of

23  any kind, individual, class or otherwise.

24

25

26

27

28

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**THIRD CAUSE OF ACTION**

2

3       115.      Answering Paragraph 105 of the CSAC, Defendant re-alleges and reasserts its

4   foregoing responses to Paragraphs 1 through 104 and the second set of Paragraphs numbered 90 –

5   99.

6

7       116.      Answering Paragraph 106 of the CSAC, Defendant admits that Plaintiffs

8   purport to bring this case as alleged, but denies the conclusions, assertions and allegations set forth

9   in Paragraph 106 of the CSAC and further denies the existence of any class.

10

11      117.      Answering Paragraph 107 of the CSAC, Defendant admits that Plaintiffs

12  purport to bring this case as alleged, but denies the conclusions and allegations stated in Paragraph

13  107 of the CSAC, denies the existence of any class and further denies that Defendant should be

14  obligated to Plaintiffs and/or any member of the purported class for any type of relief.

15

16      118.      Answering Paragraph 108 of the CSAC, Defendant admits that Plaintiffs

17  purport to bring this case as alleged, but denies the conclusions assertions and implied allegations

18  stated in Paragraph 108 of the CSAC, denies the existence of any class and further denies that

19  Defendant has failed to disclose any information to Plaintiffs and/or any member of the purported

20  class.

21

22      119.      Answering Paragraph 109 of the CSAC, Defendant alleges that the various

23  sets of contract documents provided to each Plaintiff and/or the members of the putative class each

24  speak for themselves, and Defendant thus denies the allegations of Paragraph 109 of the CSAC and

25  further denies that it made any false statement, or failed to disclose any information, to Plaintiffs

26  and/or any member of the putative class.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

120.    Answering Paragraph 110 of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 110 of the CSAC and further denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any member of the putative class.

121.    Answering Paragraph 112[2] of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 112 of the CSAC and further denies that it failed to disclose any information to Plaintiffs and/or any member of the putative class.

122.    Answering Paragraph 113 of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 113 of the CSAC and further denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any member of the putative class.

123.    Answering Paragraph 114 of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 114 of the CSAC and further denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any member of the putative class.

---

[2] There is no Paragraph 111 in the CSAC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

124. Answering Paragraph 115 of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant denies the allegations of Paragraph 115 of the CSAC.

125. Answering Paragraph 116 of the CSAC, Defendant denies the allegations.

126. Answering Paragraph 117 of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 117 of the CSAC and further denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any member of the putative class.

127. Answering Paragraph 118 of the CSAC, Defendant alleges that the various sets of contract documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and Defendant thus denies the allegations of Paragraph 118 of the CSAC and further denies that it made any false statement, or failed to disclose any information, to Plaintiffs and/or any member of the putative class.

128. Answering Paragraph 119 of the CSAC, Defendant denies the allegations and further denies that it engaged in the conduct alleged.

129. Answering Paragraph 120 of the CSAC, Defendant denies the allegations and further denies that it engaged in the conduct alleged.

130. Answering Paragraph 121 of the CSAC, Defendant denies the allegations, denies that it failed to disclose any information, to Plaintiffs and/or any member of the putative class and further denies that any of Plaintiffs or any member of the putative class was or was likely to be deceived by any conduct of Defendant.

1   131.     Answering Paragraph 122 of the CSAC, Defendant denies the allegations and

2   further denies that it engaged in any misconduct.

3

4   132.     Answering Paragraph 123 of the CSAC, Defendant alleges that the various

5   sets of contract documents provided to each Plaintiff and/or the members of the putative class each

6   speak for themselves with respect to monies paid to Defendant under the terms of such loan

7   agreements, and Defendant denies the remaining allegations of Paragraph 123 of the CSAC and

8   further denies that the implied allegation that Defendant engaged in any type of misconduct.

9

10   133.     Answering Paragraph 124 of the CSAC, Defendant denies that Plaintiffs are

11   entitled to any relief.  Defendant denies all remaining allegations of Paragraph 124 of the CSAC.

