1 Jack R. Nelson (SBN 111863)
Keith D. Yandell (SBN 233146)
2 Alicia A. Adornato (SBN 254228)
REED SMITH LLP
3 Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
4
**Mailing Address:**
5 P.O. Box 7936
San Francisco, CA 94120-7936
6
Telephone:    +1 415 543 8700
7 Facsimile:    +1 415 391 8269

8 Attorneys for Defendants World Savings Inc.
and Wachovia Mortgage Corporation
9
UNITED STATES DISTRICT COURT
10
NORTHERN DISTRICT OF CALIFORNIA
11
SAN JOSE DIVISION
12

13 DOLORES MANDRIGUES, individually and on    Case No. C07 04497
behalf of all others similarly situated,
14                                              **ANSWER OF DEFENDANTS WORLD**
                                                **SAVINGS INC. AND WACHOVIA**
            Plaintiff,                          **MORTGAGE CORPORATION TO**
15                                              **PLAINTIFFS' CORRECTED SECOND**
      vs.                                       **AMENDED COMPLAINT**
16
WORLD SAVINGS, INC., WORLD SAVINGS            Corrected Second Amended Complaint
17 BANK, FSB, WACHOVIA MORTGAGE               Filed:          December 31, 2007
CORPORATION, and DOES 1 through 10,
18 inclusive,                                  Honorable Jeremy Fogel

            Defendants.
19

20        Defendants World Savings Inc. ("WSI") and Wachovia Mortgage Corporation ("WMC")
21
(collectively, "Defendants") answer the Corrected Second Amended Complaint for Violations of the
22
Truth in Lending Act, 15 U.S.C. § 1601, *et seq*; Fraudulent Omissions; Violations of the Bus. &
23
Prof. Code § 17200, *et seq.* – "Unfair" and "Fraudulent" Business Practices; Breach of Contract; and
24
Breach of Covenant of Good Faith and Fair Dealings ("CSAC") filed by Plaintiffs Dolores
25
Mandrigues, Juanita Jones, Al F. Minyen and Wilma R. Minyen, Mark Clauson and Christina
26
Clauson ("collectively, Plaintiffs") as follows:
27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## PRELIMINARY STATEMENT

To the extent the titles and headings inserted by Plaintiffs at various points in the CSAC are intended to make or infer claims or allegations against Defendants, they are denied.

To the extent Plaintiffs at various points refer to "Class members," Defendants deny the existence of any class.

## NATURE OF THE CASE

1.  Answering Paragraph 1 of the CSAC, Defendants admit that Plaintiffs purport to sue WSI and WMC as alleged, but allege that neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, Defendants deny such allegations.

## PARTIES

2.  Answering Paragraph 2 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, Defendants deny such allegations.

3.  Answering Paragraph 3 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they

have no information or belief that enables them to form a response to the allegations.  On that basis, Defendants deny such allegations.

4.  Answering Paragraph 4 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, Defendants deny such allegations.

5.  Answering Paragraph 5 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, Defendants deny such allegations.

6.  Answering Paragraph 6 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, Defendants deny such allegations.

7.  Answering Paragraph 7 of the CSAC, WSI admits that it is a California corporation licensed to do business in California, but otherwise denies the allegations of Paragraph 7 of the CSAC.  WMC has no information or belief that enables it to form a response to the allegations of Paragraph 7 of the CSAC.  On that basis, WMC denies such allegations.

8.  Answering Paragraph 8 of the CSAC, WSI denies the allegations.  WMC has no information or belief that enables it to form a response to the allegations.  On that basis, WMC denies such allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    9.  Answering Paragraph 9 of the CSAC, WMC admits that it is a North Carolina

2    corporation licensed to do business, and which has done business, in California, but otherwise

3    denies the allegations of Paragraph 9 of the CSAC.  WSI has no information or belief that enables it

4    to form a response to the allegations of Paragraph 9 of the CSAC.  On that basis, WSI denies such

5    allegations.

6

7    10. Answering Paragraph 10 of the CSAC, neither WSI nor WMC ever had any

8    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

9    have no information or belief that enables them to form a response to the allegations. On that basis,

10   Defendants deny such allegations.

11

12   11. Answering Paragraph 11 of the CSAC, WSI and WMC deny the allegations.

13

14   12. Answering Paragraph 12 of the CSAC, WSI and WMC deny the allegations.

15

16   13. Answering Paragraph 13 of the CSAC, WSI and WMC deny the allegations.

17

18   14. Answering Paragraph 14 of the CSAC, WSI and WMC deny the allegations.

19

20   15. Answering Paragraph 15 of the CSAC, WSI and WMC deny the allegations.

21

22   16. Answering Paragraph 16 of the CSAC, neither WSI nor WMC ever had any

23   involvement or any connection to any named Plaintiffs or any member of the putative class, so they

24   have no information or belief that enables them to form a response to the allegations.

25

26   17. Answering Paragraph 17 of the CSAC, neither WSI nor WMC have information or

27   belief that enables them to form a response to the allegations.  On that basis, Defendants deny such

28   allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    18. Answering Paragraph 18 of the CSAC, WSI and WMC deny the allegations.

2

3                        **JURISDICTIONAL ALLEGATIONS**

4

5    19. Answering Paragraph 19 of the CSAC, neither WSI nor WMC have information or

6    belief that enables them to form a response to the allegations.  On that basis, Defendants deny such

7    allegations.

8

9    20. Answering Paragraph 20 of the CSAC, neither WSI nor WMC have information or

10   belief that enables them to form a response to the allegations.  On that basis, Defendants deny such

11   allegations.

12

13   21. Answering Paragraph 21 of the CSAC, neither WSI nor WMC ever had any

14   involvement or any connection to any named Plaintiffs or any member of the putative class, so they

15   have no information or belief that enables them to form a response to the allegations.  On that basis,

16   Defendants deny such allegations.

17

18                        **GENERAL ALLEGATIONS**

19

20   22. Answering Paragraph 22 of the CSAC, WSI and WMC deny the allegations.

21

22   23. Answering Paragraph 23 of the CSAC, WSI and WMC deny the allegations.

23

24   24. Answering Paragraph 24 of the CSAC, WSI and WMC deny the allegations.

25

26   25. Answering Paragraph 25 of the CSAC, WSI and WMC deny the allegations.

27

28   26. Answering Paragraph 26 of the CSAC, WSI and WMC deny the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

27. Answering Paragraph 27 of the CSAC, WSI and WMC deny the allegations.

28. Answering Paragraph 28 of the CSAC, WSI and WMC deny the allegations.

29. Answering Paragraph 29 of the CSAC, WSI and WMC deny the allegations.

30. Answering Paragraph 30 of the CSAC, WSI and WMC deny the allegations.

31. Answering Paragraph 31 of the CSAC, WSI and WMC deny the allegations.

32. Answering Paragraph 32 of the CSAC, WSI and WMC deny the allegations.

33. Answering Paragraph 33 of the CSAC, WSI and WMC deny the allegations.

34. Answering Paragraph 34 of the CSAC, WSI and WMC deny the allegations.

35. Answering Paragraph 35 of the CSAC, WSI and WMC deny the allegations.

36. Answering Paragraph 36 of the CSAC, WSI and WMC deny the allegations.

37. Answering Paragraph 37 of the CSAC, WSI and WMC deny the allegations.

38. Answering Paragraph 38 of the CSAC, WSI and WMC deny the allegations.

39. Answering Paragraph 39 of the CSAC, WSI and WMC deny the allegations.

40. Answering Paragraph 40 of the CSAC, WSI and WMC deny the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

41. Answering Paragraph 41 of the CSAC, WSI and WMC deny the allegations.

42. Answering Paragraph 42 of the CSAC, WSI and WMC deny the allegations.

43. Answering Paragraph 43 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, WSI and WMC deny the allegations.

44. Answering Paragraph 44 of the CSAC, WSI and WMC deny the allegations.

45. Answering Paragraph 45 of the CSAC, WSI and WMC deny the allegations.

46. Answering Paragraph 46 of the CSAC, WSI and WMC deny the allegations.

47. Answering Paragraph 47 of the CSAC, WSI and WMC deny the allegations.

48. Answering Paragraph 48 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis;. WSI and WMC deny the allegations.

49. Answering Paragraph 49 of the CSAC, WSI and WMC deny the allegations.

50. Answering Paragraph 50 of the CSAC, WSI and WMC deny the allegations.

51. Answering Paragraph 51 of the CSAC, WSI and WMC deny the allegations.

52. Answering Paragraph 52 of the CSAC, WSI and WMC deny the allegations.

## CLASS ACTION ALLEGATIONS

53. Answering Paragraph 53 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, WSI and WMC deny the allegations.

54. Answering Paragraph 54 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, WSI and WMC deny the allegations.

55. Answering Paragraph 55 of the CSAC, WSI and WMC deny the allegations.

56. Answering Paragraph 56 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, WSI and WMC deny the allegations.

57. Answering Paragraph 57 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations.  On that basis, WSI and WMC deny the allegations.

58. Answering Paragraph 58 of the CSAC, neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

have no information or belief that enables them to form a response to the allegations. On that basis, WSI and WMC deny the allegations.

59. Answering Paragraph 59 of the CSAC, WSI and WMC deny the allegations.

## FIRST CAUSE OF ACTION

60. Answering Paragraph 60 of the CSAC, Defendants re-allege and reassert their foregoing responses in Paragraphs 1 through 59.

61. Answering Paragraph 61 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

62. Answering Paragraph 62 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

63. Answering Paragraph 63 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

64. Answering Paragraph 64 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

65. Answering Paragraph 65 of the CSAC, WSI and WMC deny the allegations.

66. Answering Paragraph 66 of the CSAC, WSI and WMC deny the allegations.

67. Answering Paragraph 67 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    68. Answering Paragraph 68 of the CSAC, WSI and WMC deny the allegations.

2

3    69. Answering Paragraph 69 of the CSAC, neither WSI nor WMC ever had any

4    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

5    have no information or belief that enables them to form a response to the allegations.

6

7    70. Answering Paragraph 70 of the CSAC, WSI and WMC deny the allegations.

8

9    71. Answering Paragraph 71 of the CSAC, WSI and WMC deny the allegations.

10

11    72. Answering Paragraph 72 of the CSAC, WSI and WMC deny the allegations.

12

13    73. Answering Paragraph 73 of the CSAC, WSI and WMC deny the allegations.

14

15    74. Answering Paragraph 74 of the CSAC, WSI and WMC deny the allegations.

16

17    75. Answering Paragraph 75 of the CSAC, WSI and WMC deny the allegations.

18

19    76. Answering Paragraph 76 of the CSAC, neither WSI nor WMC ever had any

20    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

21    have no information or belief that enables them to form a response to the allegations.  On that basis,

22    WSI and WMC deny the allegations.

23

24    77. Answering Paragraph 77 of the CSAC, WSI and WMC deny the allegations.

25

26    78. Answering Paragraph 78 of the CSAC, WSI and WMC allege that the statute and

27    regulations cited speak for themselves and deny any remaining allegations.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

79. Answering Paragraph 79 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny the allegations.

80. Answering Paragraph 80 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

81. Answering Paragraph 81 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

82. Answering Paragraph 82 of the CSAC, WSI and WMC deny the allegations.

83. Answering Paragraph 83 of the CSAC, WSI and WMC deny the allegations.

84. Answering Paragraph 84 of the CSAC, WSI and WMC deny the allegations.

85. Answering Paragraph 85 of the CSAC, WSI and WMC deny the allegations.

86. Answering Paragraph 86 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

87. Answering Paragraph 87 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

88. Answering Paragraph 88 of the CSAC, WSI and WMC deny the allegations.

89. Answering Paragraph 89 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

90. Answering Paragraph 90 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

91. Answering Paragraph 91 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

92. Answering Paragraph 92 of the CSAC, WSI and WMC allege that the statute and regulations cited speak for themselves and deny any remaining allegations.

93. Answering Paragraph 93 of the CSAC, WSI and WMC deny the allegations.

94. Answering Paragraph 94 of the CSAC, WSI and WMC deny the allegations.

95. Answering Paragraph 95 of the CSAC, WSI and WMC deny the allegations.

96. Answering Paragraph 96 of the CSAC, WSI and WMC deny the allegations.

97. Answering Paragraph 97 of the CSAC, WSI and WMC deny the allegations.

98. Answering Paragraph 98 of the CSAC, WSI and WMC deny the allegations.

99. Answering Paragraph 99 of the CSAC, WSI and WMC deny the allegations.

**SECOND CAUSE OF ACTION**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1        100.        Answering Plaintiffs' *second* Paragraph 90 on page 24 of the CSAC,[1]

2    Defendants re-allege and reassert their foregoing responses in Paragraphs 1 through 99.

3

4        101.        Answering Plaintiffs' second Paragraph 91 on page 24 of the CSAC, WSI and

5    WMC deny the allegations.

6

7        102.        Answering Plaintiffs' second Paragraph 92 on page 24 of the CSAC, WSI and

8    WMC deny the allegations.

9

10       103.        Answering Plaintiffs' second Paragraph 93 on page 24 of the CSAC, WSI and

11   WMC deny the allegations.

12

13       104.        Answering Plaintiffs' second Paragraph 94 on page 25 of the CSAC, WSI and

14   WMC deny the allegations.

15

16       105.        Answering Plaintiffs' second Paragraph 95 on page 25 of the CSAC, WSI and

17   WMC deny the allegations.

18

19       106.        Answering Plaintiffs' second Paragraph 96 on page 25 of the CSAC, WSI and

20   WMC deny the allegations.

21

22       107.        Answering Plaintiffs' second Paragraph 97 on page 25 of the CSAC, WSI and

23   WMC deny the allegations.

24

25       108.        Answering Plaintiffs' second Paragraph 98 on pages 25 and 26 of the CSAC,

26   WSI and WMC deny the allegations.

27   ――――――――――――――――――――
[1] Plaintiffs' CSAC goes from paragraph 99 to paragraph 90.  Defendants will refer to the second reference as such.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

1    109.    Answering Plaintiffs' second Paragraph 99 on page 26 of the CSAC, WSI and

2    WMC deny the allegations.

3

4    110.    Answering Paragraph 100 of the CSAC, WSI and WMC deny the allegations.

5

6    111.    Answering Paragraph 101 of the CSAC, neither WSI nor WMC ever had any

7    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

8    have no information or belief that enables them to form a response to the allegations.  On that basis,

9    WSI and WMC deny the allegations.

10

11    112.    Answering Paragraph 102 of the CSAC, WSI and WMC deny the allegations.

12

13    113.    Answering Paragraph 103 of the CSAC, WSI and WMC deny the allegations.

14

15    114.    Answering Paragraph 104 of the CSAC, WSI and WMC deny the allegations.

16

17    **THIRD CAUSE OF ACTION**

18

19    115.    Answering Paragraph 105 of the CSAC, Defendants re-allege and reassert

20    their foregoing responses in Paragraphs 1 through 104 and the second set of paragraphs numbered ·

21    90 – 99 on pages 24, 25 and 26.

22

23    116.    Answering Paragraph 106 of the CSAC, Defendants admit that Plaintiffs

24    purport to sue WSI and WMC as alleged, but allege that neither  WSI nor WMC ever had any

25    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

26    have no information or belief that enables them to form a response to the allegations.  On that basis,

27    Defendants deny such allegations.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

117.    Answering Paragraph 107 of the CSAC, Defendants admit that Plaintiffs purport to sue WSI and WMC as alleged, but allege that neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations. On that basis, Defendants deny such allegations.

118.    Answering Paragraph 108 of the CSAC, Defendants admit that Plaintiffs purport to sue WSI and WMC as alleged, but allege that neither WSI nor WMC ever had any involvement or any connection to any named Plaintiffs or any member of the putative class, so they have no information or belief that enables them to form a response to the allegations. On that basis, Defendants deny such allegations.

119.    Answering Paragraph 109 of the CSAC, WSI and WMC deny the allegations.

120.    Answering Paragraph 110 of the CSAC, WSI and WMC deny the allegations.

121.    Answering Paragraph 112 of the CSAC, WSI and WMC deny the allegations.

122.    Answering Paragraph 113 of the CSAC, WSI and WMC deny the allegations.

123.    Answering Paragraph 114 of the CSAC, WSI and WMC deny the allegations.

124.    Answering Paragraph 115 of the CSAC, WSI and WMC deny the allegations.

125.    Answering Paragraph 116 of the CSAC, WSI and WMC deny the allegations..

126.    Answering Paragraph 117 of the CSAC, WSI and WMC deny the allegations.

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

127.    Answering Paragraph 118 of the CSAC, WSI and WMC deny the allegations.

2

3

128.    Answering Paragraph 119 of the CSAC, WSI and WMC deny the allegations.

4

5

129.    Answering Paragraph 120 of the CSAC, WSI and WMC deny the allegations..

6

7

130.    Answering Paragraph 121 of the CSAC, WSI and WMC deny the allegations.

8

9

131.    Answering Paragraph 122 of the CSAC, WSI and WMC deny the allegations.

10

11

132.    Answering Paragraph 123 of the CSAC, WSI and WMC deny the allegations.

12

13

133.    Answering Paragraph 124 of the CSAC, Defendants admit that Plaintiffs

14

purport to sue WSI and WMC as alleged, but allege that neither  WSI nor WMC ever had any

15

involvement or any connection to any named Plaintiffs or any member of the putative class, so they

16

have no information or belief that enables them to form a response to the allegations.  On that basis,

17

Defendants deny such allegations.

18

19

134.    Answering Paragraph 125 of the CSAC, WSI and WMC deny the allegations.

20

21

135.    Answering Paragraph 126 of the CSAC, WSI and WMC deny the allegations.

22

23

136.    Answering Paragraph 127 of the CSAC, WSI and WMC deny the allegations.

24

25

137.    Answering Paragraph 128 of the CSAC, WSI and WMC deny the allegations.

26

27

**FOURTH CAUSE OF ACTION**

28

1    138.    Answering Paragraph 129 of the CSAC, Defendants re-allege and reassert its

2    foregoing responses to Paragraphs 1 through 110 and 112 through 128 and the second set of

3    Paragraphs numbered 90 – 99.

4

5    139.    Answering Paragraph 130 of the CSAC, WSI and WMC deny the allegations.

6

7    140.    Answering Paragraph 131 of the CSAC, neither WSI nor WMC ever had any

8    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

9    have no information or belief that enables them to form a response to the allegations.  On that basis,

10    WSI and WMC deny the allegations.

11

12    141.    Answering Paragraph 132 of the CSAC, neither WSI nor WMC ever had any

13    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

14    have no information or belief that enables them to form a response to the allegations.  On that basis,

15    WSI and WMC deny the allegations.

16

17    142.    Answering Paragraph 133 of the CSAC, neither WSI nor WMC ever had any

18    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

19    have no information or belief that enables them to form a response to the allegations.  On that basis,

20    WSI and WMC deny the allegations.

21

22    143.    Answering Paragraph 134 of the CSAC, WSI and WMC deny the allegations.

23

24    144.    Answering Paragraph 135 of the CSAC, WSI and WMC deny the allegations.

25

26    145.    Answering Paragraph 136 of the CSAC, WSI and WMC deny the allegations.

27

28    146.    Answering Paragraph 137 of the CSAC, WSI and WMC deny the allegations.

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    147.    Answering Paragraph 138 of the CSAC, WSI and WMC deny the allegations.

2

3    148.    Answering Paragraph 139 of the CSAC, WSI and WMC deny the allegations.

4

5    149.    Answering Paragraph 140 of the CSAC, WSI and WMC deny the allegations.

6

7    150.    Answering Paragraph 141 of the CSAC, WSI and WMC deny the allegations.

8

9    151.    Answering Paragraph 142 of the CSAC, WSI and WMC deny the allegations.

10

11    **FIFTH CAUSE OF ACTION**

12

13    152.    Answering Paragraph 143 of the CSAC, Defendants re- allege and reassert

14    their foregoing responses to Paragraphs 1 through 110 and 112 through 142 and the second set of

15    Paragraphs numbered 90 – 99.

16

17    153.    Answering Paragraph 144 of the CSAC, WSI and WMC deny the allegations.

18

19    154.    Answering Paragraph 145 of the CSAC, neither WSI nor WMC ever had any

20    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

21    have no information or belief that enables them to form a response to the allegations.  On that basis,

22    WSI and WMC deny the allegations.

23

24    155.    Answering Paragraph 146 of the CSAC, neither WSI nor WMC ever had any

25    involvement or any connection to any named Plaintiffs or any member of the putative class, so they

26    have no information or belief that enables them to form a response to the allegations.  On that basis,

27    WSI and WMC deny the allegations.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

156.     Answering Paragraph 147 of the CSAC, WSI and WMC deny the allegations.

157.     Answering Paragraph 148 of the CSAC, WSI and WMC deny the allegations.

158.     Answering Paragraph 149 of the CSAC, WSI and WMC deny the allegations.

159.     Answering Paragraph 150 of the CSAC, WSI and WMC deny the allegations.

160.     Answering Paragraph 151 of the CSAC, WSI and WMC deny the allegations.

161.     Answering Paragraph 152 of the CSAC, WSI and WMC deny the allegations.

162.     Answering Paragraph 153 of the CSAC, WSI and WMC deny the allegations.

163.     Answering Paragraph 154 of the CSAC, WSI and WMC deny the allegations.

164.     Answering Paragraph 155 of the CSAC, WSI and WMC deny the allegations.

165.     Answering Paragraph 156 of the CSAC, WSI and WMC deny the allegations.

166.     Answering Paragraph 157 of the CSAC, WSI and WMC deny the allegations.

167.     Answering Paragraph 158 of the CSAC, WSI and WMC deny the allegations.

## DEFENSES

WSI and WMC, while reserving the right to assert other affirmative defenses as discovery proceeds, without assuming the burden of proof when the burden of proof rests on Plaintiffs and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  without conceding (where applicable) the existence of a proper class as alleged, assert the following

2  separate and independent defenses, jointly and severally as to each Plaintiff and alleged member of

3  the putative class, in response to the claims made in the CSAC and relative to the claims alleged

4  against all defendants named therein:

5

6

7                                   **First Defense**

8                             **(Failure to State a Claim)**

9

10        168.    Plaintiffs' Complaint fails to state any claim(s) upon which relief may be

11  granted as against Defendants.

12

13                                  **Second Defense**

14                                    **(Standing)**

15

16        169.    Plaintiffs lack standing to bring the claims alleged.

17

18                                   **Third Defense**

19                                **(Lack of Ripeness)**

20

21        170.    Defendants allege that some or all of Plaintiffs' claims are not ripe for

22  adjudication.

23

24                                   **Fourth Defense**

25                                   **(Misjoinder)**

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

171.    Defendants allege that Plaintiffs' claims, as well as Plaintiffs themselves including, but not limited to, the putative class members, have been misjoined. This action should be severed due to misjoinder of both claims and parties. The misjoinder of the Plaintiffs' claims and the Plaintiffs themselves is so severe and inappropriate that it rises to a level which will deny Defendants certain state and constitutional protections, including the right to due process and a fair trial.

### Fifth Defense

### (Abstention)

172.    Defendants allege that the Court should abstain from addressing any claim under California Business and Professions Code Section 17200 in favor of paramount administrative or regulatory authority and to avoid improperly substituting Court supervision for that of the appropriate regulatory agency or governmental entity.

### Sixth Defense

### (Lack of Prerequisite Elements for Class Certification)

173.    Defendants allege that Plaintiffs' putative claims for class certification fail because they lack the prerequisite elements for certification of a class.

### Seventh Defense

### (Inadequate Putative Class Representatives)

174.    Defendants allege that this action is not brought by competent Plaintiffs for the benefit of injured parties. *See Kraus v. Trinity Mgmt. Serv.s, Inc.*, 23 Cal. 4th 116, 138 (2000); *Rosenbluth Int'l, Inc. v. Sup. Ct.*, 101 Cal. App. 4th 1073, 1079 (2002).

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

**Eighth Defense**

**(Putative National Class Claims Unconstitutional)**

175.     Out of an abundance of caution, Defendants allege that the putative national class apparently alleged in the Complaint is defective and application of California law in that context is violative of the federal constitutional due process protections and the Full Faith and Credit clause of the United States Constitution.

**Ninth Defense**

**(Putative National Class Claims Unconstitutional)**

176.     Out of an abundance of caution, Defendants allege that the named putative class representative Plaintiffs, and/or putative class counsel, cannot adequately represent the interests of any alleged putative class members who are non-residents of California.

**Tenth Defense**

**(Statute of Limitations)**

177.     Plaintiffs' claims are barred by the applicable statute(s) of limitations.

**Eleventh Defense**

**(TILA:  All Disclosures and Notices Accurately and Timely Made)**

178.     Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable permitted tolerances.

1

2

3

4

5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### Twelfth Defense

### (TILA:  No Alleged Disclosure Error Apparent on Face of Disclosure Documents)

179.    Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

### Thirteenth Defense

### (TILA:  Statute of Limitations)

180.    Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because some or all Plaintiffs obtained their loan more than one year before filing suit and therefore are barred by TILA's one-year statute of limitations.

### Fourteenth Defense

### (TILA:  Good Faith Conformity)

181.    Defendants acted in good faith conformity with the rules, regulations and interpretations by the Federal Reserve Board.

### Fifteenth Defense

### (TILA:  Bona Fide Error)

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

182.    Plaintiffs' claims are barred or limited because the conduct complained of, if it occurred, resulted from a bona fide error.  If any disclosure error is determined to exist as to a Plaintiff, such error was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**Sixteenth Defense**

**(TILA:  No Private Right of Action)**

183.    Some or all of Plaintiffs' claims are precluded because TILA does not provide for a private right of action under the facts alleged.

**Seventeenth Defense**

**(TILA:  No Right to Rescind)**

184.    Plaintiffs are not entitled to, and do not have the right to, rescind the loan transactions described.

**Eighteenth Defense**

**(Plaintiffs Given All Material Disclosures)**

185.    Plaintiffs were given all material disclosures in connection with the loan transaction.

**Nineteenth Defense**

**(No Duty to Disclose)**

186.    Plaintiffs' claims are barred because Defendants did not have a duty to disclose to Plaintiffs the facts allegedly concealed.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5 **Twentieth Defense**

6 **(Barred by Federal Law)**

7

8    187.    Some or all of Plaintiffs' state law-based claims are barred and/or preempted

9 by applicable federal law or regulations, including, but not limited to, TILA, 15 U.S.C. § 1601 *et*

10 *seq.*, and applicable regulations there under, including Regulation Z, 12 C.F.R. § 226 *et seq.*, and

11 Home Owners' Loan Act of 1993, 48 Stat. 129, as amended, 12 U.S.C. § 1461 *et seq.* ("HOLA").

12

13 **Twenty-first Defense**

14 **(Lack of Manageability)**

15

16    188.    Defendants allege that the representative action that Plaintiffs allege under

17 California Business and Professions Code Section 17200 is unmanageable, *see Caro v. Procter &*

18 *Gamble Co.*, 18 Cal. App. 4th 644, 657-58 (1993), and that the procedural rules of California

19 Business and Professions Code Section 17200 may not be used to alter the substantive rights of

20 Defendants without unfairly and impermissibly impacting the rights of Defendants and violating due

21 process. *See Granberry v. Islay Inv.*, 9 Cal. 4th 738, 749 (1995).

22

23 **Twenty-second Defense**

24 **(Plaintiffs Cannot Sue As 'Private Attorney General')**

25

26    189.    Plaintiffs cannot obtain relief as a "private attorney general."

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3                           **Twenty-third Defense**

4                    **(Business Practices Not Unlawful)**

5

6        190.      Plaintiffs are barred from relief under California Business & Professions Code

7    Section 17200 *et seq.* because Defendants' business practices are not unlawful.  Defendants

8    complied with all applicable statutes and regulations.

9

10                          **Twenty-fourth Defense**

11                   **(Business Practices Not Unfair)**

12

13       191.      Plaintiffs are barred from relief under Business & Professions Code Section

14   17200 *et seq.* because Defendants' business practices are not unfair.  The utility of Defendants'

15   practices outweigh any potential harm and/or the practices do not threaten an incipient violation of

16   consumer law or violate the policy or spirit of one of those laws in that its effects are comparable to

17   or the same as a violation of the law.

18

19                          **Twenty-fifth Defense**

20              **(Business Practices Not Deceptive or Fraudulent)**

21

22       192.      Plaintiffs are barred from relief under Business & Professions Code Section

23   17200 *et seq.* because Defendants' business practices are not deceptive nor are they fraudulent.  The

24   practices are not likely to deceive, nor was there actual reliance by any Plaintiff as required for

25   purposes of standing.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Twenty-sixth Defense**

**(Inconsistent State Laws)**

193.    As a defense to each cause of action in the Complaint and to the putative national class action claims alleged therein, Defendants allege that the contracts and agreements and provisions contained therein as described in the Complaint were lawful and permissible in one or more jurisdictions in the United States and accordingly did not and cannot form the basis of a violation of California Business and Professions Code Section 17200.

**Twenty-seventh Defense**

**(Right to Rescind Expired)**

194.    Plaintiffs, at the time of closing, were provided a three business day notice of right to cancel as required under the law, and this rescission period expired three business days later.

**Twenty-eighth Defense**

**(Statute of Frauds)**

195.    Plaintiffs' claims are barred by the statute of frauds.

**Twenty-ninth Defense**

**(Parol Evidence)**

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

1    196.    Defendants allege that some or all of Plaintiffs' claims in the Complaint are

2  barred by the parol evidence rule.

3

4                    **Thirtieth Defense**

5                    **(Barred by Contract)**

6

7    197.    Defendants allege that some or all of Plaintiffs' claims are barred by the

8  applicable provisions of the contracts, policies and/or agreements at issue.

9

10                   **Thirty-first Defense**

11                   **(Accord and Satisfaction)**

12

13    198.    Defendants allege that some or all of Plaintiffs' claims are barred by the

14  doctrine of accord and satisfaction.

15

16

17                   **Thirty-second Defense**

18                   **(Justification)**

19

20    199.    The acts and omissions of Defendants, if any, were justified by the

21  information and facts available to Defendants at the time such acts and omissions, if any, occurred.

22

23                   **Thirty-third Defense**

24                   **(Privilege)**

25

26    200.    The acts and statements of Defendants were good faith assertions of

27  Defendants' rights and are privileged.  Defendants were privileged and justified in acting as

28

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Defendants did and in making the statements and representations made by both statute and common

2    law.  Accordingly, Defendants cannot be liable for Plaintiffs' damages, if there are any.

3

4                                    **Thirty-fourth Defense**

5                                        **(Consent)**

6

7            201.        Plaintiffs, themselves and/or through their agents, had the opportunity and

8    obligation to read all documents presented to or signed by them.  The terms of the loans at issue

9    alleged in the CSAC were fully disclosed to Plaintiffs, and Plaintiffs knowingly entered into the

10   transactions, having either understood such transactions or having failed to avail themselves of the

11   opportunity to understand the transactions.  Plaintiffs consented to and approved all the acts and

12   omissions about which Plaintiffs now complain.  Accordingly, Plaintiffs are barred from obtaining

13   the relief sought in the CSAC.

14

15                                    **Thirty-fifth Defense**

16                                        **(Waiver)**

17

18           202.        By conduct, representations and omissions, Plaintiffs have waived,

19   relinquished and/or abandoned, and are equitably estopped to assert, any claim for relief against

20   Defendants respecting the matters that are the subject of the CSAC.

21

22                                    **Thirty-sixth Defense**

23                                      **(Ratification)**

24

25           203.        Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the

26   transactions at issue.

27

28

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### Thirty-seventh Defense
### (Plaintiffs' Wrongful Conduct)

204.    Plaintiffs are barred from recovery as a result of their own, and/or their agents', wrongful or negligent conduct and actions or omissions, including failure to perform their obligations under the agreements at issue, which bar Plaintiffs' claims and/or are the direct and/or proximate cause of all damages alleged in the CSAC.

### Thirty-eighth Defense
### (Comparative Fault)

205.    Plaintiffs, themselves and/or through their agents, did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged within the CSAC. Plaintiffs' lack of care, caution and prudence were independent of and unrelated to the actions, if any, of Defendants, and proximately caused some or all of the damages, if any, suffered by Plaintiffs.  Plaintiffs are therefore barred entirely from recovery against Defendants, or alternatively, Plaintiffs should have the recovery, if any, proportionately reduced.

### Thirty-ninth Defense
### (Assumption of Risk)

206.    Plaintiffs, themselves and/or through their agents, acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in this litigation and assumed any and all risks associated therewith.  Plaintiffs are therefore barred from obtaining the relief sought in the CSAC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Fortieth Defense**

**(Choice)**

207.    Defendants allege that Plaintiffs were provided with a meaningful choice whether to enter into the transactions referenced in the Complaint and, therefore, the matters alleged were not unconscionable or unfair.

**Forty-first Defense**

**(Unjustifiable Reliance)**

208.    Plaintiffs, themselves and/or through their agents, failed to investigate facts that were reasonably available to them and thereby unjustifiably relied on Defendants' purported misrepresentations or nondisclosures of material facts, if there were any.  Plaintiffs are therefore barred from obtaining relief sought in the CSAC.

**Forty-second Defense**

**(Reasonably Available Alternative Source)**

209.    Defendants allege that Plaintiffs had available to them in the marketplace reasonably available alternative sources of financing, credit, real estate loans and insurance, and voluntarily elected to enter into agreements, discussions and contracts, such that the business practices alleged in the Complaint were neither unconscionable nor unfair.

1

2

3

### **Forty-third Defense**

4

**(Acts of Others)**

5

6           210.      Defendants allege that any purported damages sought by Plaintiffs were

7 legally caused, in whole or in part, by the intentional conduct, willful misconduct, fault and/or

8 negligence of persons or entities other than Defendants, including, without limitation, Plaintiffs

9 and/or their agents.

10

11

### **Forty-fourth Defense**

12

**(Unclean Hands)**

13

14

15           211.      As a result of the acts and omissions in the matters relevant to this CSAC,

16 Plaintiffs have unclean hands and are therefore barred from asserting any claims against Defendants.

17

### **Forty-fifth Defense**

18

**(Estoppel, Laches, Waiver)**

19

20

21           212.      Plaintiffs' claims are barred in whole or in part under the doctrines of

22 estoppel, laches and/or waiver.

23

### **Forty-sixth Defense**

24

**(Failure to Mitigate)**

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

213.    Plaintiffs have failed to mitigate or attempted to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiffs must be diminished or barred by reason thereof.

**Forty-seventh Defense**

**(Principles of Equity - Rescission)**

214.    Defendants state that in the event the Court were to order rescission, principles of equity mandate that all liens remain in place until the repayment and return of all principal.

**Forty-eighth Defense**

**(Principles of Equity – Rescission – Recoupment and Setoff)**

215.    Defendants state that in the event the Court were to order rescission or any damages, principles of equity mandate that the Court also allow Defendants recoupment and setoff.

**Forty-ninth Defense**

**(Due Process – Rescission)**

216.    The application and attempted supervision of the remedy of rescission on a class-wide basis would be so vague, imprecise and inconsistent as to violate Defendants' rights to due process under of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution.

**Fiftieth Defense**

**(Excessive Fines and Equal Protection – Rescission)**

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    217.    The application and attempted supervision of the remedy of rescission on a

2    class-wide basis would result in damages and losses so severe and excessive in proportion to harm

3    alleged as to violate Defendants' rights under the United States Constitution and the California

4    Constitution.

5

6    **Fifty-first Defense**

7    **(Requirements for Restitution)**

8

9    218.    Defendants allege that the claim for disgorgement under California Business

10   and Professions Code Section 17200 requires that restitution be limited: (1) to consumers who relied

11   on alleged improper statements and materials; and (2) by Defendants' ability to pay restitution, and

12   that, accordingly, Plaintiffs have failed to allege an adequate claim for restitution.

13

14

15   **Fifty-second Defense**

16   **(Impermissible Damage Claim)**

17

18   219.    Defendants allege that the remedies Plaintiffs seek are in reality impermissible

19   damages and therefore not recoverable as alleged.

20

21   **Fifty-third Defense**

22   **(Inappropriate Exercise of Judicial Authority)**

23

24   220.    Defendants allege that Plaintiffs seek injunctive relief which would be an

25   inappropriate exercise of judicial authority as an unlawful or improper exercise of general regulatory

26   powers by the Court over the business practices, contracts and agreements at issue, and/or which

27   represent the deprivation of a property interest without a fair hearing.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Fifty-fourth Defense**

**(Mootness)**

221.    Defendants allege that Plaintiffs' claims are moot because, to the extent, if any, the conduct complained of occurred, it has ceased and, therefore, injunctive relief is inappropriate.

**Fifty-fifth Defense**

**(Offset)**

222.    Defendants allege that it is entitled to an offset against any amounts allegedly owing to Plaintiffs by amounts Plaintiffs owe to Defendants.

**Fifty-sixth Defense**

**(Commerce Clause)**

223.    Defendants allege that any award of punitive damages against it in this matter based on Defendants' lawful conduct outside of California would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution.

1

2

3                              **Fifty-seventh Defense**

4                                **(Equal Protection)**

5

6          224.        The provisions of California law limiting the amount of punitive damages

7  which may be awarded in specified cases, while permitting unlimited punitive damages for other

8  tortious conduct, unlawfully discriminates against defendants who are subject to unlimited punitive

9  damage awards in favor of defendants not subject to unlimited punitive damage awards.  Such

10 discrimination violates Defendants' right to equal protection under the Fifth and Fourteenth

11 Amendments of the United States Constitution and Article I, Section 7, and Article IV, Sections 2

12 and 16 of the California Constitution.

13

14                         **Fifty-eighth Affirmative Defense**

15        **(Due Process and Unconstitutionality – Punitive Damages)**

16

17         225.        The application of California law permitting an award of punitive damages in

18 this action is vague, imprecise and inconsistent and violates Defendants' rights to due process under

19 of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of

20 the California Constitution.  Defendants specifically incorporate by reference all standards of

21 limitations regarding the determination and enforceability of punitive damages award which arose in

22 the decisions of *BMW of North America v. Gore,* 517 U.S. 559 (1996) and *State Farm Mut.*

23 *Automobile Ins. Co. v. Campbell,* 123 S.Ct. 1513 (2003).  Further punitive damages are a

24 punishment, a quasi-criminal sanction for which Defendants have not been afforded the specific

25 procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States

26 Constitution.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

### **Fifty-ninth Defense**

3

### **(Public Policy)**

4

5

6        226.      Defendants allege that some or all of Plaintiffs' claims are barred by the

7   public policies of the United States and/or the State of California.

8

9

### **Sixtieth Defense**

10

### **(Insufficient Particularity)**

11

12

13        227.      Defendants allege that Plaintiffs have failed to plead their claims with

14   sufficient particularity to meet required standards to permit Defendants to raise all appropriate

15   affirmative defenses and, therefore, Defendants reserve its right to amend or supplement this answer

16   with additional defenses.

17

18

### **Other Affirmative Defenses**

19

20        228.      Defendants reserve the right to add other affirmative defenses as they become

21   known, based on facts developed during discovery in this action.

22

23        WHEREFORE, WSI and WMC pray that:

24

25        1.  Plaintiffs take nothing by way of their Complaint;

26

27        2.  The Court enter judgment in favor of each of WSI and WMC;

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT

3.  Defendants each be awarded all of their costs of defense, including any recoverable attorneys' fees; and

4.  The Court issue or award all other relief that the Court deems just and appropriate.

DATED:  May 9, 2008.

REED SMITH LLP

By _____
Jack R. Nelson (SBN 111863)
Attorneys for Defendants World Savings, Inc. and Wachovia Mortgage Corporation

ANSWER OF WSI AND WMC TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT