Jack R. Nelson (SBN 111863)
Keith D. Yandell (SBN 233146)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant World Savings Bank,
FSB, now known as "Wachovia Mortgage FSB"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLORES MANDRIGUES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD SAVINGS, INC., WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE CORPORATION, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C07 04497 JF (RS)<br><br>**DEFENDANT WACHOVIA MORTGAGE FSB'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL NAMES, ADDRESSES AND TELEPHONE NUMBERS OF ALL PUTATIVE CLASS MEMBERS PRIOR TO CERTIFICATION**<br><br>Date:            June 18, 2008<br>Time:           9:30 a.m.<br>Place:          Courtroom 4<br><br>Compl. Filed:   August 30, 2007<br><br>The Honorable Richard Seeborg |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. PROCEDURAL BACKGROUND........................................................................................2

    A. Plaintiffs' Claims for Relief Depend On Written Disclosures.....................................2

    B. Plaintiffs Served Discovery Requests and World Has Responded Substantively .................................................................................................................3

    C. Plaintiffs' Interrogatory Seeking Class Member Information Is Objectionable ................................................................................................................3

        1. The Interrogatory Does Not Seek Probative, Relevant Information.................4

        2. The Interrogatory Treads On The Privacy Rights of the Putative Class ..................................................................................................................4

        3. The Interrogatory Violates Basic Rule 26 Standards For Disclosure ...........................................................................................................4

III. LEGAL ARGUMENT............................................................................................................5

    A. Plaintiffs Incorrectly Rely on State Law Regarding Pre-Class Certification Discovery....................................................................................................5

    B. Under Federal Law, Plaintiffs Must Prove The Information is Relevant and Necessary, and The Need Outweighs The Putative Class Members' Right to Privacy ............................................................................................................6

    C. Plaintiffs Fail To Satisfy Any Of The Elements Required For Discovery Of Putative Class Members' Identities .........................................................................7

        1. Plaintiffs Fail To Establish That Information Identifying Putative Class Members Is Relevant................................................................................8

        2. Plaintiffs Fail To Establish That Information Identifying Putative Class Members Is Necessary ..............................................................................9

        3. Plaintiffs Fail To Show Their Need for Information Outweighs The Putative Class Members' Rights to Privacy ..........................................10

    D. Plaintiffs Incorrectly Rely On State Law That, Even If Applied, Would Still Defeat Plaintiffs' Motion ....................................................................................11

    E. Plaintiffs' Lone Federal Case Authority Does Not Address Discovery Of Putative Class Member Identities ...............................................................................13

    F. Plaintiffs Fail to Show The Potential Benefit Of Personal Contact Information Outweighs The Burden Associated With Producing The Information ..................................................................................................................13

- i -

DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS
# (CONTINUED)

**Page**

IV.   CONCLUSION ................................................................................................................14

- ii -   DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

# TABLE OF AUTHORITIES

## CASES

Atari, Inc. v. Sup. Ct.,
  166 Cal. App. 3d 867 (1985) ............................................................................................... 13

Bartold v. Glendale Federal Bank,
  81 Cal. App. 4th 816 (2000) ................................................................................................ 12

Bible v. Rio Properties, Inc.,
  246 F.R.D. 614 (C.D. Cal. 2007) ......................................................................................... 10

Bird Hotel Corp. v. Super 8 Motels, Inc.,
  No. 06-4073, 2007 US Dist. LEXIS 7513 (D. S.D. Feb. 1, 2007) ......................................... 8

Budget Finance Plan v. Sup. Ct.,
  34 Cal. App. 3d 794 (1973) ................................................................................................. 12

Burrows v. Sup. Ct.,
  13 Cal. 3d 238 (1974) .......................................................................................................... 11

Buycks-Roberson v. Citibank Federal Sav. Bank,
  162 F.R.D. 338 (N.D. Ill. 1995) ............................................................................................ 7

Calabrese v. CSC Holdings, Inc.,
  No. 02-CV-5171 (DLI) .......................................................................................................... 8

Cram v. Elec. Data Sys. Corp.,
  No. 07cv1842-LAB (NLS), 2007 U.S. Dist. LEXIS 91294 (S.D. Cal. Dec. 12, 2007) ......... 6

Dziennik v. Sealift, Inc.,
  No. 05-CV-4659 (DLI) MDG, 2006 U.S. Dist. LEXIS 33011
  ED NY May 23, 2006) ..................................................................... 6, 7, 8, 9, 10, 11, 12

First America Title Insurance Co. v. Sup. Ct.,
  146 Cal. App. 4th 1545 (2007) ............................................................................................ 12

Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.,
  No. S-06-0533, GEB GGH, 2007 U.S. Dist. LEXIS 8870 (E.D. Cal. Jan. 29, 2007) ............ 5

Gulf Oil v. Bernard,
  452 U.S. 89 (1981) ............................................................................................................... 13

In re Mortgagors of Temple-Inland Mortg. Corp.,
  No. 99-CV-4633, 2001 U.S. Dist. LEXIS 1918 (E.D. Pa. Jan. 24, 2001) .............................. 7

Krim v. Banc Texas Group, Inc.,
  99 F.3d 775 (5th Cir. 1996) ................................................................................................... 6

Mack v. Great Atlantic Pacific Tea Co., Inc.,
  871 F. 2d 179 (1st Cir. 1989) .............................................................................................. 13

Mantolete v. Boler,
  767 F.2d 1416 (9th Cir. 1985) ............................................................................................... 6

- iii -                                                          DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

Oppenheimer Fund, Inc. v. Sanders,
    437 U.S. 340 (1978) ..................................................................................................... 6

Palmer v. Stassinos,
    No. 5:04-CV-3026 RMW (RS),
    2005 U.S. Dist. LEXIS 41270 (N.D. Cal. May 18, 2005) ................................ 5, 7, 8, 9, 10, 12

Pioneer Electronics (USA), Inc. v. Sup. Ct.,
    40 Cal. 4th 360 (2007) ......................................................................................... 11, 12, 13

Robbins v. NCO Finance System,
    No. 2:06 CV 116, 2006 US Dist. LEXIS 89962 (N.D. Ind. Dec. 12, 2006) ........................... 7

Welch v. Eli Lilly,
    No. 1:06-cv-0641-RLY-JMS, 2008 U.S. Dist. LEXIS 32812 (S.D. Ind. Apr. 16, 2008) ........ 6

**STATUTES**

15 U.S.C. § 6801, et seq. .............................................................................................................. 11

12 U.S.C. § 3401 et seq. ............................................................................................................... 11

15 U.S.C. § 1601 et seq. ................................................................................................................. 5

28 U.S.C. Section 1331 .................................................................................................................. 6

Fed. R. Civ. Pro. 1 ...................................................................................................................... 5, 6

Federal Rule of Civil Procedure 23 ................................................................................................ 8

Federal Rules of Civil Procedure [MPA at 3:11-23] ..................................................................... 5

**MISCELLANEOUS**

Schwarzer, J., Cal. Prac. Guide: Federal Civ. Proc. Before Trial (Rutter Group rev. ed. 2004)
    p. 10-112.8, ¶ 10:740, citing Oppenheimer, 437 U.S. at 351 ............................................. 6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- iv -                                                                                                                    DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

# I. INTRODUCTION

Plaintiffs allege that Defendant Wachovia Mortgage, FSB, formerly known and sued herein as World Savings Bank, FSB ("World"), "fail[ed] to clearly and conspicuously disclose to Plaintiff and the Class members in … loan documents and … required Truth In Lending Disclosure Statements" certain information about interest rates, payments and deferred interest, otherwise known as negative amortization. Corrected Second Amended Complaint ("CSAC"), at 2:6-18. Plaintiffs have commenced discovery into the development and content of World's loan documentation and sales and marketing materials. But in addition, and without showing any basis for class certification, Plaintiffs demand that World compile and produce a full list of the names, home addresses and home telephone numbers of all putative class members, meaning all of the nearly 600,000 individuals nationwide who obtained "Pick-A-Pay" adjustable rate mortgages ("ARMs") from World over a 4+ year period.[1]

Plaintiffs candidly admit that they do not need the putative class members' identities to support a motion for class certification. *See* Plaintiffs' MPA at 5:6-7. Instead, Plaintiffs simply argue that "[a]ll of the class members … can verify or rebut Plaintiffs' allegations about Defendants' … practices," and thus are percipient witnesses in this case. *Id.* at 1:17-19. In fact, Plaintiffs say they will use this information to "contact these customers and learn of their experiences, thereby greatly improving their chances of marshalling a successful class action against Defendants." *Id.* at 2:22-24.

These arguments cannot succeed. *First*, they frame a classic concern about the potential for abuse in the class action process – allowing class action counsel to trawl for more clients to replace existing named plaintiffs. Indeed, Plaintiffs' motion essentially concedes that: (1) their own experiences are not representative of or common to the putative class; (2) Plaintiffs' claims are not based on any uniformity in the documentation or written materials given by World to borrowers, but instead are dependent on specific individualized financial situations and decisions; and (3) Plaintiffs need to, and can find "better," or just plain more, putative class representatives "if

---

[1] Although World is still trying to identify the exact number of loans that fall within the ambit of Plaintiffs' request, it estimates that approximately 575,000 borrowers may be at issue. Declaration of Victoria Barone, ¶ 1.

- 1 -    DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

only" they had the unfettered ability to cold-call all of World's customers to find any who are unhappy with World or easily swayed to bring suit.

*Second*, in addition to requiring pre-certification discovery to be free of any potential for abuse, federal law generally prohibits a plaintiff from discovering putative class members' identities unless she can show that: (1) the information is of probative value, (2) the information is necessary, and (3) the need for the information outweighs putative class members' rights to privacy and the associated burden on the defendant. Here, Plaintiffs have not satisfied and cannot satisfy their burden on any of these essential elements. In fact, Plaintiffs' cavalier explanation of the basis for their request illustrates why the privacy rights of members of a putative class – specifically the right "to be left alone" from intrusive inquiry, especially into personal matters – are of paramount importance when Plaintiffs have not even established the existence of a class. Absent limits, class counsel can pry into the details of the most significant personal financial decision that most putative class members will ever make – the decision to take out a home loan.

At heart, Plaintiffs' demand is a thinly-veiled effort to try and force World to settle with plaintiffs rather than face the prospect – *i.e.*, the *in terrorem* effect – of Plaintiffs' counsel calling nearly all of World's customers across the county to personally to ask if they think they have been the victim of "unlawful, fraudulent or unfair practices" by World. That does not justify this sort of discovery and the Court therefore should not hesitate to deny this motion.

## II.    PROCEDURAL BACKGROUND

### A.    Plaintiffs' Claims for Relief Depend On Written Disclosures

Plaintiffs' claims focus on World's written loan disclosures that allegedly did not adequately disclose to borrowers that they may accumulate deferred interest ("negative amortization") that will increase the principal balance of their loans, depending on how they elect to make payments under the options available to them under the terms of their Notes. On behalf of a putative nationwide class, Plaintiffs assert the following claims for relief: Violation of the Truth in Lending Act, Fraudulent Omissions; Violations of California Business and Professions Code § 17200; Breach of Contract; and Breach of the Covenant of Good Faith and Fair Dealing. Under the Truth In Lending Act ("TILA"), Plaintiffs' allege specific deficiencies in the borrowers' promissory

notes ("Notes") or World's federally-mandated TILA "Reg Z" statements - which disclose the borrower's Annual Percentage Rate ("APR") and payment obligations under the terms of their Note. *See generally*, CSAC at ¶¶ 1 and 65.  For their California statutory and common law claims, Plaintiffs also allege breaches of certain terms of the Notes and generally allege further failures in making borrowers aware of the circumstances in which they can accumulate negative amortization. *See generally*, CSAC at ¶¶ 109, 131 and 144.

**B.    Plaintiffs Served Discovery Requests and World Has Responded Substantively**

World's loan documentation and disclosures are not deficient in any way.[2] Nonetheless, in pending discovery, World has produced or agreed/offered to produce (1) all versions of its loan agreement and disclosure forms; (2) the loan files for all of the named Plaintiffs; (3) certain sales and marketing material that World has used to describe features of its Pick-A-Pay ARMs; and (4) a random sampling of 45 loan files of other borrowers (with all borrower identifying information redacted).[3] *See* Arbogast Declaration, Ex. 6 (letter summarizing World's offers of compromise following meet and confer sessions).  Plaintiffs thus have ample opportunity with this discovery to explore and test the claims they have made about disclosures that World makes to borrowers concerning the terms of the Pick-A-Pay ARM product.  There is no indication the evidence is insufficient for their needs in preparing to move for class certification.

**C.    Plaintiffs' Interrogatory Seeking Class Member Information Is Objectionable**

Despite World's agreement to provide substantial documentation about, and samples of, its loan agreement forms, its disclosures and its sales materials, Plaintiffs served an interrogatory seeking a list of <u>all</u> names, home addresses and telephone numbers of the hundreds of thousands of people who decided accept the terms of the Pick-A-Pay ARM from World from August of 2003 forward.  World objected as follows:

---

[2] For example, on summary judgment World will show that the totality of disclosures made to borrowers, including through federally-mandated and other disclosures that are given to all borrowers but are not attached to the CSAC, comply fully with TILA and that Plaintiffs' argument about the requirements of TILA are, quite simply, wrong.  World will also show that these disclosures and documents, executed by each the named plaintiffs, prevent these Plaintiffs from making the legal claims that they assert.

[3] World does not concede that *any* sampling of the information in actual individual non-party borrower loan files is necessary or probative of either class certification or liability in this action.  World offered a (redacted) small sampling of loan files merely to prove that point to Plaintiffs.

- 3 -   DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

> "World incorporates its General Objections by reference. … [and] further objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. World further objects to this Interrogatory to the extent it seeks private, confidential …information including, but not limited to, private customer information as described in the General Objections, and specifically private identifying information about borrowers who are not parties to this action." *See* World's Response to Interrogatory No. 5, p. 4:6-8.

World also objected "to the extent [the Interrogatory] seeks to impose obligations upon World beyond those authorized by the Federal Rules of Civil Procedure." *Id.* at 2:15-16.

Despite meeting and conferring, Plaintiffs have yet to show how the Interrogatory reaches relevant information, avoids violating privacy rights, or meets basic Rule 26 standards.

### 1. The Interrogatory Does Not Seek Probative, Relevant Information

Plaintiffs cannot show that the identities of all other putative class members are probative of *any* issues in this case. Plaintiffs' lawsuit is based on World's allegedly deficient <u>written</u> disclosures and supposedly common sales and marketing materials and "scripts" used by World. Moreover, as already indicated, World has agreed to produce many documents. Plaintiffs thus will have all of the evidence that they could possibly need to examine the disclosures made to the putative class.

### 2. The Interrogatory Treads On The Privacy Rights of the Putative Class

Plaintiffs also have not explained how the probative value of such evidence outweighs the interests of the other *unrepresented* putative class members in protecting their privacy, including inquiry by Plaintiffs into their financial transactions. Stringent federal laws and a myriad of state laws exist to protect bank customers' information, including the information Plaintiffs seek here. Plaintiffs have not identified any reason for this Court to ignore, much less parse through, these overlapping and differing privacy protections.

### 3. The Interrogatory Violates Basic Rule 26 Standards For Disclosure

Plaintiffs' Interrogatory fails to meet even basic discovery standards of Rule 26, which requires a showing that the probative value of the request outweighs the burden on the responding party. Here, the burdens are substantial. World could suffer irreparable harm to its reputation and good will and could incur incalculable costs and harm. For example, if Plaintiffs' contact with World's customers could easily result in customer complaints about the disclosure of

- 4 -

DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

their personal financial information, increased volume of calls from confused customers, and meritless demands for intervention or relief in some form from World. The putative class also bears the burden of the intrusion into their private lives – long before there has been any showing that they are in fact members of a legally recognizable class. Finally, there is a risk that this personal information about such a large number of people might be inadvertently disclosed or lost. Protective orders notwithstanding, the near-weekly news of such lists being misplaced or stolen from laptops or offices shows that the mere existence of such a list increases its risk of compromise. The resulting public relations nightmare will fall in World's lap – not Plaintiffs'.[4]

### III.  LEGAL ARGUMENT

**A.  Plaintiffs Incorrectly Rely on State Law Regarding Pre-Class Certification Discovery**

Although Plaintiffs begin their Motion by citing the Federal Rules of Civil Procedure [MPA at 3:11-23], they primarily, and incorrectly, rely on California state cases to try to make a case for production. Jurisdiction in this matter is based on the Truth in Lending Act, 15 U.S.C. Section 1601 *et seq.* and federal question jurisdiction, 28 U.S.C. Section 1331. CSAC at 6. Accordingly, the Federal Rules of Evidence and related federal case law apply to this case. *See* Fed. R. Civ. Pro. 1; *Palmer v. Stassinos*, No. 5:04-CV-3026 RMW (RS), 2005 U.S. Dist. LEXIS 41270, *13 (N.D. Cal. May 18, 2005) ("…the Court is not bound by state privilege law in a federal question case…"); *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, No. S-06-0533 GEB GGH, 2007 U.S. Dist. LEXIS 8870, 5-6, fn 2 (E.D. Cal. Jan. 29, 2007) ("[t]he Federal Rules of Civil Procedure govern this

---

[4] Because the law and facts overwhelmingly favor World on this motion, Plaintiffs off-handedly try to raise the red herring of "urgency" by arguing this Court must act quickly on their Motion because there are borrowers "in imminent threat of losing their home." If that assertion were factually relevant at all to the motion, World could point out that the only borrowers with Pick-A-Pay ARMs who are at risk of, or are in, foreclosure are those who have failed to make payments on their mortgage – typically because they have lost their job or suffered a pay cut – not because they received inadequate disclosures about their loan. For example, Plaintiffs attach to their motion, but then never discuss, a foreclosure notice sent to two of the named Plaintiffs. That notice was the culmination of a consistent failure by those borrowers to timely make payments, beginning just 3 months into the loan. See Declaration of Lisa Been, ¶¶ 2 - 7 (filed under seal). The borrowers said they missed payments solely due to their particular personal income situation. *Id.* at ¶6.

Addressing Plaintiffs' red herring would require a detailed examination of individual borrowers' situations, impose a huge burden on this Court, and constitute a substantial invasion of the privacy of those borrowers. Plaintiffs' assertion is not relevant to this motion, and in fact foreshadows a major obstacle to their future class certification motion. But the Court need not review such information about other borrowers at this time because, as is apparent with just the Plaintiffs before the Court now, the financial situations delinquent borrowers face has nothing whatsoever to do with disclosures about interest rates, deferred interest or any of the claims asserted in the CSAC.

case, Fed. R. Civ. P. 1 … it is not within the discretion of the court to willy nilly apply bits and pieces of the discovery civil procedure codes of the various states, even the state in which the district court sits").

**B.   Under Federal Law, Plaintiffs Must Prove The Information is Relevant and Necessary, and The Need Outweighs The Putative Class Members' Right to Privacy**

By citing state law, Plaintiffs tacitly acknowledge that federal law does not permit the discovery they seek. Indeed, the United States Supreme Court has held that, although a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Those boundaries are even more limited in putative class actions.

Before class certification, "[i]n most cases, the court will limit discovery to certification issues: e.g., the number of class members, existence of common questions, typicality of claims, representative's ability to represent the class, etc." Schwarzer, J., *Cal. Prac. Guide: Federal Civ. Proc. Before Trial* (Rutter Group rev. ed. 2004) p. 10-112.8, ¶ 10:740, *citing Oppenheimer*, 437 U.S. at 351; *Krim v. Banc Texas Group, Inc.*, 99 F.3d 775, 777-78 (5th Cir. 1996). Further, judicial economy concerns mandate limiting the scope, duration and permissible methods of pre-certification discovery. *Cram v. Elec. Data Sys. Corp.*, No. 07cv1842-LAB (NLS), 2007 U.S. Dist. LEXIS 91294, at *11-12 (S.D. Cal. Dec. 12, 2007); *see also Welch v. Eli Lilly*, No. 1:06-cv-0641-RLY-JMS, 2008 U.S. Dist. LEXIS 32812 (S.D. Ind. Apr. 16, 2008) (refusing to allow precertification discovery of thousands of personnel records); *Mantolete v. Boler*, 767 F.2d 1416, 1424 (9th Cir. 1985) (courts aim to prevent "fishing expeditions, especially during precertification discovery"). But the boundaries are even more limited when plaintiffs seek identifying information of putative class members.

The Supreme Court has "held that the production of class members' names was not 'within the scope of legitimate discovery.'" *Dziennik v. Sealift, Inc.*, No. 05-CV-4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 33011, at *2 (E.D. N.Y. May 23, 2006), quoting *Oppenheimer*, 437 U.S. at 354. "[C]ourts have ordinarily refused to allow discovery of class members' identities at the

pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients rather than to establish the appropriateness of class certification." *Dziennik*, 2006 U.S. Dist. LEXIS 33011, at *2, *citing Hatch v. Reliance Ins. Co.*, 758 F. 2d 409, 416 (9th Cir. 1985) (holding that precertification discovery request seeking identities of putative class members was improper); *see also In re Mortgagors of Temple-Inland Mortg. Corp.*, No. 99-CV-4633, 2001 U.S. Dist. LEXIS 1918, at *2 (E.D. Pa. Jan. 24, 2001), *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 338, 342 (N.D. Ill. 1995) (in redlining action against bank, plaintiffs were not entitled to loan files without redacted addresses where loan applicant's names were also redacted).

Based on these concerns, the federal courts have established a rule for the discovery of information about putative class members: plaintiffs must show the information is relevant and necessary to file a motion for class certification, and that the purported need for the identifying information outweighs the privacy interests of the putative class members. *See Palmer v. Stassinos*, 2005 U.S. Dist. LEXIS 41270, at *13 (denying motion to compel pre-certification discovery seeking the identities of putative class members because plaintiffs did not require such information to file a motion for class certification); *see also Robbins v. NCO Fin. Sys.*, No. 2:06 CV 116, 2006 US Dist. LEXIS 89962 (N.D. Ind. Dec. 12, 2006) (citing *Palmer* and denying plaintiffs' motion to compel putative class members' names and addresses because that information was irrelevant for class certification purposes).

**C.    Plaintiffs Fail To Satisfy Any Of The Elements Required For Discovery Of Putative Class Members' Identities**

Here, Plaintiffs have not shown, and cannot show, that the names, addresses, and phone numbers of well over half of a million people are relevant and necessary at this stage of the litigation, or that the need outweighs the privacy interests of those members. A mere desire on the part of counsel to "contact these customers and learn of their experiences" is not a legitimate basis for obtaining this information. Without proof of relevance, necessity, or a need that outweighs the right to privacy, granting the pending motion would simply enable Plaintiffs to embark on a fishing expedition for potential clients, which is precisely why *federal* law frowns on this sort of request and

- 7 -    DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

World's objections to the Interrogatory must stand. It is no wonder that Plaintiffs concentrate instead on inapplicable <u>state</u> law from just one of the 38 different states in which putative class members reside, and even avoid citing (contrary) rulings on this very discovery issue by this Court and the Ninth Circuit.

### 1. Plaintiffs Fail To Establish That Information Identifying Putative Class Members Is Relevant

At a minimum, Plaintiffs must show that the names, address and telephone numbers are relevant to the issues of class certification, *i.e.* Plaintiffs must explain how the information would be probative of any of the four class certification requirements set forth by Federal Rule of Civil Procedure 23. *Palmer*, 2005 U.S. Dist. LEXIS 41270, at *10, *Dziennik*, 2006 U.S. Dist. LEXIS 33011, at *6. But in cases like this, such information is typically <u>not</u> relevant to class certification.

*Palmer* and *Dziennik* illustrate this point. In *Palmer*, the named plaintiffs sought to compel defendants to provide putative class members' names and addresses before class certification. In denying the motion, <u>this Court</u> held that the defendant "properly objects to these questions seeking specific information about <u>the identity of class members which is not relevant at this stage of the litigation</u>." *Id*. at *10 (emph. added).

The *Dziennik* Court then followed this Court's lead. In *Dziennik*, plaintiffs filed a putative class action to recover wages owed under employment contracts. 2006 U.S. Dist. LEXIS 33011, at *1. Although Defendants produced redacted versions of the employment contracts at issue, plaintiffs moved to compel the production of un-redacted versions of the contracts to identify other putative class members. *Id*. The Court denied plaintiffs' motion because plaintiffs failed to demonstrate "the relevance of the information they seek" <u>and</u> the redacted employment agreements provided plaintiffs all the information they needed to file their motion for class certification. *Id*. at *6-7.[5]

---

[5] Other federal courts quickly adopted *Dziennik*'s rationale. *See, e.g.*, *Calabrese v. CSC Holdings, Inc.*, No. 02-CV-5171 (DLI) (JO), 2007 US Dist. LEXIS 16059 (E.D. N.Y. May 7, 2007), at *22, fn.7 (citing *Dziennik* for the proposition that courts disfavor discovery requests seeking putative class member identifying information); *Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. 06-4073, 2007 US Dist. LEXIS 7513 (D. S.D. Feb. 1, 2007), at *8-9 (citing *Dziennik* for the proposition that courts ordinarily refuse to allow discovery of class members' identities at the precertification stage, and denying plaintiffs' motion to compel production of identifying information because the Court was unaware of authority

- 8 -   DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

Here, like *Palmer* and *Dziennik*, Plaintiffs seek precertification discovery of putative class members' identifying information. But Plaintiffs are similarly unable to show how the identity of over 575,000 World borrowers is relevant to class certification issues.

Plaintiffs' only argument is that the information will "help" them identify other potential plaintiffs for the purpose of obtaining declarations. *See* MPA at 7:10. Plaintiffs thus speculate that interviewing the 500,000+ putative class members might result in: (1) evidence that other borrowers were victims of the same allegedly unlawful practices as alleged in the complaint, and (2) evidence that putative class members might initiate separate actions if the case is not certified as a class action. But these arguments do not pass muster.

Indeed, Plaintiffs' theories could apply to <u>every</u> class action. If these generic reasons were deemed to satisfy the relevance requirement, a court could never deny a request for such discovery, and the exception would swallow the rule. This Court should have no difficulty in rejecting Plaintiffs' proposal to rewrite the discovery rules. *See, e.g., Palmer*, 2005 U.S. Dist. LEXIS 41270, at *10.

**2.     Plaintiffs Fail To Establish That Information Identifying Putative Class Members Is Necessary**

In addition to proving relevance, Plaintiffs must show the information is needed for class certification purposes. *Dziennik*, 2006 U.S. Dist. LEXIS 33011, at *6-7. Plaintiffs also fall short of this requirement for at least two reasons.

First, Plaintiffs admit they "may be able to make the requisite showing for class certification <u>without evidence from other proposed unnamed class members</u>." MPA at 5:6-7 (emph. added). This fact alone ends the analysis and warrants the denial of Plaintiffs' Motion to Compel. *Palmer*, 2005 U.S. Dist. LEXIS 41270, *10; *Dziennik*, 2006 U.S. Dist. LEXIS 33011 at *7.

Second, Plaintiffs will not gain any further probative information from unknown putative class members that would bear on the allegations in this case, where Plaintiffs claim that World's <u>written</u> disclosures are deficient. *See*, CSAC at ¶¶ 1, 65, 109, 131 and 144. For example, in

---

supporting plaintiffs' position).

- 9 -     DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

*Dziennik,* 2006 U.S. Dist. LEXIS 33011 at *2, the allegations focused on written employment contracts and class plaintiffs had received redacted versions of of the employment contracts at issue. Since information from the individual putative class members would not add anything new to the case, the Court denied discovery of the individuals' identities. *Id.*

Here, World has already produced the loan files for the four named plaintiffs, has agreed to produce its forms of agreements and disclosures across the class period as well as certain sales and marketing material and has offered to produce loan documents from 45 additional randomly selected (and redacted) loan files to demonstrate that nothing in other borrowers' loan files will aid Plaintiffs' case. Thus, Plaintiffs have all of the evidence they could possibly need to try and show that a class can be certified. If Plaintiffs really think they need to interview every putative class member to test their allegations, then this is not a class action in the first instance.

Because Plaintiffs have not established any need for information about the putative class members, the Court can also deny the motion on this element alone.

### 3. Plaintiffs Fail To Show Their Need for Information Outweighs The Putative Class Members' Rights to Privacy

Finally, even if Plaintiffs could show that the putative class members' identifying information is relevant and necessary, they would have to show the need outweighs the privacy interests of the putative class members. *Palmer*, 2005 U.S. Dist. LEXIS 41270, at *10; *see also Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 620 (C.D. Cal. 2007) (applying the rule that the need for discovery should be balanced against competing privacy interests; holding that defendant should redact third party names and addresses from complaint files before producing them). But as already indicated above, Plaintiffs cannot establish any need. Furthermore, the balancing test tips even further against Plaintiffs here because personal financial information is at stake.6

Individuals enjoy substantial privacy rights over their personal financial information.

---

6 Arguing that names, addresses and telephone numbers are not "personal financial information" [MPA at 4:20-25] places a fig leaf of innocence over the true purpose of the Interrogatory at issue, which is Plaintiffs' counsel's desire to gain the ability to delve into the details of each putative class member's decision to enter into a substantial financial transaction – one that <u>always</u> puts tens of thousands, and that usually places hundreds of thousands, if not millions, of dollars at stake.

- 10 -   DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

For example, federal law imposes an affirmative, continuing obligation on banks to protect their customers' private financial information. *See, e.g.*, Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq*, the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.* Private financial information is also protected by the laws of the various states, such as the California Constitution and its guaranteed right to privacy. *Burrows v. Sup. Ct.*, 13 Cal. 3d 238, 243 (1974).[7] ("<u>absent compulsion by legal process</u>, the matters he reveals to the bank will be utilized by the bank only for internal banking purposes" (emph. added)).

Because the right to privacy over financial information is paramount and Plaintiffs cannot show need, the balancing test heavily tips in favor of protecting such information against Plaintiffs' request for disclosure.

## D. Plaintiffs Incorrectly Rely On State Law That, Even If Applied, Would Still Defeat Plaintiffs' Motion

Recognizing that the facts and federal case law preclude the relief they seek, Plaintiffs desperately look to California law – principally *Pioneer Electronics (USA), Inc. v. Sup. Ct.*, 40 Cal. 4th 360 (2007). But as already indicated, California law has no bearing on a federal court action premised on purported violations of federal law and involving a putative nationwide class of over half a million World customers. In any event, *Pioneer* favors World, not Plaintiffs, because *Pioneer* emphasized the paramount importance of the individual's right to privacy by applying a balancing test that weighed the need for contact information against the right to privacy.

In *Pioneer*, the named plaintiff brought a putative class action alleging that Pioneer sold a series of defective DVD players. During discovery, the plaintiff sought the identities of a mere 700 to 800 putative class members who had already registered formal complaints against Pioneer for similar deficiencies. *Pioneer*, 40 Cal. 4th at 364.

In reviewing the trial court's order compelling the discovery, the California Supreme Court explicitly recognized the putative class members' right to privacy. *Pioneer*, 40 Cal. 4th at

---

[7] Congress mirrored the California Supreme Court's ruling in *Burrows* when it passed the Right to Financial Privacy Act ["RFPA"], 12 U.S.C. § 3401 *et seq.* in 1978. The RFPA overturned the U.S. Supreme Court's holding in *U.S. v. Miller* that the 4th Amendment did not protect one's privacy interest in financial information.

- 11 -  DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

370. Where a class member possesses a reasonable, legally protected privacy interest that faces a serious threat of exposure, the right to privacy is implicated and the Court should not allow the discovery unless the propounding parties' <u>need</u> for discovery outweighs the right to privacy. *Pioneer*, 40 Cal. 4th at 370.

Accordingly, the Supreme Court held that the trial court did not abuse its discretion in compelling disclosure because (1) the information at issue was not that private or sensitive since the customers had already lodged formal complaints and, therefore, had a reduced expectation of privacy, 2) the request did not seek information relating in any way to the putative class members' <u>personal finances</u> and, therefore, no threat of a serious privacy invasion existed, and 3) based on the allegations, plaintiff demonstrated a need to identify and communicate with similarly situated putative class members that outweighed the minimal privacy interest. *Id*. at 373-74.[8]

Here, unlike *Pioneer*, World's customers in this case have <u>not</u> put their privacy at issue. To the contrary, World's customers have every right to expect that based on state and federal laws, World will <u>not</u> produce their financial information to third parties. Furthermore, Plaintiffs <u>do</u> ultimately seek information directly related to putative class members' <u>personal finances</u>, which *Pioneer* specifically distinguished as deserving greater protection. Finally, as already discussed, Plaintiffs cannot establish any need for information where there allegations focus on the written documents. Thus, whether this Court applies *Pioneer*'s balancing test or *Palmer/Dziennik*'s balancing test, the result is the same: Plaintiffs are not entitled to discover over 500,000 World borrowers' personal and financial information at this stage of the litigation.

Plaintiffs' reliance on *Bartold v. Glendale Federal Bank*, 81 Cal. App. 4th 816 (2000) fares no better. In *Bartold*, plaintiffs were improperly prevented from obtaining any information <u>necessary</u> to file their motion for class certification. *Id*. at 835. Here, as indicated, World has already agreed to produce substantial information to Plaintiffs that amply addresses Plaintiffs'

---

[8] Plaintiffs cite *Budget Fin. Plan v. Sup. Ct.*, 34 Cal. App. 3d 794, 799 (1973) (*Budget*), for the proposition that plaintiffs are always entitled to discover of the identities of putative class members. But *Pioneer*'s balancing test has rendered *Budget* obsolete. *See First Am. Title Ins. Co. v. Sup. Ct.*, 146 Cal. App. 4th 1545, 1578 (2007) (questioning the validity of *Budget* and overturning trial court's order compelling discovery of putative class member identifying information).

- 12 -

DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

allegations of deficiencies in allegedly standard presentations, forms and disclosures.9

### E. Plaintiffs' Lone Federal Case Authority Does Not Address Discovery Of Putative Class Member Identities

Plaintiffs cite just one federal case – *Gulf Oil v. Bernard*, 452 U.S. 89 (1981) – regarding the discoverability of putative class member identifying information. But the Supreme Court's decision in *Gulf Oil* offers Plaintiffs no help, for two reasons: (1) the case is factually distinguishable because it does not even address the propriety of such discovery – it simply says the trial court's protective order preventing any <u>communication</u> with putative class members was improper because the trial court "made no findings of fact and did not write an explanatory opinion." *Id*. at 96; and (2) the only relevant aspect of *Gulf Oil* is the use of a balancing test, which would produce the same result as the *Palmer*, *Dziennik*, *Pioneer* tests. In short, *Gulf Oil* supports the denial of Plaintiffs' motion.

### F. Plaintiffs Fail to Show The Potential Benefit Of Personal Contact Information Outweighs The Burden Associated With Producing The Information

Federal Rule of Civil Procedure 26(b)(1) states that the use of any discovery method "shall be limited by the court if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Thus, courts will not compel parties to respond to a request unless the propounding party can show the probative value of the information the request seeks outweighs the burden on the responding party. *See, e.g., Mack v. Great Atlantic Pacific Tea Co., Inc.*, 871 F. 2d 179, 187 (1st Cir. 1989) (parties must tailor discovery to suit the particular exigencies of the litigation, and "ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up").

---

9 Plaintiffs' reliance on *Atari, Inc. v. Sup. Ct.*, 166 Cal. App. 3d 867 (1985) (to make a determination whether common questions are sufficiently pervasive, parties must have the chance to conduct reasonable investigation) is misplaced for the same reasons as their use of *Bartold*.

- 13 -   DOCSOAK-9907866.13

Defendant Wachovia Mortgage, FSB's Opposition To Plaintiffs' Motion To Compel Names, Addresses and Phone Numbers Of All Putative Class Members

1    A Rule 26 discovery limit is especially apt here.  As already indicated, Plaintiffs cannot establish any probative value from obtaining information about World's borrowers since this case deals with written disclosures.  On the other hand, the burden on World is great.  Aside from the time and expense of compiling the information sought, World could suffer irreparable harm to its reputation and good will, and could incur incalculable costs, if Plaintiffs' contact with World's customers results in: customer complaints about the disclosure of their personal financial information, numerous meritless complaints about other matters and/or increased volume of calls from confused customers.  In some cases, borrowers might attempt a meritless rescission, only to find themselves either deeper in debt or foreclosed upon.  Moreover, by providing this sensitive information to Plaintiffs, there is a substantial risk that the information will be lost or stolen, and the resulting public relations damage will impact World – not Plaintiffs.

Because Plaintiffs cannot survive the Rule 26 balancing test either, the Court should deny Plaintiffs' Motion on this independent ground.

### IV.    CONCLUSION

Federal law protects personal information from precisely the type of request Plaintiffs propound, unless there is proof of relevance and necessity, and the need outweighs the right to privacy.  Plaintiffs have not met their burden on any of those elements.  Nor can they meet the basic Rule 26 requirement that the benefit associated with the discovery they seek outweighs the burden on World and its borrowers.  Even the state law upon which they improperly rely fails to justify their motion.  For all of these reasons, the Court should deny the pending motion.

DATED:  May 28, 2008

REED SMITH LLP

By    /s/ Jack R. Nelson
      Jack R. Nelson
      Attorneys for Defendant World Savings Bank, FSB,
      now known as "Wachovia Mortgage FSB"