David M. Arbogast (SBN 167571)
darbogasta@law111.com
Jeffrey K. Berns, Esq. (SBN 131351)
jberns@jeffbernslaw.com
**ARBOGAST & BERNS LLP**
19510 Ventura Boulevard, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000; Fax: (818) 867-4820

Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
Patrick DeBlase, Esq. (SBN 167138)
deblase@kbla.com
Michael C. Eyerly, Esq. (SBN 178693)
eyerly@kbla.com
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Phone: (310) 854-4444
Fax: (310) 854-0812

Attorneys for Plaintiffs and all others Similarly Situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| DOLORES MANDRIGUES, JUANITA JONES, AL F. MINYEN and WILMA R. MINYEN, MARK CLAUSON and CHRISTINA CLAUSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD SAVINGS, INC., WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE CORPORATION, and DOES 1 through 10 inclusive,<br><br>Defendants. | **CASE NO. C-07-4497 JF (RSx)**<br><br>CLASS ACTION<br><br>**PLAINTIFFS' OBJECTIONS TO, AND NOTICE OF INTENTION TO STRIKE PORTIONS OF THE DECLARATION OF LISA BEENS FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Hearing Date: June 18, 2008<br>Time:        9:30 a.m.<br>Place:       Courtroom 4<br>Judge:      Hon. Richard Seeborg<br><br>Complaint Filed: August 30, 2007<br>Trial Date: Not set yet. |

PLEASE TAKE NOTICE that, at the time of but immediately preceding the hearing on Plaintiffs' motion to compel, Plaintiffs will move the Court for an order sustaining each and all of these objections and striking the objectionable portions of the Declaration of Lisa Beens ("Beens Declaration") from the record.

## I. PLAINTIFFS' OBJECTIONS TO THE BEENS DECLARATION

### Objection No. 1

The second sentence of Paragraph 2 of the Beens Declaration (2:1-3), Paragraphs 3, 4, 5, 6, and 7, in their entirety (2:3-3:3), on the grounds that the matters set forth therein (a) are completely irrelevant to the issue of whether Defendant Wachovia Mortgage, FSB formerly and sued as World Savings Bank, FSB. ("Defendant") failed to disclose and omitted material information from Plaintiffs prior to entering into the loans; (b) are inadmissible hearsay; and (c) violate the best evidence rule.

### A. The Statements are Irrelevant

This case is about Defendant's disclosures, or lack thereof, at the consummation stage of the loan contracts with Plaintiffs, and thus, post-formation conduct is completely irrelevant to the issue of whether Defendant failed to disclose and omitted important material information to Plaintiffs prior to entering into these loans.

The Truth-In-Lending Act ("TILA") requires that certain disclosures be made to borrowers *prior to* entering into the loans. 12 C.F.R. § 226.17(b); FRB's Official Staff Commentary to 12 C.F.R. 226.17(b)("As a general rule, disclosures *must* be made before "consummation" of the transaction.")(emphasis added). Defendant failed to make the required disclosures prior to the consummation of Plaintiffs', and other Class members' loans, therefore, Plaintiffs, and all others similarly situated, were fraudulently induced into the loans.

Fraud in the inducement (fraudulent omissions) renders the entire contract voidable by the aggrieved party. Hinesley v. Oakshade Town Center (2005) 135 Cal.App.4th 289, 301. Fraud in the inducement occurs when a promisor knows what he or she is signing but their consent is induced by

-2-
PLAINTIFFS' OBJECTION AND INTENTION TO STRIKE - BEENS DECLARATION- C-07-4497 JF (RSx)

1  fraud.  Rosenthal v. Great Western Financial Securities Corp. (1996) 14 Cal.4th 394, 415.  A contract
2  tainted by fraud is voidable at the election of the innocent party, however, as far as the guilty party is
3  concerned, the contract is void, meaning the court will not lend its assistance to enforce the contract.
4  Black Hills Investments, Inc. v. Albertson's, Inc. (2007) 146 Cal.App.4th 883, 891-892; Filet Menu, Inc.
5  v. C.C.L. & G., Inc. (2000) 79 Cal.App.4th 852, 861-862; Elliot v. Wohlfrom (1880) 55 Cal 384, 387-
6  388.

7  Here, the Beens Declaration only addresses Plaintiffs' alleged post-formation conduct.  Thus,
8  the information proffered in the objected to portions of the Beens Declaration, 2:1-3, ¶¶ 3-7, are
9  completely irrelevant to the issues of whether Defendants' pre-formation disclosures failed to disclose
10 and omitted important material facts.

### B.   The Statements are Inadmissible Hearsay

"Hearsay" is a statement, other than one made by the declarant while testifying at the current trial or hearing, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c). Here, the objected to portions of the Beens Declaration are statements derived from statements allegedly contained in Defendant's "business records."  Beens Declation, 1:24-27.  The objected to portions of the Beens Declaration are offered for the truth of the matter on two levels.  First, the objected to portions of the Beens Declaration are offered to prove post-formation conduct.  However, Defendants have not proffered any documentary evidence to supports her statements.  While the underlying documents and records upon which the Declarant's statements are allegedly derived from are themselves potentially admissible under Rule 803(6)(business records exception), Ms. Beens statements, opinions and conclusions about what is contained in those records is not.

Second, the objected to portions of the Beens Declaration incorporates statements allegedly made by Plaintiffs that were allegedly recorded in Defendants business records.  The objected to portions of the Beens Declaration are being offered to prove Plaintiffs post-formation conduct.  Thus, Ms. Beens statements about Plaintiffs post-formation conduct derived from Defendants records is hearsay within hearsay.  Rule 803(6)(business records exception) provides an exception to admit hearsay contained in business records if the requirements are met. The rule states, "any writings or

1 records of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from
2 information transmitted by, a person with knowledge are admissible if kept in the regular course of
3 business and if it was the regular course of business to make that record, unless the source of
4 information or circumstances of preparation indicate a lack of trustworthiness."  Because the records
5 have not been proffered, the requirement of demonstrating that the source of the information,
6 circumstance or preparation are trustworthy have not been shown.  For this reason Ms. Been's
7 representations of Plaintiffs alleged statements allegedly recorded in Defendants' business records
8 should be stricken.

9 "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the
10 Supreme Court pursuant to statutory authority or by Act of Congress."  Fed. R. Evid. 802.   Thus, the
11 objected to portions of the Beens Declaration are inadmissible unless: (i) it is excluded by definition as
12 not hearsay (e.g., prior statements by a witness and party admissions) Fed. R. Evid rule 801(d)(1) & (2);
13 or (ii) it falls within an established exception to the hearsay rule as set forth in the Federal Rules of
14 Evidence, Rule 803, 804 or 807.

15 Because the Beens Declaration is nothing more than hearsay statements about what is
16 contained in documents allegedly possessed by Defendant, but not produced, the veracity of these
17 statements, and their indicia of truthfulness cannot be evaluated.

### C.   The Statements Violate the Best Evidence Rule

20 "To prove the content of a writing, recording, or photograph, the original writing, recording or
21 photograph is required, except as otherwise provided in these rules or by Act of Congress." Fed. R.
22 Evid. 1002.   The purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting
23 to prove the contents of a writing.  Fed. R. Evid. 1002, Adv. Comm. Notes; <u>United States v. Ross</u> (11th
24 Cir. 1994) 33 F.3d 1507, 1513; <u>United States v. Holton</u> (DC Cir. 1997) 116 F.3d 1536, 1545.

25 The best evidence rule is an exclusionary rule (excluding secondary evidence absent
26 satisfactory explanation for the failure to produce the original).   The best evidence rule does not require
27 that all proffered evidence be the "best" (or most persuasive) evidence.  "Less persuasive" evidence
28 (e.g., testimony) violates the best evidence rule only if it is being offered to prove the content of a

1   writing.  See Fed. R. Evid. 1002, Adv. Comm. Notes.

2       Here, Defendant attempts to prove the content of writings in its possession without producing
3   copies of those writings, and therefore the objected to portions of the Beens Declaration are inadmissible
4   under Fed. Evid. Rule 1002.

5       The "adverse inference rule," on the other hand, applies where a party has failed to produce
6   relevant evidence within his or her control, giving rise to an inference that the evidence was
7   unfavorable.  International Union (UAW) v. NLRB (DC Cir. 1972) 459 F2d 1329, 1339; Interstate
8   Circuit, Inc. v. United States (1939) 306 US 208, 226, 59 S.Ct. 467, 474 ("The production of weak
9   evidence when strong is available can lead only to the conclusion that the strong would have been
10  adverse.")

11      As discussed above, the objected to statements contained in the Beens Declaration are "less
12  persuasive" and therefore is weaker evidence than if actual copies of the claimed "business records"
13  upon which the Beens testimony is allegedly based.  As such, if the Court admits the objected to
14  portions of the Beens Declaration into evidence, the adverse inference rule should apply as the allegedly
15  "strong" evidence contained in Defendant's alleged "business records" has not been produced.  Beens
16  Declaration, 1:24-27.

17

18  **II.       Plaintiffs Move to Strike Portions of the Declaration of Lisa Beens**

19      Federal Rules of Civil Procedure, rule 12(f) provides that a party may move to have stricken
20  from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous
21  matter.

22      As has been set forth above, the Court should strike the inadmissible, inappropriate and
23  unfounded statements contained in the Beens Declaration.  These statements and documents should be
24  not be admitted into evidence or considered by this Court for purposes of ruling on Plaintiffs' Motion to
25  Compel.
26  / / /
27  / / /
28  / / /

## **CONCLUSION**

Plaintiffs respectfully request that the Court sustain each and all of their objections to the Beens Declaration, and that the Court strike the objectionable portions contained therein.

DATED: June 4, 2008                                    **ARBOGAST & BERNS LLP**

By:   */s/ David M. Arbogast*
       David M. Arbogast, Esq.
       19510 Ventura Boulevard, Suite 200
       Tarzana, California 91356.
       Phone: (818) 961-2000; Fax: (310) 861-1775


       Paul R. Kiesel, Esq.
       Patrick Deblase, Esq.
       Michael C. Eyerly, Esq.
       **KIESEL BOUCHER LARSON LLP**
       8648 Wilshire Boulevard
       Beverly Hills, California 90210
       Phone: (310) 854-4444; Fax: (310) 854-0812

       Jonathan Shub (SBN 237708)
       **SEEGER WEISS LLP**
       1515 Market Street, Suite 1380
       Philadelphia, PA 19107
       Phone: (215) 564-2300; Fax (215) 851-8029

       Attorney for Plaintiffs DOLORES MANDRIGUES, JUANITA JONES, AL F. MINYEN and WILMA R. MINYEN, MARK CLAUSON and CHRISTINA CLAUSON and all others Similarly Situated