Jack R. Nelson (SBN 111863)
Theodore T. Ting (SBN 191163 )
Keith D. Yandell (SBN 233146)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant Wachovia Mortgage, FSB, f/k/a and sued as "World Savings Bank, FSB"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLORES MANDRIGUES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD SAVINGS, INC., WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE CORPORATION, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C07 04497 JF (RS)<br><br>**WORLD SAVINGS BANK FSB'S OBJECTIONS TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**<br><br>Date:            June 18, 2008<br>Time:           9:30 a.m.<br>Place:          Courtroom 4<br><br>Compl. Filed:  August 30, 2007<br><br>The Honorable Richard Seeborg |

World Savings Bank, F.S.B. (World), hereby objects to the following evidence presented by Plaintiffs Dolores Mandrigues, et al. (collectively, Plaintiffs) in support of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Motion to Compel Names, Addresses and Telephone Numbers of the Putative Class Members (Reply) and moves to exclude such evidence as well as strike any argument by Plaintiffs based on this evidence:

1.    <u>The "CBS5 Investigative Report"</u> (Reply at 2:22-3:15).  World objects to this evidence because (1) it is irrelevant; (2) it is unfairly prejudicial; (3) it lacks proper foundation; (4) it contains hearsay, and (5) it violates the best evidence rule.  Fed. Rules of Evid. 401-403, 602, and 802.

The CBS5 investigative report has no bearing on the issues raised in this motion – namely, whether the information Plaintiffs seek is relevant to class certification issues.  Thus, the evidence is not relevant and must be excluded.  Fed. Rule of Evid. 402.

Furthermore, the news report has not been substantiated.  Even assuming the CBS5 investigate report had some tangential probative value, it is outweighed by the danger of unfair prejudice.  Thus, the Court should exclude this "evidence" under Rule 403.

Additionally, Plaintiffs have not laid a proper foundation for the CBS5 investigative report.  Except for opinion testimony, a witness must have personal knowledge concerning the subject matter about which he or she is testifying.  Fed. Rule of Evid. 602.  Here, Plaintiffs offer no evidence to establish that the interviewees in the CBS5 investigative report have personal knowledge from which they derive their statements and opinions.

The CBS5 investigative report also presents multiple layers of inadmissible hearsay.  Plaintiffs recite statements, purportedly from the CBS5 report, that were made out of court and

intended to prove the truth of matter asserted.  No exceptions apply, so the report should be excluded for this additional reason.

Finally, Plaintiffs' recitation of language from the CBS5 report, including that allegedly used in World training videos, violates the best evidence rule.  Fed. Rule of Evid. 1002-1004.  A party seeking to introduce evidence of a document or video must produce the original or, in some circumstances, a copy of the material cited.  The purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing.  Plaintiffs have done nothing to substantiate the news report at issue.  Here, the best evidence of the content of the training videos as well as the CBS5 report are the documents/videos themselves.

2.  <u>Exhibit 2 To The Declaration of David Arbogast</u> (Copies of, and references to excerpts of the deposition of Jon Finley, *Reyes v. Downey Savings and Loan Assn.*, F.A., et al.  *See* Reply at 4:4-18).  World objects to this evidence because (1) it is irrelevant; (2) it is unfairly prejudicial; and (3) it lacks proper foundation.  Fed. Rules of Evid. 401-403 and 602.

Plaintiffs seek to introduce evidence of a third party's opinion regarding World's underwriting guidelines.  But the underwriting guidelines are not relevant to class certification issues, or any other aspect of this case.  Plaintiffs have alleged violations regarding World's written disclosures– not the criteria World uses to decide whether or not to lend to any particular borrower.

Even if Mr. Finley's testimony had some small relevance to the issues currently before this Court, the prejudice associated with testimony from an unrelated case by an unknown witness regarding irrelevant matters vastly outweighs any potential probative value it may have.  *See* Fed. Rule of Evid. 403.  Therefore, the Court should exclude it for that reason as well.

Finally, the proposed evidence lacks foundation. Plaintiffs offer no evidence about Mr. Finley's identity, background, or credentials, and no evidence to establish he has personal knowledge of World's underwriting guidelines.

DATED: June 13, 2008.

REED SMITH LLP

By   /s/ Keith D. Yandell
    Keith D. Yandell (SBN 233146)
    Attorneys for Defendant Wachovia Mortgage, FSB

DOCSOAK-9910347.2