*E-filed 6/20/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLORES MANDRIGUES et al., | NO. C 07-4497 JF (RS) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| WORLD SAVINGS, INC., WORLD SAVINGS BANKS, FSB, WACHOVIA MORTGAGE CORPORATION, and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Dolores Mandrigues, Juanita Jones, Al F. Minyen, Wilma R. Minyen, Mark Clauson, and Christina Clauson (collectively "plaintiffs") move to compel defendants World Savings, Inc., World Savings Bank, FSB, and Wachovia Mortgage Corporation (collectively "defendants") to produce the names, addresses, and telephone numbers of each putative class member under Rule 37(a) of the Federal Rules of Civil Procedure. As that requested information does not implicate the threshold certification question still to be decided, plaintiffs' motion to compel will be denied.

## II. BACKGROUND

Plaintiffs contend that defendants used deceptive and unfair practices during the sale and servicing of adjustable rate mortgages ("ARM loans") to plaintiffs. As such, plaintiffs' consumer fraud claims are based on defendants' failure to disclose material facts relating to the ARM loans sold to plaintiffs and others. Plaintiffs' fifth interrogatory seeks the names, addresses, and telephone numbers of putative class members from defendants. Defendants object to plaintiffs' access to such

1

1  information for nearly 600,000 customers who obtained ARM loans over a four year period.
2  Defendants claim that the fifth interrogatory is not relevant to the question of class certification and
3  that such information violates the putative class members' rights to privacy.

## II. LEGAL STANDARD

Under Rules 33 and 34 of the Federal Rules of Civil Procedure, a party answering special interrogatories or a request for the production of documents must provide a written response to each item requested within thirty days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2). This response must include either a specific objection, an answer to the interrogatory, or an agreement to produce each of the documents requested. Fed. R. Civ. P. 34(b)(2)(A)-(D). Rule 37 grants judicial authority to compel discovery upon certification that the moving party has attempted in good faith to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1).

## III. DISCUSSION

Plaintiffs seek to compel defendants to provide further production in response to plaintiffs' fifth interrogatory. In other cases at the pre-certification stage, names, addresses, and telephone numbers of putative class members were the subject of discovery disputes. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) (upholding district court's denial of a motion to produce names of investors prior to class certification); *see also Robbins v. NCO Fin. Sys., Inc.*, No. 2:06 cv 116, 2006 WL 3833352 (N.D. Ind. Dec. 12, 2006);. In *Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. CIV 06-4073, 2007 WL 404703, at *1, 3 (D.S.D. Feb. 1, 2007), plaintiff sought a motion to compel defendant to disclose the names, addresses, and telephone numbers for each potential class member. The court held that, "[t]he name, current address, current telephone number . . . is not helpful or necessary to establish or decide certification of the class." *Id.* at *4. In *Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006), plaintiffs wanted defendant to produce unredacted employment contracts of putative class members, including their names and addresses. The court stated that "the production of class members' names was not 'within the scope of legitimate discovery.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978)). The court reasoned that, "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be

2

seeking such information to identify potential new clients, rather than to establish the appropriateness for certification. *Id.*.

The issue of privacy aside in the instant case, releasing the names, addresses, and telephone numbers of the putative class members will not help plaintiffs meet their burden of demonstrating that class certification is proper. "[I]t does not appear that the identities of putative class members are required to enable plaintiffs to file a motion for class certification." *Palmer v. Stassinos*, No. 5:04CV3026, 2005 WL 3868003, at *4 (N.D. Cal. May 18, 2005). It remains an open question as to whether such information may become discoverable in the event a class is certified. *See Oppenheimer*, 437 U.S. at 354 (ordering production of names and addresses for notice purposes once the class was certified).

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion to compel is denied.

IT IS SO ORDERED.

Dated: 6/20/08

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
C 07-4497 JF (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

darbogast@law111.com

jshub@seegerweiss.com

eyerly@kbla.com

jnelson@reedsmith.com

kyandell@reedsmith.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/20/08**                                **Robert Stamps, Law Clerk**

**By:_____R.S._____
           Chambers**

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
C 07-4497 JF (RS)

4