1  David M. Arbogast (SBN 167571)
   darbogast@law111.com
2  Jeffrey K. Berns, Esq. (SBN 131351)
   jberns@jeffbernslaw.com
3  **ARBOGAST & BERNS LLP**
   19510 Ventura Boulevard, Suite 200
4  Tarzana, California 91356
   Phone: (818) 961-2000; Fax: (310) 861-1775
5
6  Paul R. Kiesel, Esq. (SBN 119854)
   kiesel@kbla.com
7  Patrick DeBlase, Esq. (SBN 167138)
   deblase@kbla.com
8  Michael C. Eyerly, Esq. (SBN 178693)
   eyerly@kbla.com
9  **KIESEL BOUCHER LARSON LLP**
   8648 Wilshire Boulevard
10 Beverly Hills, California 90211
   Phone: (310) 854-4444; Fax: (310) 854-0812
11
   [*Additional counsel listed on signature page*]
12 Attorneys for Plaintiff and all others Similarly Situated

**FILED**

**AUG 1 4 2008**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| DOLORES MANDRIGUES, JUANITA JONES, AL F. MINYEN and WILMA R. MINYEN, MARK CLAUSON and CHRISTINA CLAUSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD SAVINGS, INC., WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE CORPORATION, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. C-07-04497 - JF<br><br>Judge: Hon. Jeremy Fogel<br>Ctrm: 3<br><br><u>CLASS ACTION</u><br><br>**STIPULATED E-DISCOVERY PROTOCOL**<br><br>Complaint Filed: August 29, 2007<br>Trial Date: Not set yet. |

STIPULATED E-DISCOVERY PROTOCOL - C-07-04497 - JF

WHEREAS, Plaintiffs DOLORES MANDRIGUES, JUANITA JONES, AL F. MINYEN and WILMA R. MINYEN and MARK CLAUSON and CHRISTINA CLAUSON, Defendant Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("World") and Defendants WORLD SAVINGS, INC., and WACHOVIA MORTGAGE CORPORATION ("Other Defendants") have agreed that the following protocol shall apply to the production of documents existing in electronic form by all parties in this action:

1. **General.** All documents that originally existed in native electronic form that are produced in this action shall be produced in electronic image form in the manner provided herein. Each document's electronic image shall convey the same information and image as the original document unless material from the original source document has been redacted before imaging. Documents that present imaging or formatting problems shall be promptly identified; the parties shall meet and confer to attempt to resolve the problems.

2. **Documents in Fixed Tangible Form.** Plaintiffs request the production of electronic documents in single page Group 4 TIFF format. All electronically stored information ("ESI") that exists in fixed tangible form, including emails, email attachments, word processing documents (e.g., Word, Word Perfect, etc.), presentation documents (e.g., PowerPoint, Presentations, etc.), PDF documents, TIFF documents and other complete expressions fixed in a tangible document form shall be saved in single page Group 4 TIFF format; that reflects how the source document would have appeared if printed out to a printer attached to a computer viewing the file. To the extent such information is available, the Metadata (data describing the electronic files) fields outlined in Exhibit B should be produced in a text format linked to the associated files. This includes Microsoft Office embedded metadata and Word Perfect embedded metadata. Email attachments shall be ordered to immediately follow the email to which each is attached. The parties shall produce a "load file" (.dat with Condordance default delimiters as well as an Opticon (.log) load file) to accompany the images, which shall facilitate the use of the produced images by a document management or litigation support database system and shall identify document breaks for each document. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

3. **Document Unitization.** Each page of a document produced under 2, above shall be electronically saved into a separate TIFF image file. If a document is more than one page, the order of the images constituting the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

4. **Color.** If an original document contains color and the color is substantively part of the information in the document and black & white imaging materially affects the interpretation or ability to use the document, the parties shall have the right to request production of color image(s) for such documents.

5. **Bates Numbering.** Each page of a produced document under 2, above shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document, preferably located at the bottom right hand corner of the document. The Bates Number sequence shall be entirely alphanumeric, with no spaces or symbols. There shall be no other legend or stamp placed on the document image unless a document qualifies for confidential treatment pursuant to the terms of the Protective Order in this litigation or has been redacted. In the case of confidential materials, a designation may be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document. In the case of any document image from which original material or information has been redacted for any reason, the document's image shall clearly delineate the portion of the document that has been redacted from the source document, and a short statement of the asserted basis for the redaction.

6. **File Naming Conventions.** Each such document image file shall be named with the unique Bates Number of the TIF image, followed by the extension ".tif."

7. **Electronic Text Files.** The text of each page of a produced document under 2 above, shall be included in a document level text file that has been electronically extracted from the original, native electronic files ("Extracted Text") and/or OCR for non-native format images. The Extracted Text shall be provided in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 8. Each text file will be the text that corresponds to each document, and will be named with the same Bates Number of the first page of the corresponding

document, except that the Extracted Text file name will be followed by the extension ".txt". Each Extracted Text file will be placed in the same file directory as its corresponding TIF image file. For redacted images, the corresponding text will also be withheld upon production.

8. **Production Media.** The parties shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). The parties shall provide and maintain written production logs that identify, by Bates number range, the dates on which documents are produced and the document custodian(s). Additional information that shall be identified on the physical Production Media shall include: (1) text referencing that it was produced in [Case Docket No.], (2) the producing party's name, (3) the production date, and (4) the Bates Number range of the materials contained on the Production Media.

9. **Databases and Other Dynamically-Stored ESI.** The parties shall meet and confer with respect to all requests for access to discoverable data in databases and other dynamically-stored ESI, (the "Dynamically-Stored ESI"), including all associated metadata and metafiles.

10. **Software Applications to Access Databases and Other Dynamically-Stored ESI.** All software applications or programs that are used in the ordinary course of business to access, use, modify, establish business rules and functions and run reports with respect to discoverable Dynamically-Stored ESI produced under 10 (the "Software Application(s)"), above shall be identified. This shall include all Software Applications obtained by Defendants from a third-party vendor and all relevant customizations thereto; as well as all relevant custom Software Applications created in-house by or for Defendants' own use. The parties shall meet and confer to resolve any requests for access to such applications.

11. **Other Files.** The parties retain the right to request that specific file types, such as Excel and spreadsheet files, video files and audio files, be produced in native format, including metadata and metadata files, or a reasonably acceptable alternative form of electronic production that permits usable access to discoverable information. The parties shall meet and confer with respect to such specific requests, including appropriate means of securing the protection of such material under the terms of the Protective Order issued in this action and/or redaction of privileged or otherwise non- discoverable

1  information.

2  **12. Original Documents.** In the event that the parties determine through the meet and
3  confer process that certain documents need not be produced in native format at this time, the parties
4  shall retain and preserve the original native electronic source documents in a manner so as to preserve
5  the metadata associated with these electronic materials in the event review of such metadata is
6  warranted. The parties shall take no steps that would in any way make production of electronic data less
7  convenient for that would increase the cost associated with the future production of such documents.
8  All parties reserve the right to seek all documents in their native format.

10  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11  DATED: July 31, 2008                         **ARBOGAST & BERNS LLP**

13                                               By:  /s/ David M. Arbogast
                                                      David M. Arbogast
                                                      19510 Ventura Boulevard, Suite 200
14                                                    Tarzana, California 91356
                                                      Phone: (818) 961-2000; Fax: (310) 861-1775

16                                               **KIESEL BOUCHER LARSON LLP**
                                                 Paul R. Kiesel, Esq. (SBN 119854)
                                                 kiesel@kbla.com
17                                               Patrick DeBlase, Esq. (SBN 167138)
                                                 deblase@kbla.com
18                                               Michael C. Eyerly, Esq. (SBN 178693)
                                                 eyerly@kbla.com
19                                               8648 Wilshire Boulevard
                                                 Beverly Hills, California 90211
20                                               Phone: (310) 854-4444; Fax: (310) 854-0812

21                                               **SEEGER WEISS LLP**
                                                 Jonathan Shub (SBN 237708)
22                                               jshub@seegerweiss.com
                                                 1515 Market Street, Suite 1380
23                                               Philadelphia, PA 19107
                                                 Phone: (215) 564-2300; Fax (215) 851-8029

                                                 Attorney for Plaintiffs and all others Similarly
25                                               Situated

26  ///
27  ///
28  ///

-5-
STIPULATED E-DISCOVERY PROTOCOL - C-07-04497 - JF

| | |
|---|---|
| 1  DATED: July 31, 2008 | **REED SMITH LLP** |
| 2 | By: */s/ Keith D. Yandell* |
| 3 | Keith D. Yandell<br>Two Embarcadero Center, Suite 2000 |
| 4 | San Francisco, CA 94111-3922<br>Phone: (415) 543-8700 |
| 5 | Fax:   (415) 391-8269 |
| 6 | Attorneys for Defendants World Savings, Inc., World Savings Bank, FSB, and Wachovia Mortgage Corporation |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 8/14/, 2008

_____
Hon. ~~Jeremy Fogel~~ RICHARD SEEBURG
United States ~~District Judge~~
MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of <u>Dolores Mandrigues et al v. World Savings, Inc. et al</u>, Case No. C-07-04497 - JF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                [signature]

# EXHIBIT B
## METADATA FIELDS

Date, Location, Media Type, Department
Custodian Name Filename or subject
Original Path or Inbox Folder Path
From, Recipient To List
Carbon Copy List
Blind Carbon Copy List
De-duplication Hash Value
File Category Type File Application Type Create Date
Modify or Sent Date
Last Access or Read Date
File Size
OLE Embedded Document Information
    Author - Captured in CC available as a field for Concordance.
    Last Author - Captured in CC available as a field for Concordance.
    Company
    Subject - Captured in CC available as a field for Concordance.
    Title - Captured in CC available as a field for Concordance.
    Manager
    Category,
    Comments - Captured in CC available as a field for Concordance.
    Revision
    Last Printed
    Created - Captured in CC available as a field for Concordance.
    Last Saved - Captured in CC available as a field for Concordance.
First Production Bates Number
Bates Prefix
Second Production Bates Number
Number of Pages
Parent Document information
Child or attachment document information
If Produced or not produced
If Not Produced because Corrupted
If Not Produced because Password Protected
If Not Produced due to large Megabyte
If Truncated
Keyword hits (number, keyword, offset into file)
Full Extracted Text
Track Changes - Last saved or always on

STIPULATED E-DISCOVERY PROTOCOL - C-07-04497 - JF