**E-Filed 12/12/08**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DOLORES MANDRIGUES, JUANITA JONES, AL F. MINYEN, WILMA R. MINYEN, MARK CLAUSON, and CHRISTINA CLAUSON, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD SAVINGS, INC., WORLD SAVINGS BANK FSB, and WACHOVIA MORTGAGE CORPORATION,<br><br>Defendants. | Case Number C 07-4497 JF (RS)<br><br>**ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF** |

## I. BACKGROUND

Plaintiffs Dolores Mandrigues, Juanita Jones, Al F. Minyen, Wilma R. Minyen, Mark Clauson, and Christina Clauson ("Plaintiffs") bring this putative class action for violations of the federal Truth in Lending Act, the California Business and Professions Code, and for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiffs allege that Defendants Wachovia Mortgage FSB and World Savings, Inc. ("Defendants") failed to disclose

1   important information about Plaintiffs' home mortgages in a clear and conspicuous manner as

2   required by law.  Plaintiffs claim, inter alia, that Defendants failed to disclose in a clearly

3   understandable manner the interest rate upon which Plaintiffs' low initial monthly payments

4   were based, in violation of 12 C.F.R. § 226.19, and that a payment cap associated with the loans

5   guaranteed that Plaintiffs' loans would result in negative amortization.[1]  Plaintiffs seek to certify

6   a class of similarly situated individuals and request that the Court preliminarily enjoin

7   Defendants from foreclosing upon Plaintiffs' or the putative Class Members' homes or from

8   "recasting" their loans.[2]

9       Since the filing of this action, three nearly identical actions have been filed in other

10  judicial districts.  All four actions are the subject a motion before the Judicial Panel for

11  Multidistrict Litigation ("JPML") seeking consolidation for pretrial purposes in the District of

12  South Carolina.  Based on the pendency of that motion, Defendants in this action request that

13  the Court vacate the hearing on Plaintiffs' motions for class certification and for a preliminary

14  injunction scheduled for January 16, 2009 and stay the instant action pending a decision from

15  the JPML.  Plaintiffs oppose the motion, arguing that (1) consolidation is unlikely, (2) even if

16  consolidation is ordered, it likely will be in this Court, and (3) Plaintiffs would suffer serious

17  and irreparable harm if the action were stayed pending a determination from the JPML.  Having

18  considered the parties arguments and having reviewed the concededly incomplete record and

19  briefing now before it, the Court concludes that a stay is unwarranted at this time.

20                          **II. LEGAL STANDARD GOVERNING STAYS**

21      A district court has "broad discretion to stay proceedings as an incident to its power to

22  control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citation omitted).[3]  In

23

24      [1] Negative amortization occurs when the loan payment for any period is less than the
25  interest payable over that period, such that the outstanding balance of the loan increases.

26      [2] "Recasting" involves amortizing the increased loan balance over the remaining term of
    the loan at the current interest rate.

27
28      [3] "[A] district court need not automatically stay a case when there is something pending
    before the MDL Panel.  Rather, the court has the discretion to grant a stay when it is in the

                                        2

1  deciding whether to grant a motion to stay the proceedings, the Court must weigh competing

2  interests at stake in the litigation.  *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1231 (D.

3  Haw. 2007); *see also Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir.2000) (stating that the court

4  must balance the hardship of proceeding against "the ossification of rights which attends

5  inordinate delay").  Typically, the following factors are relevant where a stay is requested

6  pending a motion to consolidate multiple actions: (1) conserving judicial resources and avoiding

7  duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed;

8  (3) potential prejudice to the non-moving party. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358,

9  1360 (C.D. Cal. 1997).  These factors are not exclusive. *See Ortiz*, 525 F. Supp. 2d at 1231.

10  **A.    Conservation of judicial resources**

11         Defendants argue that this Court's resources will be wasted if the action is not stayed

12  because of the possibility that either (1) this action will be transferred elsewhere, or (2) other

13  actions will be transferred to this Court, requiring reconsideration of any ruling on the class

14  certification and preliminary injunction motions.  Defendants offer several possible scenarios

15  following the determination of the JPML and assert that in all but one scenario–a decision not to

16  transfer this case to another court and not to transfer any related cases to this Court–the Court's

17  resources in deciding the motions would be "wasted."

18         The Court agrees with Defendants that considerations of judicial economy weigh in

19  favor of staying the proceedings pending a decision from the JPML.  While it does appear

20  reasonably likely that any consolidation of the above-referenced actions would result in a

21  transfer to this Court,[4] reconsideration of any rulings in this action in light of the transferred

22

23  ──────────────────────

24  interests of judicial economy and efficiency." *Ortiz*, 525 F. Supp. 2d at 1231 (citing R. Proc.
Jud. Panel Multi. Litig. 1.5).

25         [4] Plaintiff notes (1) that Defendants sold over sixty percent of the loans at issue in all four

26  related actions in California, (2) that a majority of relevant documents and witnesses are located
in California; and (3) that this action is more advanced than the others that are the subject of the

27  pending motion to consolidate.  Based on the criteria considered by the JPML in making transfer
decisions, there appears to be a reasonable likelihood that any transfer by the JPML would be to

28  this Court.

3

1   actions would be virtually inevitable. In the meantime, briefing on Plaintiffs' class certification

2   and preliminary injunction motions will consume substantial resources, as will the Court's

3   consideration of the motions. Thus, considerations of judicial economy, standing alone, favor

4   granting a stay.

5   **B.     Hardship to the moving party**

6   While it is true that the "costs and financial burden on a party having to defend itself in

7   multiple fora is a factor that favors the entry of a stay pending a decision by a JPML," *Hertz*

8   *Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003), Defendants have not argued that

9   they would suffer prejudice if a hearing on the class certification and preliminary injunction

10   motions were to proceed, and the Court does not find that this factor weighs in favor of granting

11   the requested stay.

12   **C.     Hardship to the non-moving party**

13   If Plaintiffs' motion for a preliminary injunction lacks merit and is unlikely to be

14   granted, no harm will flow from a stay of the instant action pending a determination by the

15   JPML. However, if Plaintiffs are at least somewhat likely to obtain preliminary injunctive

16   relief, then such a stay by definition could cause them substantial harm. Accordingly, the Court

17   must perform at least a tentative assessment of the strength of Plaintiffs' motion for a

18   preliminary injunction. Much as "[a] preliminary injunction is not a preliminary adjudication on

19   the merits, but a device for preserving the status quo and preventing irreparable loss of rights

20   before judgment," *Textile Unlimited, Inc. v. ABMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir.

21   2001), the present inquiry concerns only whether Plaintiffs are likely enough to succeed in

22   obtaining preliminary injunctive relief that the Court should preserve their right to proceed

23   without further delay, notwithstanding the countervailing interest of judicial economy discussed

24   above.

25   To obtain a preliminary injunction, Plaintiffs must show either (1) a combination of

26   probable success on the merits and the possibility of irreparable injury, or (2) that serious

27   questions are raised and the balance of hardships tips sharply in Plaintiffs' favor. *See Dollar*

28   *Rent-a-Car, Inc. v. Travelers Index. Co.*, 774 F.3d 1371, 1374-75 (9th Cir. 1985). "These are

1   not separate tests, but outer reaches of a single continuum." *Id.*  Based on the current record,

2   and without the benefit of opposition from Defendants, the Court concludes that Plaintiffs are

3   likely enough to succeed in obtaining preliminary injunctive relief that denial of the requested

4   stay is warranted.

5        At least with respect to their claim that the relevant loan documents failed adequately to

6   disclose that negative amortization was certain to occur if Plaintiff followed the payment

7   schedule disclosed in the TILDS, it appears that Plaintiffs have identified serious questions

8   going to the merits of the action.  The loan documents do not disclose the alleged certainty of

9   negative amortization, and a number of courts have suggested that TILA requires such a

10  disclosure.  *See, e.g.*, *Mincey v. World Savings Bank*, FSB, No. 2:07-cv-03762-PMD, 2008 WL

11  3845438, at *23-24 (D.S.C. Aug. 15, 2008) (denying motion to dismiss TILA claim based on

12  failure of loan documents to disclose certainty of negative amortization based on payment

13  schedule provided in disclosure); *Plascencia v. Lending 1st Mortgage*, No. C 07-4485 CW,

14  2008 WL 1902698, at *5-6 (N.D. Cal. Apr. 28, 2008) (same); *Mandrigues v. World Savs., Inc.*,

15  No. C 07-04497 JF, 2008 WL 1701948, at* (N.D. Cal. Apr. 9, 2008) (same); *Pham v. T.J. Fin.,

16  Inc.*, No. CV 08-275 ABC, 2008 WL 3485589, at *2 (C.D. Cal. Aug. 11, 2008) (same); *see also

17  Avila v. Stearns Lending, Inc.*, No. CV 08-0419-AG, 2008 WL 1378231 (C.D. Cal. April 7,

18  2008) (granting preliminary injunction because Plaintiff was likely to succeed in showing, inter

19  alia, that Defendants' "failure to disclose that the payment cap associated with the Option ARM

20  loan sold to Plaintiffs would certainly cause negative amortization to occur" in violation of 12

21  C.F.R. § 226.19").

22       Moreover, the specter of grave and irreparable harm caused by imminent loan recasting

23  or foreclosure proceedings–and the consequent loss of the remedy of rescission–appears to

24  support Plaintiffs' contention that the balance of hardships tips sharply in their favor.  Plaintiffs

25  assert, based on Defendants' projected allowances for defaulting mortgagors, that up to 1,500

26  homes subject to Defendants' mortgages may be foreclosed upon during the projected period of

27  delay associated with a stay of the action.  *See* Opp. at 2:20-26; Bearns Decl., Ex. 8.  In their

28  memorandum in support of the instant motion, Defendants do not contest Plaintiffs' assertion

5

1  that Defendants already have instituted non-judicial foreclosure proceedings in certain instances.

2  Instead, they attempt to persuade the Court that Plaintiffs' loans are unlikely to be recast in large

3  numbers in the near future.  Defendants emphasize the *relative* number or mortgages likely to be

4  recast or foreclosed upon.  For example, they note that the $6 million in loans currently

5  projected to be recast in 2009 represents only "five-thousands of a percent" of the total loan

6  pool.  Def.'s Mot. for Admin. Relief, at 5:13.  However, if Plaintiffs ultimately are correct that

7  the recasting and foreclosure proceedings are illegal, the fact that this significant pool of loans is

8  small relative to the total value of all such loans is irrelevant to availability of preliminary

9  injunctive relief, which in this case merely seeks to prevent any such foreclosure or recasting

10  pending an adjudication on the merits.

11      To the extent that foreclosure is likely to occur in some instances, it is widely recognized

12  as a form of irreparable injury, the threat of which is sufficient to support a preliminary

13  injunction.  *See, e.g.*, *Nichols v. Deutsche Bank Nat. Trust Co.*, Civ. No. 07-2039-L(NLS), 2007

14  WL 4181111, at *2 (S.D. Cal. Nov. 7, 2007) (noting that "the imminent foreclosure of

15  Plaintiff's residence presents a threat of irreparable harm," and citing *Sundance Land Corp. v.*

16  *Comty First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir.1988)).  The termination upon

17  foreclosure of any right Plaintiffs may have to rescind their loans pursuant to TILA is yet

18  another potentially irreparable injury.  *See, e.g.*, *Hallas v. Ameriquest Mortgage Co.*, 406 F.

19  Supp. 2d 1176, 1183 (D. Or. 2005) (noting that "foreclosure sale has terminated Plaintiff's right

20  of rescission"); *see also Marschner v. RJR Fin. Servs., Inc.*, 382 F. Supp. 918, 921 (E.D.

21  Mich. 2005) (noting that a "foreclosure sale would terminate an unexpired right to rescind").

22  The current record suggests that Plaintiffs may be able to demonstrate irreparable injury on

23  either basis.

24      Defendants argue that even if the harm complained of would be irreparable, the passage

25  of fourteen months between the filing of the complaint and the filing of the motion for a

26  preliminary injunction contradicts Plaintiffs' claim of urgency.  It is true that a party's

27  unreasonable delay in seeking injunctive relief may negate the showing of *imminent*, irreparable

28  harm required for a preliminary injunction.  *See, e.g.*, *CyberMedia, Inc. v. Symantec Corp.*, 19 F.

6

1   Supp. 2d 1070, 1078 (N.D. Cal. 1998) (discussing effect of delay in seeking preliminary

2   injunction in copyright infringement context).  However, a "reasonable delay caused by a

3   plaintiff's good faith efforts to investigate" the case will not preclude the required showing.  The

4   Court therefore must examine whether the fourteen-month lapse between the filing of the

5   complaint and the motion for a preliminary injunction constitutes unreasonable delay, or

6   whether during that time Plaintiffs diligently were engaged in discovery necessary to support

7   their motion.

8       In explaining the fourteen-month delay, Plaintiffs assert that Defendants "did not

9   produce the version of the Loan Documents (Note, TILDS, Program Disclosure, and

10  Prepayment Penalty Rider) that it used during the liability period until July 2, 2008."  Pls.' Opp.

11  at 3:2-9.  Plaintiffs also asserts that Defendants have continued until recently to produce relevant

12  documents.  *Id.*  A review of the docket and case management statements in this action confirms

13  that discovery was expected to continue up to the present time and beyond, and that Plaintiffs

14  have been engaged in discovery that is potentially relevant to their motion.  It appears, therefore,

15  that the fourteen-month lapse will not foreclose the requisite showing of imminent, irreparable

16  injury.

17      Based on the foregoing, it appears that the balance of hardships may tip sharply in

18  Plaintiff's favor.  In contrast to the grave and irreparable harm that Plaintiffs may face, the

19  preliminary injunction they seek merely would prevent Defendants from foreclosing upon

20  Plaintiffs' homes or recasting their loans pending adjudication of this case on the merits.  It

21  would not deprive Defendants of their security interest or ultimate right of foreclosure.  Because

22  "the burden [of showing serious questions] is less where the balance of hardships tips decidedly

23  toward the party requesting the temporary relief."  *Gulf & W. Indus., Inc. v. Great Atl. & Pac.*

24  *Tea Co., Inc.*, 476 F.2d 687, 692 (2d Cir. 1973), it is even more likely that the questions raised

25  by Plaintiffs with respect to the legality of the loan disclosures under TILA are sufficiently

26  serious to warrant preliminary injunctive relief.

27      Finally, with respect to whether the preliminary injunctive relief sought by Plaintiffs

28  could be afforded on a class-wide basis, the Court has reviewed Plaintiffs' motion for class

7

1   certification and–without expressing any opinion as to the proper determination of that

2   motion–does not observe any impediments to certification so obvious as to justify denying

3   Plaintiffs the opportunity to seek such relief forthwith.

### III. DISPOSITION

5        Good cause therefore appearing, Defendants' motion to vacate the January 16, 2009

6   hearing date and for a stay pending a determination of the JPML will be denied.[5]  Defendants

7   shall file any opposition not later than 5 PM PST on January 5, 2009.  Plaintiffs shall file any

8   reply not later than 5 PM PST on January 12, 2009.

**IT IS SO ORDERED**

DATED: 12/12/08

_____
JEREMY FOGEL
United States District Judge

---

[5] Consistent with the foregoing discussion, if Defendants are willing to stipulate to the requested injunctive relief pending an adjudication on the merits, and without prejudice to any subsequent factual or legal argument they might wish to make, the Court will entertain a renewed request to stay the action pending a determination by the JPML, and to vacate the January 16, 2009 hearing on Plaintiffs' motion for class certification.  Defendants shall notify the Court and counsel of their response to this proposal on or before December 17, 2008.

Case No. C 07-4497 JF (RS)
ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF
(JFLC3)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Order has been served upon the following persons:
Alicia Anne Adornato     AAdornato@reedsmith.com

David M. Arbogast     darbogast@law111.com, jkerr@law111.com

Jack R. Nelson     jnelson@reedsmith.com, cahunt@reedsmith.com

Jeffrey K Berns     jberns@law111.com, staff@jeffbernslaw.com

Jonathan Shub     jshub@seegerweiss.com, atorres@seegerweiss.com

Keith David Yandell     kyandell@reedsmith.com, dkelley@reedsmith.com

Michael C Eyerly     eyerly@kbla.com

Michael J. Quirk     mquirk@wcblegal.com

Patrick DeBlase     deblase@kbla.com

Paul R. Kiesel     Kiesel@kbla.com, cgarcia@kbla.com


Notice has been delivered by other means to:


Mark R. Cuker

Williams Cuker Berezofsky

1617 John F. Kennedy Blvd

Suite 800

Philiadelphia, PA 19103

Case No. C 07-4497 JF (RS)
ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF
(JFLC3)