**E-Filed 3/26/09**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | MDL DOCKET NO. 2015 JF (RS)<br><br>ORDER[1] RE MOTIONS FOR APPOINTMENT OF LEAD COUNSEL AND TO SHORTEN TIME |

This multidistrict litigation, which concerns the legality of numerous home mortgages entered into primarily by World Savings, Inc., currently comprises at least four and likely several more class actions. The first of these actions, *Mandrigues v. World Savings, Inc.*, was filed in this Court on August 30, 2007. On November 7, 2008, the first of a series of actions containing nearly identical federal claims pursuant to the Truth in Lending Act ("TILA") was filed in South Carolina by an unrelated set of attorneys ("the South Carolina Attorneys"). The South Carolina Attorneys filed similar actions in Florida and Maryland on August 25, 2008 and September 4, 2008, respectively. On November 7, 2008, Plaintiffs in the *Mandrigues* action

---

[1] This disposition is not designated for publication in the official reports.

filed motions for class certification and for a preliminary injunction. Ten days later, on the basis of *Mandrigues* and their three later-filed actions, the South Carolina Attorneys filed a motion for consolidation before the Joint Panel on Multidistrict Litigation ("JPML"), requesting that all of the actions, including *Mandrigues*, be transferred to a South Carolina court near their offices. On February 13, 2009, the JPML ordered that the actions be consolidated and centralized in this district rather than in South Carolina. Nonetheless, after the JPML issued its transfer order, the South Carolina Attorneys continued to file similar TILA-bases class action lawsuits in other states. Counsel in *Mandrigues* forwarded notice of these actions to the JPML for potential tag-along treatment.

The law firm of Arbogast and Berns, which serves as counsel for the *Mandrigues* plaintiffs, has requested that the Court appoint it MDL "lead counsel," and that this request be considered on an expedited basis. Federal Rule of Civil Procedure 23(g)(2)(A) authorizes the Court to designate class counsel to act on behalf of the putative class before determining whether to certify a class. *See* Fed. R. Civ. P. 23(g) Advisory Committee Notes (2003); *see also In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554-55 (S.D. Ohio 2005); *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005). With respect to the timing of such a designation, the Court is aware of a significant mediation in this matter scheduled for May 27, 2009, and of a foundational meeting to precede the mediation on March 31, 2009. The Court agrees that the leadership issues addressed in the motion for appointment of lead counsel and responding papers should be resolved at the earliest possible time.

With respect to their representative capabilities, the *Mandrigues* counsel have provided the Court with ample documentation of their experience in this type of consumer class action litigation. Having reviewed this documentation, the Court is satisfied that Arbogast and Berns would represent the putative class members fairly and adequately. *See* Fed. R. Civ. P. 23(g)(1)(B). With respect to whether the *Mandrigues* counsel should be appointed as "lead" counsel–to the exclusion of the South Carolina Attorneys–the Court has viewed the Bronson Declaration filed in support of the *Mandrigues* counsel's reply memorandum and is not insensible to the *Mandrigues* counsel's frustration. Notwithstanding that fifty-seven percent of

the subject Wachovia mortgages were secured by property located in California, the South Carolina Attorneys filed a series of actions "borrowing" the central TILA claims from *Mandrigues* and then moved to consolidate all of these actions, including *Mandrigues*, in South Carolina, where only a small fraction of the total borrowers reside. The South Carolina Attorneys point to the filing in *Mandrigues* of a motion seeking to certify a national class as grounds for their consolidation efforts, noting that their South Carolina action also requested certification of a national class. But the South Carolina Attorneys have not explained how certification of a class in this Court would have impaired the rights of the putative *members* of a national class. In short, the South Carolina Attorneys' consolidation efforts appear to have been a tactical move that was rebuffed by the JPML.

Nonetheless, the Court must place the interests of the putative class members above those of counsel. While the Court does find that a leadership structure will be essential, it does not believe that exclusion of the South Carolina Attorneys, who also offer very considerable class-action litigation experience, would benefit the putative class. Accordingly, and consistent with this Court's past multidistrict practice, the Court will direct counsel to form a committee, in this case chaired by a representative selected by the *Mandrigues* counsel. The *Mandrigues* counsel also will serve as Liaison Counsel, as that role typically is defined. Within this framework, the Court directs counsel for all parties to reach an appropriate agreement–as it appears they nearly did in the past. *See* South Carolina Opposition, at 12:10-18.

**IT IS SO ORDERED**

DATED: 3/26/09

_____
JEREMY FOGEL
United States District Judge

3
MDL DOCKET NO. 2015 JF (RS)
ORDER RE MOTIONS FOR APPOINTMENT OF LEAD COUNSEL AND TO SHORTEN TIME
(JFLC3)

| | |
|---|---|
| 1 | This Order has been served upon the following persons: |
| 2 | Alicia Anne Adornato    AAdornato@reedsmith.com |
| 3 | David M. Arbogast    darbogast@law111.com, jkerr@law111.com |
| 4 | |
| 5 | Jack R. Nelson    jnelson@reedsmith.com, cahunt@reedsmith.com |
| 6 | Jeffrey K Berns    jberns@law111.com, staff@jeffbernslaw.com |
| 7 | Jonathan Shub    jshub@seegerweiss.com, atorres@seegerweiss.com |
| 8 | Keith David Yandell    kyandell@reedsmith.com, dkelley@reedsmith.com |
| 9 | Michael C Eyerly    eyerly@kbla.com |
| 10 | Michael J. Quirk    mquirk@wcblegal.com |
| 11 | |
| 12 | Patrick DeBlase    deblase@kbla.com |
| 13 | Paul R. Kiesel    Kiesel@kbla.com, cgarcia@kbla.com |
| 14 | |
| 15 | Notice has been delivered by other means to: |
| 16 | Mark R. Cuker |
| 17 | Williams Cuker Berezofsky |
| 18 | 1617 John F. Kennedy Blvd<br>Suite 800 |
| 19 | Philiadelphia, PA 19103 |

4

MDL DOCKET NO. 2015 JF (RS)
ORDER RE MOTIONS FOR APPOINTMENT OF LEAD COUNSEL AND TO SHORTEN TIME
(JFLC3)