12

13   134.     Answering Paragraph 125 of the CSAC, Defendant denies that Plaintiffs or

14   any member(s) of a putative class are entitled to or have any valid claim against Defendant for relief

15   or damages of any kind, individual, class or otherwise, denies that Plaintiffs and/or any member of a

16   putative class has sustained any kind of harm or injury and further denies that Defendant engaged in

17   any kind of unlawful or improper activity.

18

19   135.     Answering Paragraph 126 of the CSAC, Defendant denies that Plaintiffs or

20   any member(s) of a putative class are entitled to or have any valid claim against Defendant for relief

21   or damages of any kind, individual, class or otherwise, denies that Plaintiffs and/or any member of a

22   putative class has sustained or is threatened with any kind of harm or injury and further denies that

23   Defendant engaged in any kind of improper activity.

24

25   136.     Answering Paragraph 127 of the CSAC, Defendant denies that Plaintiffs or

26   any member(s) of a putative class are entitled to or have any valid claim against Defendant, for

27   relief or damages of any kind, individual, class or otherwise, denies that Plaintiffs and/or any

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

member of a putative class has sustained any kind of harm or injury and further denies that Defendant engaged in any kind of unlawful or improper activity.

137.    Answering Paragraph 128 of the CSAC, Defendant denies that Plaintiffs or any member(s) of a putative class are entitled to or have any valid claim against Defendant, for relief or damages of any kind, individual, class or otherwise, and further denies that Defendant engaged in any kind of unlawful or improper activity.

**FOURTH CAUSE OF ACTION**

138.    Answering Paragraph 129 of the CSAC, Defendant re-alleges and reasserts its foregoing responses to Paragraphs 1 through 110 and 112 through 128 and the second set of Paragraphs numbered 90 – 99.

139.    Answering Paragraph 130 of the CSAC, Defendant admits that home loans made by Defendant are governed in part by promissory notes, the original form of which is created by Defendant, alleges that the various sets of loan documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and denies all remaining allegations of Paragraph 130 of the CSAC.

140.    Answering Paragraph 131 of the CSAC, Defendant alleges that the various promissory notes provided to each Plaintiff and/or the members of the putative class each speak for themselves, and denies all remaining allegations of Paragraph 131 of the CSAC.

141.    Answering Paragraph 132 of the CSAC, Defendant alleges that the various promissory notes provided to each Plaintiff and/or the members of the putative class each speak for themselves, admits that Defendant has issued forms of promissory notes on adjustable rate mortgages with variable payment option features that contain the phrase "I will pay Principal and

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Interest by making payments every month," and denies all remaining implied conclusions or

2    allegations of Paragraph 132 of the CSAC.

3

4        142.    Answering Paragraph 133 of the CSAC, Defendant alleges that the various

5    sets of loan documents provided to each Plaintiff and/or the members of the putative class each

6    speak for themselves, admits that Defendant issues TILDS relating to adjustable rate mortgages

7    with variable payment option features that contain payment schedules and denies all remaining

8    implied conclusions or allegations of Paragraph 133 of the CSAC.

9

10       143.    Answering Paragraph 134 of the CSAC, Defendant alleges that the various

11   sets of loan documents provided to each Plaintiff and/or the members of the putative class each

12   speak for themselves, denies the implied conclusions or allegations and Paragraph 134 of the CSAC

13   and further denies that any of the sets of loan documents provided to Plaintiff and/or the members of

14   the putative class are or were uncertain or ambiguous.

15

16       144.    Answering Paragraph 135 of the CSAC, Defendant admits that home loans

17   made by Defendant are governed in part by promissory notes, the original form of which is created

18   by Defendant, alleges that the various sets of loan documents provided to each Plaintiff and/or the

19   members of the putative class each speak for themselves, and denies all remaining allegations of

20   Paragraph 135 of the CSAC.

21

22       145.    Answering Paragraph 136 of the CSAC, Defendant alleges that the various

23   sets of loan documents provided to each Plaintiff and/or the members of the putative class each

24   speak for themselves, denies the allegations of Paragraph 136 of the CSAC and further denies

25   breaching agreement with any Plaintiff and/or the member of the putative class.

26

27       146.    Answering Paragraph 137 of the CSAC, Defendant alleges that the various

28   sets of loan documents provided to each Plaintiff and/or the members of the putative class each

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   speak for themselves, denies the allegations of Paragraph 137 of the CSAC and further denies

2   engaging in any improper or unauthorized conduct towards any of the Plaintiffs and/or members of

3   the putative class.

4

5        147.      Answering Paragraph 138 of the CSAC, Defendant alleges that the various

6   sets of loan documents provided to each Plaintiff and/or the members of the putative class each

7   speak for themselves, denies the allegations of Paragraph 136 of the CSAC and further denies

8   breaching agreement with any Plaintiff and/or the member of the putative class.

9

10       148.      Answering Paragraph 139 of the CSAC, Defendant denies the allegations

11  made with respect to the Plaintiffs and alleged members of the putative class collectively.

12

13       149.      Answering Paragraph 140 of the CSAC, Defendant alleges that the various

14  sets of loan documents provided to each Plaintiff and/or the members of the putative class each

15  speak for themselves, denies the allegations of Paragraph 140 of the CSAC, denies breaching

16  agreement with any Plaintiff and/or the member of the putative class and further denies that

17  Plaintiffs and/or any member of a putative class has sustained or will sustain any kind of harm or

18  injury as the result of any conduct of Defendant as alleged.

19

20       150.      Answering Paragraph 141 of the CSAC, Defendant alleges that the various

21  promissory notes provided to each Plaintiff and/or the members of the putative class each speak for

22  themselves, and denies all allegations of Paragraph 141 of the CSAC.

23

24       151.      Answering Paragraph 142 of the CSAC, Defendant denies the allegations,

25  denies that any of Plaintiffs and/or any member of a putative class has any valid claim against

26  Defendant and further denies that Plaintiffs and/or any member of a putative class has sustained or

27  will sustain any kind of harm or injury as the result of any conduct of Defendant.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

**FIFTH CAUSE OF ACTION**

152.    Answering Paragraph 143 of the CSAC, Defendant re-alleges and reasserts its foregoing responses to Paragraphs 1 through 110 and 112 through 142 and the second set of Paragraphs numbered 90 – 99.

153.    Answering Paragraph 144 of the CSAC, Defendant admits that home loans made by Defendant are governed in part by various writings, alleges that the various sets of loan documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and denies the remaining allegations of Paragraph 144 of the CSAC.

154.    Answering Paragraph 145 of the CSAC, Defendant admits that home loans made by Defendant are governed in part by various writings, alleges that the various sets of loan documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and denies the remaining allegations of Paragraph 145 of the CSAC.

155.    Answering Paragraph 146 of the CSAC, Defendant alleges that the various sets of loan documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and denies the allegations of Paragraph 146 of the CSAC.

156.    Answering Paragraph 147 of the CSAC, Defendant alleges that the various sets of loan documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and denies the allegations of Paragraph 147 of the CSAC.

157.    Answering Paragraph 148 of the CSAC, Defendant alleges that the various sets of loan documents provided to each Plaintiff and/or the members of the putative class each speak for themselves, and denies the allegations.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1        158.      Answering Paragraph 149 of the CSAC, Defendant alleges that the various

2    sets of loan documents provided to each Plaintiff and/or the members of the putative class each

3    speak for themselves, and denies the allegations of Paragraph 149 of the CSAC, denies any

4    "interference" with the rights or obligations of Plaintiffs and/or the members of the putative class

5    and further denies that any of Plaintiffs and/or any member of the putative class has sustained or

6    will sustain any kind of harm or injury as the result of any conduct of Defendant.

7

8        159.      Answering Paragraph 150 of the CSAC, Defendant denies the allegation made

9    with respect to the Plaintiffs and alleged members of the putative class collectively.

10

11        160.      Answering Paragraph 151 of the CSAC, Defendant alleges that the various

12    sets of loan documents provided to each Plaintiff and/or the members of the putative class each

13    speak for themselves, and denies the allegations of Paragraph 151 of the CSAC, denies any

14    "interference" with the rights or obligations of Plaintiffs and/or the members of the putative class,

15    denies that it failed to disclose any information to Plaintiffs and/or the members of the putative class

16    and further denies that any of Plaintiffs and/or any member of the putative class has sustained or

17    will sustain any kind of harm or injury as the result of any conduct of Defendant.

18

19        161.      Answering Paragraph 152 of the CSAC, Defendant denies the allegations,

20    denies breaching any part of any agreement with any of the Plaintiffs and/or the members of the

21    putative class, denies engaging in improper acts and further denies that it misled or failed to disclose

22    any information to Plaintiffs and/or the members of the putative class.

23

24        162.      Answering Paragraph 153 of the CSAC, Defendant denies the allegations and

25    further denies breaching any part of any agreement with any of the Plaintiffs and/or the members of

26    the putative class.

27

28

163. Answering Paragraph 154 of the CSAC, Defendant admits that it has sold adjustable rate mortgages with a payment option feature in various parts of the United States, including California, and that it possesses knowledge and information about such loans, but denies all remaining allegations of Paragraph 154 of the CSAC.

164. Answering Paragraph 155 of the CSAC, Defendant denies the allegations and denies that it acted improperly in any fashion.

165. Answering Paragraph 156 of the CSAC, Defendant denies the allegations and denies that it acted improperly in any fashion.

166. Answering Paragraph 157 of the CSAC, Defendant denies the allegations, denies that any of Plaintiffs and/or any member of a putative class has any valid claim against Defendant, denies that it acted improperly in any fashion and further denies that Plaintiffs and/or any member of a putative class has sustained or will sustain any kind of harm or injury as the result of any conduct of Defendant.

167. Answering Paragraph 158 of the CSAC, Defendant denies the allegations, denies that any of Plaintiffs and/or any member of a putative class has any valid claim against Defendant, denies that it acted improperly in any fashion and further denies that Plaintiffs and/or any member of a putative class has sustained or will sustain any kind of harm or injury as the result of any conduct of Defendant.

## DEFENSES

Defendant, while reserving the right to assert other affirmative defenses as discovery proceeds, without assuming the burden of proof when the burden of proof rests on Plaintiffs and without conceding (where applicable) the existence of a proper class, asserts the following separate

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and independent defenses, jointly and severally as to each Plaintiff and alleged member of the putative class, in further opposition to the CSAC:

### First Defense

### (Failure to State a Claim)

168.    Plaintiffs' Complaint fails to state any claim(s) upon which relief may be granted as against Defendant.

### Second Defense

### (Standing)

169.    Plaintiffs lack standing to bring the claims alleged.

### Third Defense

### (Lack of Ripeness)

170.    Defendant alleges that some or all of Plaintiffs' claims are not ripe for adjudication.

### Fourth Defense

### (Misjoinder)

171.    Defendant alleges that Plaintiffs' claims, as well as Plaintiffs themselves including, but not limited to, the putative class members, have been misjoined. This action should be severed due to misjoinder of both claims and parties. The misjoinder of the Plaintiffs' claims and the Plaintiffs themselves is so severe and inappropriate that it rises to a level which will deny

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Defendant certain state and constitutional protections, including the right to due process and a fair

2  trial.

3

4  ### Fifth Defense

5  ### (Abstention)

6

7  172.    Defendant alleges that the Court should abstain from addressing any claim

8  under California Business and Professions Code Section 17200 in favor of paramount administrative

9  or regulatory authority and to avoid improperly substituting Court supervision for that of the

10  appropriate regulatory agency or governmental entity.

11

12  ### Sixth Defense

13  ### (Lack of Prerequisite Elements for Class Certification)

14

15  173.    Defendant alleges that Plaintiffs' putative claims for class certification fail

16  because they lack the prerequisite elements for certification of a class.

17

18

19  ### Seventh Defense

20  ### (Inadequate Putative Class Representatives)

21

22  174.    Defendant alleges that this action is not brought by competent Plaintiffs for

23  the benefit of injured parties. *See Kraus v. Trinity Mgmt. Serv.s, Inc.*, 23 Cal. 4th 116, 138 (2000);

24  *Rosenbluth Int'l, Inc. v. Sup. Ct.*, 101 Cal. App. 4th 1073, 1079 (2002).

25

26  ### Eighth Defense

27  ### (Putative National Class Claims Unconstitutional)

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

175.    Out of an abundance of caution, Defendant alleges that the putative national class apparently alleged in the Complaint is defective and application of California law in that context is violative of the federal constitutional due process protections and the Full Faith and Credit clause of the United States Constitution.

### Ninth Defense
### (Putative National Class Claims Unconstitutional)

176.    Out of an abundance of caution, Defendant alleges that the named putative class representative Plaintiffs, and/or putative class counsel, cannot adequately represent the interests of any alleged putative class members who are non-residents of California.

### Tenth Defense
### (Statute of Limitations)

177.    Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### Eleventh Defense
### (TILA:  All Disclosures and Notices Accurately and Timely Made)

178.    Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable permitted tolerances.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Twelfth Defense**

**(TILA:  No Alleged Disclosure Error Apparent on Face of Disclosure Documents)**

179.    Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

**Thirteenth Defense**

**(TILA:  Statute of Limitations)**

180.    Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because some or all Plaintiffs obtained their loan more than one year before filing suit and therefore are barred by TILA's one-year statute of limitations.

**Fourteenth Defense**

**(TILA:  Good Faith Conformity)**

181.    Defendant acted in good faith conformity with the rules, regulations and interpretations by the Federal Reserve Board.

**Fifteenth Defense**

**(TILA:  Bona Fide Error)**

182.    Plaintiffs' claims are barred or limited because the conduct complained of, if it occurred, resulted from a bona fide error.  If any disclosure error is determined to exist as to a Plaintiff, such error was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

### Sixteenth Defense

### (TILA:  No Private Right of Action)

183.    Some or all of Plaintiffs' claims are precluded because TILA does not provide for a private right of action under the facts alleged.

### Seventeenth Defense

### (TILA:  No Right to Rescind)

184.    Plaintiffs are not entitled to, and do not have the right to, rescind the loan transactions described.

### Eighteenth Defense

### (Plaintiffs Given All Material Disclosures)

185.    Plaintiffs were given all material disclosures in connection with the loan transaction.

### Nineteenth Defense

### (No Duty to Disclose)

186.    Plaintiffs' claims are barred because Defendant did not have a duty to disclose to Plaintiffs the facts allegedly concealed.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Twentieth Defense**

**(Preemption – Barred by Federal Law)**

187.     Some or all of Plaintiffs' state law-based claims are barred and/or preempted by applicable federal law or regulations, including, but not limited to, TILA, 15 U.S.C. § 1601 *et seq.*, and applicable regulations there under, including Regulation Z, 12 C.F.R. § 226 *et seq.*, and Home Owners' Loan Act of 1993, 48 Stat. 129, as amended, 12 U.S.C. § 1461 *et seq.* ("HOLA").

**Twenty-first Defense**

**(Lack of Manageability)**

188.     Defendant alleges that the representative action that Plaintiffs allege under California Business and Professions Code Section 17200 is unmanageable, *see Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 657-58 (1993), and that the procedural rules of California Business and Professions Code Section 17200 may not be used to alter the substantive rights of Defendant without unfairly and impermissibly impacting the rights of Defendant and violating due process. *See Granberry v. Islay Inv.*, 9 Cal. 4th 738, 749 (1995).

**Twenty-second Defense**

**(Plaintiffs Cannot Sue As 'Private Attorney General')**

189.     Plaintiffs cannot obtain relief as a "private attorney general."

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**Twenty-third Defense**

2

**(Business Practices Not Unlawful)**

3

4      190.      Plaintiffs are barred from relief under California Business & Professions Code

5 Section 17200 *et seq.* because Defendant's business practices are not unlawful.  Defendant complied

6 with all applicable statutes and regulations.

7

8

**Twenty-fourth Defense**

9

**(Business Practices Not Unfair)**

10

11      191.      Plaintiffs are barred from relief under Business & Professions Code Section

12 17200 *et seq.* because Defendant's business practices are not unfair.  The utility of Defendant's

13 practices outweigh any potential harm and/or the practices do not threaten an incipient violation of

14 consumer law or violate the policy or spirit of one of those laws in that its effects are comparable to

15 or the same as a violation of the law.

16

17

**Twenty-fifth Defense**

18

**(Business Practices Not Deceptive or Fraudulent)**

19

20      192.      Plaintiffs are barred from relief under Business & Professions Code Section

21 17200 *et seq.* because Defendant's business practices are not deceptive nor are they fraudulent.  The

22 practices are not likely to deceive, nor was there actual reliance by any Plaintiff as required for

23 purposes of standing.

24

25

26

27

28

**Twenty-sixth Defense**

**(Inconsistent State Laws)**

193.    As a defense to each cause of action in the Complaint and to the putative national class action claims alleged therein, Defendant alleges that the contracts and agreements and provisions contained therein as described in the Complaint were lawful and permissible in one or more jurisdictions in the United States and accordingly did not and cannot form the basis of a violation of California Business and Professions Code Section 17200.

**Twenty-seventh Defense**

**(Right to Rescind Expired)**

194.    Plaintiffs, at the time of closing, were provided a three business day notice of right to cancel as required under the law, and this rescission period expired three business days later.

**Twenty-eighth Defense**

**(Statute of Frauds)**

195.    Plaintiffs' claims are barred by the statute of frauds.

**Twenty-ninth Defense**

**(Parol Evidence)**

196.    Defendant alleges that some or all of Plaintiffs' claims in the Complaint are barred by the parol evidence rule.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### Thirtieth Defense

### (Barred by Contract)

197.    Defendant alleges that some or all of Plaintiffs' claims are barred by the applicable provisions of the contracts, policies and/or agreements at issue.

### Thirty-first Defense

### (Accord and Satisfaction)

198.    Defendant alleges that some or all of Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### Thirty-second Defense

### (Justification)

199.    The acts and omissions of Defendant, if any, were justified by the information and facts available to Defendant at the time such acts and omissions, if any, occurred.

### Thirty-third Defense

### (Privilege)

200.    The acts and statements of Defendant were good faith assertions of Defendant's rights and are privileged.  Defendant was privileged and justified in acting as Defendant did and in making the statements and representations made by both statute and common law.  Accordingly, Defendant cannot be liable for Plaintiffs' damages, if there are any.

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Thirty-fourth Defense**

**(Consent)**

201.    Plaintiffs, themselves and/or through their agents, had the opportunity and obligation to read all documents presented to or signed by them. The terms of the loans at issue alleged in the CSAC were fully disclosed to Plaintiffs, and Plaintiffs knowingly entered into the transactions, having either understood such transactions or having failed to avail themselves of the opportunity to understand the transactions. Plaintiffs consented to and approved all the acts and omissions about which Plaintiffs now complain. Accordingly, Plaintiffs are barred from obtaining the relief sought in the CSAC.

**Thirty-fifth Defense**

**(Waiver)**

202.    By conduct, representations and omissions, Plaintiffs have waived, relinquished and/or abandoned, and are equitably estopped to assert, any claim for relief against Defendant respecting the matters that are the subject of the CSAC.

**Thirty-sixth Defense**

**(Ratification)**

203.    Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

1

**Thirty-seventh Defense**

**(Plaintiffs' Wrongful Conduct)**

204.    Plaintiffs are barred from recovery as a result of their own, and/or their

agents', wrongful or negligent conduct and actions or omissions, including for some Plaintiffs failure

to perform their payment obligations under the individual contracts at issue, which preclude

Plaintiffs' individual and/or putative class claims and/or are the direct and/or proximate cause of all

damages alleged in the CSAC.

**Thirty-eighth Defense**

**(Comparative Fault)**

205.    Plaintiffs, themselves and/or through their agents, did not exercise ordinary

care, caution and prudence in connection with the transactions and events alleged within the CSAC.

Plaintiffs' lack of care, caution and prudence were independent of and unrelated to the actions, if

any, of Defendant, and proximately caused some or all of the damages, if any, suffered by Plaintiffs.

Plaintiffs are therefore barred entirely from recovery against Defendant, or alternatively, Plaintiffs

should have the recovery, if any, proportionately reduced.

**Thirty-ninth Defense**

**(Assumption of Risk)**

206.    Plaintiffs, themselves and/or through their agents, acted with full knowledge

and understanding of the relevant facts and circumstances surrounding the transactions and relations

at issue in this litigation and assumed any and all risks associated therewith.  Plaintiffs are therefore

barred from obtaining the relief sought in the CSAC.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

## Fortieth Defense

## (Choice)

207.    Defendant alleges that Plaintiffs were provided with a meaningful choice whether to enter into the transactions referenced in the Complaint and, therefore, the matters alleged were not unconscionable or unfair.

## Forty-first Defense

## (Unjustifiable Reliance)

208.    Plaintiffs, themselves and/or through their agents, failed to investigate facts that were reasonably available to them and thereby unjustifiably relied on Defendant's purported misrepresentations or nondisclosures of material facts, if there were any.  Plaintiffs are therefore barred from obtaining relief sought in the CSAC.

## Forty-second Defense

## (Reasonably Available Alternative Source)

209.    Defendant alleges that Plaintiffs had available to them in the marketplace reasonably available alternative sources of financing, credit, real estate loans and insurance, and voluntarily elected to enter into agreements, discussions and contracts, such that the business practices alleged in the Complaint were neither unconscionable nor unfair.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

**Forty-third Defense**

**(Acts of Others)**

210.     Defendant alleges that any purported damages sought by Plaintiffs were legally caused, in whole or in part, by the intentional conduct, willful misconduct, fault and/or negligence of persons or entities other than Defendant, including, without limitation, Plaintiffs and/or their agents.

**Forty-fourth Defense**

**(Unclean Hands)**

211.     As a result of the acts and omissions in the matters relevant to this CSAC, Plaintiffs have unclean hands and are therefore barred from asserting any claims against Defendant.

**Forty-fifth Defense**

**(Estoppel, Laches, Waiver)**

212.     Plaintiffs' claims are barred in whole or in part under the doctrines of estoppel, laches and/or waiver.

**Forty-sixth Defense**

**(Failure to Mitigate)**

213.     Plaintiffs have failed to mitigate or attempted to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiffs must be diminished or barred by reason thereof.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Forty-seventh Defense**

**(Principles of Equity - Rescission)**

214.    Defendant states that in the event the Court were to order rescission, principles of equity mandate that all liens remain in place until the repayment and return of all principal.

**Forty-eighth Defense**

**(Principles of Equity – Rescission – Recoupment and Setoff)**

215.    Defendant states that in the event the Court were to order rescission or any damages, principles of equity mandate that the Court also allow Defendant recoupment and setoff.

**Forty-ninth Defense**

**(Due Process – Rescission)**

216.    The application and attempted supervision of the remedy of rescission on a class-wide basis would be so vague, imprecise and inconsistent as to violate Defendant's rights to due process under of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution.

**Fiftieth Defense**

**(Excessive Fines and Equal Protection – Rescission)**

217.    The application and attempted supervision of the remedy of rescission on a class-wide basis would result in damages and losses so severe and excessive in proportion to harm alleged as to violate Defendant's rights under the United States Constitution and the California Constitution.

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

1

### Fifty-first Defense

### (Requirements for Restitution)

218.    Defendant alleges that the claim for disgorgement under California Business and Professions Code Section 17200 requires that restitution be limited: (1) to consumers who relied on alleged improper statements and materials; and (2) by Defendant's ability to pay restitution, and that, accordingly, Plaintiffs have failed to allege an adequate claim for restitution.

### Fifty-second Defense

### (Impermissible Damage Claim)

219.    Defendant alleges that the remedies Plaintiffs seek are in reality impermissible damages and therefore not recoverable as alleged.

### Fifty-third Defense

### (Inappropriate Exercise of Judicial Authority)

220.    Defendant alleges that Plaintiffs seek injunctive relief which would be an inappropriate exercise of judicial authority as an unlawful or improper exercise of general regulatory powers by the Court over the business practices, contracts and agreements at issue, and/or which represent the deprivation of a property interest without a fair hearing.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## Fifty-fourth Defense

### (Mootness)

221.    Defendant alleges that Plaintiffs' claims are moot because, to the extent, if any, the conduct complained of occurred, it has ceased and, therefore, injunctive relief is inappropriate.

## Fifty-fifth Defense

### (Offset)

222.    Defendant alleges that it is entitled to an offset against any amounts allegedly owing to Plaintiffs by amounts Plaintiffs owe to Defendant.

## Fifty-sixth Defense

### (Commerce Clause)

223.    Defendant alleges that any award of punitive damages against it in this matter based on Defendant's lawful conduct outside of California would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Fifty-seventh Defense**

**(Equal Protection)**

224.    The provisions of California law limiting the amount of punitive damages which may be awarded in specified cases, while permitting unlimited punitive damages for other tortious conduct, unlawfully discriminates against defendants who are subject to unlimited punitive damage awards in favor of defendants not subject to unlimited punitive damage awards. Such discrimination violates Defendant's right to equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Sections 2 and 16 of the California Constitution.

**Fifty-eighth Affirmative Defense**

**(Due Process and Unconstitutionality – Punitive Damages)**

225.    The application of California law permitting an award of punitive damages in this action is vague, imprecise and inconsistent and violates Defendant's rights to due process under of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution. Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages award which arose in the decisions of *BMW of North America v. Gore,* 517 U.S. 559 (1996) and *State Farm Mut. Automobile Ins. Co. v. Campbell,* 123 S.Ct. 1513 (2003). Further punitive damages are a punishment, a quasi-criminal sanction for which Defendant has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### Fifty-ninth Defense

### (Public Policy)

226.    Defendant alleges that some or all of Plaintiffs' claims are barred by the public policies of the United States and/or the State of California.

### Sixtieth Defense

### (Insufficient Particularity)

227.    Defendant alleges that Plaintiffs have failed to plead their claims with sufficient particularity to meet required standards to permit Defendant to raise all appropriate affirmative defenses and, therefore, Defendant reserves its right to amend or supplement this answer with additional defenses.

### Other Affirmative Defenses

228.    Defendant reserves the right to add other affirmative defenses as they become known, based on facts developed during discovery in this action.

WHEREFORE, Defendant prays that:

1.  Plaintiffs take nothing by way of their Complaint;

2.  The Court enter judgment in Defendant's favor;

3.  Defendant be awarded all of its costs of defense, including any recoverable attorneys' fees; and

4.  The Court issue or award all other relief that the Court deems just and appropriate.

DATED:  May 9, 2008.

REED SMITH LLP

By _____
Jack R. Nelson (SBN 111863)
Attorneys for Defendant Wachovia Mortgage, FSB

ANSWER OF WACHOVIA MORTGAGE, FSB TO CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware